**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 07-007 (GK)** |
| | ) | |
| **ANDRE DREW** | ) | |
| **Defendant.** | ) | |

**MOTION TO EXCLUDE EVIDENCE OF ALLEGED OTHER CRIMES AND**
**INCORPORATED STATEMENT OF POINTS AND AUTHORITIES**

Andre Drew, by and through undersigned counsel, hereby respectfully moves this Court

to exclude evidence of alleged other crimes and uncharged misconduct pursuant to the Federal

Rules of Evidence 401, 404(b) and 403.  Mr. Drew respectfully requests a hearing on this

Motion.  In support of this Motion, Mr. Drew states the following:

## I.  BACKGROUND

Mr. Drew is charged in a four-count indictment with the following crimes: Enticing a

Minor to Engage in Sexual Conduct for the Purpose of Production, in violation of 18 U.S.C.

§2251(a) (Count One), First Degree Child Sexual Abuse, in violation of 22 D.C. Code § 3008

(2001 ed.) (Counts Two and Three), and Second Degree Child Sexual Abuse, in violation of 22

D.C. Code § 3009 (2001 ed.) (Count Four).  Criminal charges arising from similar but unrelated

conduct were pending against Mr. Drew in the Superior Court for the District for Columbia

("Superior Court") for over one year before the government indicted Mr. Drew in this Court and the

Superior Court charges were dismissed.

## II. **PRESENT MOTION**

Mr. Drew respectfully asks this Court to preclude the government from introducing any evidence of alleged "prior bad acts" as such evidence is irrelevant, lacks a proper legal basis, and is unduly prejudicial.  Pursuant to the Government's Motion to Admit *Pounds/Johnson* Evidence & Opposition to Defense Motion to Exclude Evidence of Other Crimes ("Government's Opposition"), previously filed in Superior Court, we understand that the Government intends to introduce certain "other crimes" evidence against Mr. Drew at trial in this matter (hereinafter referred to as "404(b) evidence").[1]

The government seeks to introduce evidence regarding the following:  (1) a "blackmail scheme" allegedly employed by Mr. Drew against A.B.; (2) a "fraud scheme" allegedly designed by Mr. Drew; (3) that Mr. Drew allegedly showed adult pornographic videos to the complaining witness and others at his home; (4) that Mr. Drew allegedly provided drugs and alcohol to adolescent boys; (5) that Mr. Drew allegedly allowed T.S. to sell drugs from his apartment; (6) that Mr. Drew allegedly took sexually explicit pictures of children, separate from the underlying allegation against Mr. Drew; (7) that Mr. Drew allegedly misled a police officer with regard to the whereabouts of D.B.; and (8) that Mr. Drew has an "appetite for child pornography depicting young boys."[2]

The government is required to show that each of the above pieces evidence is relevant. Further, the government must articulate a ground for admitting such evidence, other than to show

---

[1] In that Motion, the government conceded that it does not intend to introduce evidence with regard to any of Mr. Drew's alleged prior convictions during its case-in-chief.  In the event the government alters its position on this issue and does intend to introduce such evidence during the trial in this matter, Mr. Drew reserves the right to move to exclude such evidence at that point.

[2] Based on our conversation with the government, we no longer believe that the government intends to introduce this piece of evidence as it constituted material that was seized from Mr. Drew's home.  Without knowing specifically whether the government intends to introduce such physical 404(b), it is difficult for Mr. Drew to elaborate on his objection.  Mr. Drew reserves the right to raise an appropriate objection when the government provides more clear notice of its intent with regard to this particular 404(b) evidence.

that Mr. Drew has a propensity to commit crimes.  Third, the government must show sufficient evidence that Mr. Drew engaged in the alleged 404(b) conduct.  In this case, the government fails to meet any of the above requirements.  Thus, we respectfully ask that this Court prohibit the government from introducing any of the above 404(b) evidence.

### III. INTRODUCTION

The government may introduce 404(b) evidence against a defendant only if it first shows that the evidence meets the "relevance" requirement pursuant to FED. R. EVID. 401.  Secondly, the government must seek to introduce the evidence as "proof of a matter other than the defendant's character or propensity to commit a crime."  *See United States v. Long*, 328 F.3d 655, 660 (D.C. Cir. 2003).  Furthermore, the government must demonstrate "sufficient evidence to support a jury finding that the defendant committed the other crime or act."  *Id.* (citing *Huddleston v. United States*, 485 U.S. 681, 689 (1988)).  Finally, the government must show that the proposed evidence's probative value is not outweighed by undue prejudice.  *See* FED. R. EVID. 403.

In this case, the 404(b) evidence sought to be introduced by the government does not satisfy the rudimentary relevance requirement.  Second, the government has not articulated a legitimate purpose for the introduction of the proposed evidence against Mr. Drew; thus, the only reasonable conclusion is that the government seeks to introduce such evidence solely to show that Mr. Drew has a bad character and propensity to commit a crime.  Even if this Court finds the proposed evidence to be relevant and to fit a purpose other than propensity, the government cannot provide sufficient evidence to demonstrate that Mr. Drew was involved in the conduct underlying the 404(b) evidence.  Finally, the probative value, if any, of the 404(b) evidence in this matter is substantially outweighed by the danger of unfair prejudice to Mr. Drew.  Thus, we

respectfully request the Court to prohibit the government from introducing any of the proposed

404(b) evidence during the trial in this matter.

### A. THE 404(b) EVIDENCE IS IRRELEVANT AND NOT OFFERED FOR A LEGITIMATE PURPOSE OTHER THAN TO DEMONSTRATE MR. DREW'S ALLEGED CRIMINAL PROPENSITY.

"Under Rule 401, evidence is relevant if it has 'any tendency to make the existence of

any fact that is of consequence to the determination of the action more probable or less probable

than it would be without the evidence." *See United States v. Long*, 328 F.3d 655, 660 (D. C. Cir.

2003) ("Not all relevant evidence, however, is admissible."). In correlation to Rule 401, Rule

404(b) provides the following:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the
> character of a person in order to show action in conformity therewith…
> [Such evidence] may … be admissible for other purposes, such as proof of
> motive, opportunity, intent, preparation, plan, knowledge, identity, or
> absence of mistake or accident…

*Long*, 328 F.3d at 660 (citing FED. R. EVID. 404(b)).

A close review of all the above-listed 404(b) evidence demonstrates that none of it has

"any tendency to make the existence of any fact that is of consequence to the determination of

the action more probable or less probable than it would be without the evidence." *See* FED. R.

EVID. 401. In the case at hand, Mr. Drew is charged with Enticing a Minor to Engage in Sexual

Conduct for the Purpose of Production, a federal crime, two counts of First Degree Sexual Abuse

and one count of Second Degree Child Sexual Abuse, charges from the D.C. Code. None of the

above-mentioned 404(b) evidence is relevant to these charges. Mr. Drew's purported "bad acts"

(a "blackmail scheme" allegedly employed by Mr. Drew against A.B. and that Mr. Drew

allegedly allowed T.S. to sell drugs from his apartment) have no bearing to the government's

present case. Neither A.B., nor T.S. are complainants in this case. Further, Mr. Drew is not

4

before this court facing any drug or fraud related charges. The 404(b) evidence involves different parties, not named in the current indictment, and covers a range of activity, none of which bears any relation to whether Mr. Drew engaged in criminal sex acts with D.B. or enticed D.B. for the purpose of producing sexually explicit photographs.

Furthermore, the government has not articulated a single 404(b) exception pursuant to which it attempts to introduce the above bad character evidence. FED. R. EVID. 404(b) requires that, generally, the government give "reasonable notice in advance of trial" of any evidence it intends to introduce concerning a defendant's other crimes or wrongful acts. As of the date of this Motion, the government has not provided such notice since the return of the federal indictment. Rather, Mr. Drew relies on the notice previously provided through the Government's Opposition filed in Superior Court. Without a more specific proffer from the government about the purpose for which it is being offered, it is almost impossible to respond to and move to exclude such evidence effectively.[3]

### B. THE GOVERNMENT CANNOT PRESENT SUFFICIENT EVIDENCE THAT MR. DREW ENGAGED IN THE ALLEGED PRIOR OTHER CRIME OR UNCHARGED MISCONDUCT.

The government must demonstrate "sufficient evidence to support a jury finding that the defendant committed the other crime or act." *Long*, 328 F.3d at 660 (citing *Huddleston v. United States*, 485 U.S. 681, 689 (1988)). In this case, the record is void of sufficient evidence that Mr. Drew engaged in the alleged 404(b) conduct. The vague assertions of misconduct offered by the government cannot substitute for the requisite standard of proof. As a result, the Court should preclude the government from introducing this evidence at trial.

---

[3] If the government files a motion to introduce such evidence at trial for a legally acceptable purpose, Mr. Drew reserves his right to respond on the merits thereof at that time.

### C.  THE PROBATIVE VALUE OF THE EVIDENCE IS SUBSTANTIALLY OUT-WEIGHED BY THE DANGER OF UNFAIR PREJUDICE TO MR. DREW.

Separate from this Court's 404(b) analysis, the aforementioned evidence sought to be introduced by the government must be excluded pursuant to FED. R. EVID. 403, which states the following:  "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

> Even though admission for a proper purpose under Rule 404(b) does not end the inquiry, because Rule 403 has an independent role to play, Rule 403 'focuses on the 'danger of *unfair* prejudice' and affords the court discretion to exclude evidence only if that danger '*substantially* outweigh[s]' the evidence's probative value.'

*Long*, 328 F.3d at 662 (emphasis in original) (citation omitted); *see also United States v. Bowie*, 232 F.3d 923, 931 (D.C. Cir. 2000) ("Evidence of other crimes or acts having a legitimate nonpropensity purpose undoubtedly may contain the seeds of a forbidden propensity inference. Recognizing this possibility, we have consistently stated that Rule 403 may bar evidence otherwise admissible under Rule 404(b).") (citation omitted).

The government only seeks to introduce its proposed 404(b) evidence to portray Mr. Drew as an immoral man, thus, having a propensity to commit crimes.  As stated above, none of the evidence is relevant or useful to the fact finder in deciding any material issue underlying the pending charges.  The 404(b) evidence sought to be introduced to show Mr. Drew's alleged "appetite for child pornography depicting young boys," should be deemed inadmissible as it offers limited, if any, probative value in assessing the charges at hand.  Such inflammatory language used by the government during Mr. Drew's trial will only serve to unfairly prejudice Mr. Drew.  *See* FED. R. EVID. 404(b); *see also United States v. Long*, 328 F.3d at 664

(mentioning without commenting on 9th Circuit case, *Guam v. Shymanovitz*, 157 F.3d 1154 (9th Cir. 1998), that stated that "lawful possession of gay erotica was not probative of the defendant's intent to engage in the charged conduct of sexual abuse").

Not only does the government's proposed 404(b) evidence lack relevance to any material issue in the current charges, but also FED. R. EVID. 403 dictates that the Court exclude this evidence as its probative value, if any, will be substantially outweighed by the danger of unfair prejudice to Mr. Drew.  Here, the Court cannot conclude that any of the evidence that the government seeks to introduce carries a probative value greater than the blatantly unfair prejudicial value that is naturally associated with the evidence.  The defense maintains that there exists *no* probative worth of any of the evidence, and, thus, its sole purpose would be to prove Mr. Drew' criminal propensity.  As such, this Court should find that the already presumed prejudice associated with the evidence that the government seeks to introduce does indeed substantially outweigh any potential probative value.

**WHEREFORE**, for the reasons stated above and any reason the Court may see, we respectfully request the Court to exclude this evidence from Mr. Drew's trial.

Respectfully submitted,

**SCHERTLER & ONORATO, L.L.P.**

<u>              /s/                 </u>
Danny Onorato (D.C. Bar No. 480043)
Michael Starr (D.C. Bar No. 461773)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, D.C.  20004
202-628-4199 *telephone*
202-628-4177  *facsimile*

*Counsel for Andre Drew*

8

## CERTIFICATE OF SERVICE

I hereby certify that copies of was served electronically, on this 20th day of March 2007, to the following:

Julieanne Himelstein
Denise A. Simmonds
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 514-8203 (tel.)
(202) 305-8537 (fax)
julieanne.himelstein@usdoj.gov
denise.simmonds@usdoj.gov


_____/s/_____
Danny Onorato

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 07-007 (GK)** |
| | ) | |
| **ANDRE DREW** | ) | |
| **Defendant.** | ) | |

**(PROPOSED) ORDER**

**BASED UPON** Defendant Andre Drew's Motion to Exclude Evidence of Alleged Other

Crimes and the authorities cited therein; and having considered any response to that Motion and

being otherwise fully advised, this Court:

**ORDERS**, that said Motion be, and the same hereby is, **GRANTED**.

**ORDERED** in chambers at the United States District Courthouse, this ___ day of

_____, 2007.

_____
Honorable Gladys Kessler
United States District Court Judge

cc:    Counsel of Record

1