UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 07-007 (GK) |
| | ) | |
| ANDRE DREW | ) | |
| Defendant. | ) | |

**MOTION TO SEVER AND DISMISS IMPROPERLY JOINED COUNTS AND INCORPORATED STATEMENT OF POINTS AND AUTHORITIES**

Andre Drew, by and through undersigned counsel, hereby respectfully moves this Court, pursuant to FEDERAL RULES OF CRIMINAL PROCEDURE 8(a) and 14, to sever Count One, from Counts Two through Four. Mr. Drew respectfully submits that this Court should dismiss Counts Two, Three and Four as they are improperly joined to Count One, the enticement for production charge, and are charged pursuant to sections of the D.C. Code. The conduct alleged under the D.C. Code sections (22 D.C. Code §§ 3008 and 3009 (2001 ed.)) is distinct, separate and unrelated to the conduct charged pursuant to 18 U.S.C. §2251(a). Mr. Drew respectfully requests a hearing on this Motion. In support of this Motion, Mr. Drew states the following:

**I. BACKGROUND**

On February 22, 2006, a fourteen count indictment was filed against Mr. Drew in the Superior Court for the District for Columbia ("Superior Court"). Nearly *one year* later, on January 31, 2007, the same United States Attorney's Office that charged Mr. Drew in Superior Court, issued a four-count indictment in this Court, and Superior Court subsequently dismissed the indictment before it for want of prosecution.

Currently, Mr. Drew is charged in a four-count grand jury indictment with the following crimes: Enticing a Minor to Engage in Sexual Conduct for the Purpose of Production, in

1

violation of 18 U.S.C. §2251(a) (Count One), First Degree Child Sexual Abuse, in violation of 22 D.C. Code § 3008 (2001 ed.) (Counts Two and Three), and Second Degree Child Sexual Abuse, in violation of 22 D.C. Code § 3009 (2001 ed.) (Count Four). Mr. Drew now respectfully requests that this Court sever the counts and dismiss the improperly joined counts, Counts Two, Three and Four.

## II. LEGAL AUTHORITY

This Court may exercise jurisdiction over a D.C. Code offense "only if the 'offense is joined in the same information or indictment with [a] Federal offense.'" *United States v. Richardson*, 161 F.3d 728, 733 (D.C. Cir. 1998); *see also* D.C. Code §11-502(3) (2001 ed.) (allowing the United States District Court for the District of Columbia to assume jurisdiction over "[a]ny offense under any law applicable exclusively to the District of Columbia which offense is joined in the same information or indictment with any Federal offense"). This type of "joinder" must be in accordance with FEDERAL RULE OF CRIMINAL PROCEDURE 8(a), which states the following:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

FED. R. CRIM. PRO. 8(a); *see also Richardson*, 161 F.3d at 733. "The propriety of joinder is determined as a legal matter by evaluating only the 'indictment [and] any other pretrial evidence offered by the [g]overnment.'" *United States v. Carson*, 455 F.3d 336, 372 (D.C. Cir. 2006) (citation omitted). Furthermore, the Court has a "continuing duty" at all stages of the trial to sever counts if it finds a risk of prejudice pursuant to FED. R. CRIM. PRO. 14. *Id*. (citation omitted).

### III. THE GOVERNMENT IMPROPERLY JOINED COUNTS TWO THROUGH FOUR TO COUNT ONE AND AS A RESULT, THIS COURT MUST DISMISS COUNTS TWO THROUGH FOUR.

It is clear that the government has attempted to join loosely related charges in a single federal court indictment in order to try Mr. Drew's case in federal court and to seek harsher criminal sentences if Mr. Drew were convicted. This scheme is apparent, as the government allowed Mr. Drew's D.C. Superior Court criminal charges to remain pending in D.C. Superior Court for over one year before deciding to allege a federal criminal violation and re-indict Mr. Drew in this Court. The newly charged federal count, 18 U.S.C. §2251(a) (hereinafter "enticement for production") is wholly unrelated to the D.C. criminal counts (hereinafter "child sex abuse"), and this type of joinder is not allowed.

Contrary to what the government has charged, "joinder under FED. R. CRIM. PRO. 8 is not infinitely malleable: it cannot be stretched to cover offenses … which are discrete and dissimilar and which do not constitute parts of a common scheme or plan." *Richardson*, 161 F.3d at 733. In *Richardson*, the Court sustained the appellant's objection to the joinder of a D.C. Superior Court threats charge with federal "firearm and ammunition counts" even though the "threats charge arose from comments appellant made [to the police officer] after having been arrested on the weapons charge." *Id*. at 733. The *Richardson* Court, in noting the significant jurisdictional implication of the improper joinder, stated:

> [I]n contrast to joinder involving two or more federal offenses, where a court need only determine whether to conduct one or several trials, in this case the court lacked jurisdiction altogether over the threats charge if it was not properly joined with the federal offenses. (internal citation omitted). … [B]ecause Congress has determined that D.C. crimes should generally be tried in the D.C. courts, 'the joinder provisions of Rule 8 should not be strained to uphold federal jurisdiction over local crimes.

*Id*. at 733-34 (citing *United States v. Jackson*, 562 F.2d 789, 793 (D.C. Cir. 1977)) ("The *Jackson* [C]ourt noted that a major purpose of the District of Columbia Court Reform and Criminal Procedure Act of 1970 was 'to shift general jurisdiction over D.C. Code offenses from the United States District Court to the Superior Court of the District of Columbia.'").

As in *Richardson*, there are two sets of charges against Mr. Drew that are distinguishable by more than just the fact that one set derives from the D.C. Code and the other derives from a federal criminal statute. The conduct charged and the elements that the government will be required to prove for each set of crimes differ significantly.

In Count One, the government, in principle, alleges that Mr. Drew, sometime between October 1, 2005 and December 9, 2005, "did use, persuade induce and entice a person under the age of eighteen … to engage in sexually explicit conduct … for the purpose of producing visual depictions of such conduct, specifically photographs, such photographs having been produced using materials that had been transported by any means in interstate commerce." *See* Indictment, Count One. 18 U.S.C. § 2251(a) is under the "sexual exploitation" category of offenses as opposed to "sexual abuse" category of offenses. These categories are distinguished in the federal code by appearing in separate chapters of Title 18. In essence, 18 U.S.C. § 2251(a) addresses the production of child pornography, and it in no way covers *sexual abuse* of children, nor does it require proof of any type of sexual touching of a child.

On the other hand, Counts Two, Three and Four charge first and second degree child sexual abuse in violation of 22 D.C. Code §§ 3008 and 3009 (2001 ed.). The allegations in these counts include that Mr. Drew purportedly engaged in sexual acts with a child under the age of 16 and in one instance caused a party under the age of 16 to engage in a sexual act with

4

another individual under the age of 16. *See* Indictment, Counts Two, Three and Four. The grand jury could not determine the dates of any of these alleged incidents with specificity.

The government has not alleged in the Indictment or indicated through any pre-trial disclosures that it views the above-mentioned conduct as a unified common scheme. Thus, these alleged crimes certainly do not make up a single criminal transaction. Furthermore, there is no charge that Mr. Drew conspired to commit a larger crime, and the remaining counts constitute overt acts in furtherance of any conspiracy. *Cf. Carson*, 455 F.3d at 373. Along this line, the government does not suggest that the separate pieces of conduct are temporally related.

The Court of Appeals' ruling in *Richardson* is directly applicable to the case at bar: "allowing the counts to remain joined will create a "[strain on Rule 8] beyond tolerable limits." 161 F.3d at 734. "In order for offenses discrete and dissimilar on their faces to be properly joined under Rule 8, there must be some logical relationship between them." *Id*. ("Offenses do not become logically related solely by way of an intervening arrest; that is, the fact that an intervening arrest brings preceding and succeeding offenses together temporally or precipitatively simply does not suffice to create the logical relationship contemplated by Rule 8 which requires that they be 'connected together or constitute[e] parts of a common scheme or plan.'") (citation omitted).

At this stage this Court is limited to a facial review of the indictment for purposes of reviewing the question of a misjoinder, and on its face, the current indictment charges four distinct and separate acts that fall into two categories: production of child pornography and child sexual abuse. *See Carson*, 455 F.3d at 372. Again, as in *Richardson*, "militating against joinder in this case is the fact that there [is] no overlap of issues or evidence" between the two sets of charges. For these reasons, we respectfully ask the Court to sever Counts Two through Four

5

from Count One. In doing so, we also respectfully ask the Court to dismiss Counts Two through Four as they do not avail themselves to this Court's jurisdiction.

### IV. THE JOINDER OF OFFENSES CREATES A SERIOUS PREJUDICE TO MR. DREW THAT OUTWEIGHS INTEREST IN JUDICIAL ECONOMY.

In addition to severance pursuant to Rule 8, this Court has a "continuing duty" at all stages of the trial to sever counts if it finds a risk of prejudice pursuant to FED. R. CRIM. PRO. 14. *Carson*, 455 F.3d at 372 (citation omitted). In this case, Mr. Drew will be severely prejudiced if evidence related to alleged child sex abuse is admitted during his trial on the enticement for production federal criminal charge. Such evidence would certainly mislead and confuse the jury. FED. R. EVID. 403. Due to the separate inflammatory nature of the crimes charged, judicial economy will not be compromised by severing the counts. In fact, this Court will not be the trier of the severed counts. Therefore, in the interest of justice and fairness to Mr. Drew, this Court should sever Counts Two, Three and Four from Count One on the basis of FED. R. CRIM. PRO. 14.

**WHEREFORE**, this Court should find that the government has misjoined charges in violation of FED. R. CRIM. PRO. 8 and the case law in this jurisdiction. As a result, Mr. Drew respectfully requests that this Court sever and dismiss Counts Two, Three and Four as they are improperly joined and this Court lacks jurisdiction to hear the charges on them. Mr. Drew respectfully requests a hearing on this Motion.

Respectfully submitted,

**SCHERTLER & ONORATO, L.L.P.**

_____/s/_____
Danny Onorato (D.C. Bar No. 480043)
Michael Starr (D.C. Bar No. 461773)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, D.C. 20004
202-628-4199 *telephone*
202-628-4177 *facsimile*

*Counsel for Andre Drew*

7

# **CERTIFICATE OF SERVICE**

      I hereby certify that copies of was served electronically, on this 20th day of March 2007, to the following:

Julieanne Himelstein
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, NW
Washington, D.C. 20001
(202) 514-8203 (tel.)
(202) 305-8537 (fax)
julieanne.himelstein@usdoj.gov

                                        _____/s/_____
                                        Danny Onorato

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**   )  | |
|                                 )  | |
| **v.**                          )  | **CRIMINAL NO. 07-007 (GK)** |
|                                 )  | |
| **ANDRE DREW**                  )  | |
|     **Defendant.**              )  | |

### (PROPOSED) ORDER

**BASED UPON** Defendant Andre Drew's Motion to Sever and Dismiss Counts and the authorities cited therein; and having considered any response to that Motion and being otherwise fully advised, this Court:

**ORDERS**, that said Motion be, and the same hereby is, **GRANTED**.

**ORDERED** in chambers at the United States District Courthouse, this ___ day of _____, 2007.

_____
Honorable Gladys Kessler
United States District Court Judge

cc:   Counsel of Record

1