UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 07-007 (GK) |
| | ) | |
| ANDRE DREW | ) | |
| Defendant. | ) | |

**MOTION TO SUPPRESS IDENTIFICATION TESTIMONY**
**AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Mr. Andre Drew, through undersigned counsel, hereby moves this Court to suppress as evidence against him all identification testimony by any witness who participated in identification procedures involving the display of a photograph of Mr. Drew. Mr. Drew requests a hearing on this Motion. In support of this Motion, counsel states the following.

**I.  PROCEDURAL BACKROUND**

On February 22, 2006, a fourteen count indictment was filed against Mr. Drew in the Superior Court for the District for Columbia ("Superior Court"). On January 31, 2007, after the same United States Attorney's Office that charged Mr. Drew in Superior Court, issued a four-count indictment in this Court, the Superior Court dismissed the indictment for want of prosecution.

Currently, Mr. Drew is charged in a four-count indictment with the following crimes: Enticing a Minor to Engage in Sexual Conduct for the Purpose of Production, in violation of 18 U.S.C. §2251(a) (Count One), First Degree Child Sexual Abuse, in violation of 22 D.C. Code § 3008 (2001 ed.) (Counts Two and Three), and Second Degree Child Sexual Abuse, in violation of 22 D.C. Code § 3009 (2001 ed.) (Count Four).

## II. FACTUAL BACKGROUND

According to information provided by the United States during discovery previously, police officers interviewed witnesses A.B. and D.B. on different dates. During these interviews, the officers presented a single photograph of Mr. Drew to these witnesses. The witness then allegedly identified the person in the photograph as the person whom had been engaged in the sexual contact charged in the indictment.

The record indicates that the police officers, in addition to government agents at the Child Advocacy Center obtained these alleged identifications through the use of procedures so suggestive as to create a substantial likelihood of misidentification. Therefore, the Fourteenth Amendment requires suppression of any out-of-court and in-court identifications of Mr. Drew by these witnesses. The totality of circumstances surrounding these identification procedures reveals that the alleged identifications are unreliable, and therefore violative of Mr. Drew's due process rights and the applicable rules of evidence. As a result, we respectfully ask the Court to exclude all testimony relating to any out-of-court and in-court identifications during Mr. Drew's trial.

## III. THE ALLEGED IDENTIFICATIONS OF MR. DREW MUST BE SUPPRESSED BECAUSE THEY WERE OBTAINED IN VIOLATION OF HIS FOURTEENTH AMENDMENT DUE PROCESS RIGHTS.

The United States Constitution *prohibits* the admission at trial of identification testimony where the circumstances of the identification are "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Taylor v. United States*, 451 A.2d 859, 863 (D.C. 1982) (emphasis added) (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)); *see also United States v. Rattler*, 475 F.3d 408, 411 (D.C. Cir. 2007). In determining whether an identification procedure violates the accused's due process rights, courts must first determine

"whether the identification procedure 'was impermissibly suggestive.'" *Rattler*, 475 F.3d at 411 (citations omitted). Upon finding that an identification procedure employed by the government was "impermissibly suggestive," courts must then determine "whether, under the totality of the circumstances, the identification was sufficiently reliable to preclude 'a very substantial likelihood of irreparable misidentification.'" *Id*. (citation omitted).

      **a. <u>Law enforcement's use of the single photograph for the alleged identification of Mr. Drew's was impermissibly suggestive</u>**.

The highly suggestive procedure the officers used in this case, i.e., the use of a single photograph of Mr. Drew, creates a substantial likelihood of misidentification. The government concedes that it did in fact obtain an alleged positive identification of Mr. Drew from the complainant in this matter by use of a single photograph. *See* Government's Opposition to Defendant's Motion to Suppress Identification at 3 (D.C. SUPER. CT.). The identification method used in this case has been disapproved of repeatedly.

"The showing of a single photograph is, like all identification procedures involving a single suspect, highly suggestive." *Mason v. United States*, 414 F.2d 1176, 1182 (D.C. Cir. 1969); *see also Patterson v. United States*, 384 A.2d 663, 666 (D.C. 1978) (quoting *United States v. Dailey*, 524 F.2d 911 (8th Cir. 1975)) (characterizing single-photograph identifications as the "most objectionable method of pretrial identification."). Courts have looked at such procedures with particular disdain where law enforcement officials could have gathered more photographs and conducted a less suggestive procedure. *See, e.g., Mason*, 414 F.2d at 1182. The *Rattler* Court discussed the Department of Justice's guidelines on eyewitness identification procedures. *Rattler*, 475 F.3d at 413.

> [T]he guidelines emphasize (1) the importance of selecting other subjects in arrays and lineups who resemble the suspect in respect to significant features described by the witnesses; (2) the dangers of simultaneous identification procedures…; and (3) *the inherent suggestiveness of identifications in which only one individual is shown to a witness.*

*Id*. (emphasis added).

In this case, the police officers did not follow the government's own guidelines set forth above. By contrast, they conducted a highly-suggestive single-photograph identification procedure with minor children, and allegedly obtained an identification of Mr. Drew as a result. Because, as noted above, the government cannot demonstrate that the reliability of this identification outweighs the highly suggestive nature of the procedure used to obtain it, the Court must suppress any identification testimony provided by this witness.

### b. The totality of the circumstances surrounding the identification procedure used in the case at bar do not preclude a likelihood that Mr. Drew was misidentified.

We respectfully submit that in addition to the identification technique impermissible suggestiveness, that "under the totality of the circumstances," the identification of Mr. Drew in this case was not sufficiently reliable to preclude 'a very substantial likelihood of irreparable misidentification.'" *Id*. (citation omitted). In addition to the witnesses' young age, other factors severely undercut the reliability of the alleged positive identification in this case. An evidentiary hearing on this Motion will demonstrate that the alleged identifications in the instant case were manifestly unreliable and do not preclude the likelihood of "irreparable misidentification." Accordingly, all identifications should be excluded, as they are inadmissible as a matter of law.

**WHEREFORE**, for the foregoing reasons, as well as any others that might appear to the Court after a hearing on this Motion, Mr. Drew respectfully requests that this Motion be granted.

Respectfully submitted,

**SCHERTLER & ONORATO, L.L.P.**

_____/s/_____
Danny Onorato (D.C. Bar No. 480043)
Michael Starr (D.C. Bar No. 461773)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, D.C. 20004
202-628-4199 *Telephone*
202-628-4177 *Facsimile*

*Counsel for Andre Drew*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was served electronically, on this 20th day of March 2007, to the following:

Julieanne Himelstein
Denise A. Simmonds
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 514-8203 (tel.)
(202) 305-8537 (fax)
julieanne.himelstein@usdoj.gov
denise.simmonds@usdoj.gov

_____/s/_____
Danny Onorato

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 07-007 (GK)** |
| ) | |
| **ANDRE DREW** ) | |
| **Defendant.** ) | |

## **(PROPOSED) ORDER**

**BASED UPON** Defendant Andre Drew's Motion to Suppress Identification Testimony and the authorities cited therein; and having considered any response to that Motion and being otherwise fully advised, this Court:

**ORDERS**, that said Motion be, and the same hereby is, **GRANTED**.

**ORDERED** in chambers at the United States District Courthouse, this ___ day of _____, 2007.

_____
Honorable Gladys Kessler
United States District Court Judge

cc:   Counsel of Record