UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ▪ | Criminal No. 07-007 (GK) |
| | ▪ | |
| v. | ▪ | |
| | ▪ | |
| ANDRE DREW | ▪ | |
| | ▪ | |
| **Defendant.** | ▪ | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR A BILL OF PARTICULARS

The United States Attorney, by and through its attorney, the United States Attorney for the District of Columbia, responds to the defendant's motion for a bill of particulars, which seeks additional information concerning the specific dates and locations of each offense charged in the indictment, as well as the "facts" upon which the government will rely in proving certain elements of the charged offenses. See Def.'s Mot. Bill of Particulars at 2-3. Because the indictment and the other discovery that has been provided adequately inform the defendant about the charges so that he can prepare a defense and avoid surprise at trial, his motion should be denied.

1. The defendant has been charged in a four count indictment with one count of Enticing a Minor to Engage in Sexual Conduct for the Purpose of Production, in violation of 18 U.S.C. § 2251(a) (Count One); two counts of First Degree Child Sexual Abuse, in violation of 22 D.C. Code § 3008 (Counts Two and Three); and one count of Second Degree Child Sexual Abuse, in violation of 22 D.C. Code § 3009 (Count Four).

2. The indictment alleges that over a period of six months between June 1, 2005 and December 9, 2005, the defendant engaged D.B., then 12 years old, in a variety of sexual acts and contacts, and he caused D.B. to engage in similar acts with A.B., then 13 years old, so that the

defendant could photograph them. Each count is specific as to the time frame, the initials of the children involved, and the nature of the sexual act or contact alleged.

    3. The defendant filed a motion for a bill of particulars requesting the specific dates and locations of each offense, alleging that he requires that information to avoid unfair surprise at trial. See Def.'s Mot. Bill of Particulars at 3. Essentially, he claims, that the indictment lacks sufficient and fair notice of the crimes with which he is charges so that he can prepare a defense.

    4. Defendant's motion, however, fails to apprise the Court of the substantial Rule 16 discovery that the government provided to the defendant's prior defense counsel, and which the government understands was transferred to the defendant's present counsel. Within the hundreds of pages of documents that were disclosed, including police reports, photographs and videotapes, is information from which the defendant may glean additional facts about the charged offenses. Generally, where the information that the defendant seeks is provided in the indictment or in an alternative form, e.g., discovery, no bill of particulars is required. See, e.g., United States v. Butler, 822 F.2d 1191, 1193-94 (D.C. Cir. 1987).

    5. Insofar as the defendant seeks a more definite date and location for each offense, the government does not have that information. The government provided the defendant with notice of the range of dates between which the offenses occurred based on the information in its possession. The government does not know and may never know the exact dates of each offense. That the government is not able to identify the act date of each offense does not mean that the indictment fails to provide the defendant with notice sufficient to prepare a defense. Rule 7(c) of the Federal Rules of Criminal Procedure, requires an indictment to set forth "a plain, concise . . . statement of the essential facts constituting the offense charged." See Fed. R. Crim. P. 7(c) (West 2006). For more than 200 years, courts in this jurisdiction have recognized that a

defendant is not entitled, via a bill of particulars, to compel the government to identify the specific date or location of a charged offense, where the indictment otherwise specifies a time frame for the alleged conduct and identifies the crime itself.  See Vansant v. Lindsley, 2 App.D.C. 421, 1894 WL 11926  (1894) (denying motion for bill of particulars requesting specific dates and places of alleged adultery where indictment provided a beginning date and alleged that similar conduct occurred "on divers other days and times" not otherwise specified); Butler, 822 F.2d at 1193-94 (denying motion for bill of particulars requesting approximate times and places that a particular defendant participated in alleged conspiracy where indictment recounted dates of over acts and government otherwise identified dates of particular acts by that defendant).  In this case, the victims are juveniles and the government may never know the specific dates on which the alleged sexual abuse took place.   The Court of Appeals for the District of Columbia has recognized that young victims of sexual crimes often cannot recall the exact dates, times and places where the abuse took place, so the courts have "tolerated some generality as to dates so long as the defendant has not suffered substantial prejudice."  See Roberts v. United States, 743 A.2d 212, 219 (D.C. 1999) (indictment that alleged repeated molestations and rapes of a 15 year old girl in the District of Columbia over a two year period of time provided the defendant with adequate notice of charges); see also Jackson v. United States, 503 A.2d 1225, 1226-27 (D.C. 1986) (indictment charging seven separate incidents involving three children in four different time frames over a period of eighteen months sufficiently informed defendant of charges); see also United States v. Barsky, 7 F.R.D. 38 (D.D.C. 1947)(indictment identifying range of dates between which conspiracy took place was sufficient, defendant not entitled to bill of particulars setting forth when and where conspiracy was initiated and when and where each defendant joined conspiracy); United States v. Lonzo, 793 F. Supp. 57 (N.D.N.Y. 1992) (time span of "on or about

June 1, 1991 through February 12, 1992" not too broad and did not entitle defendant to a bill of particulars).  The indictment here provides the same notice that the D.C. Circuit Court and the Court of Appeals have found sufficient to inform the defendant of the charges against him. Accordingly, no further elaboration, beyond the indictment and the substantial discovery provided to date, is required.

     Moreover, the defendant possesses personal knowledge about the alleged events that exceeds that which the government can provide to him.  A defendant is not entitled to particulars if he can ascertain the facts himself.  See, e.g., United States v. A.P. Woodson Co., 198 F. Supp. 586 (D.D.C. 1961).  The defendant told the police that he took the photographs upon which the charges set forth in Counts 1 and 2 are based.  He identified, by first name, the boys involved. The defendant also stated that he took the pictures about one month before his December 10, 2005, arrest and he said that he took them in his room located at 135 P Street, N.W.  The defendant, thus, is aware of the circumstances surrounding the taking of the pictures of A.B. and D.B. involved in anal and oral sex.  His personal knowledge, when coupled with the extensive discovery that has been provided, including copies of the photographs and the CVS surveillance tapes showing the defendant dropping off the film and attempting to retrieve it, provide the defendant with more than adequate information from which to craft a defense. The government also disclosed in the discovery and in its pleadings and motions, both in this Court and in the former Superior Court case, that the defendant offered D.B. $500 to pose for the pictures.  As to Counts 3 and 4, the indictment identifies the general six month time frame in which the government alleges that the defendant sexually assaulted D.B.  It also sets forth the particular types of sexual contact that occurred between the defendant and D.B.  Those sexual acts occurred in the defendant's room at 135 P Street, N.W. and at least once in his car on a street within the

District of Columbia. On this record, the defendant has more than enough information to avert surprise at trial and to prepare his defense.

      6.      The next item that the defendant seeks is the "facts" that the government will use to establish either causation or intent in proving each of the charged offenses. See Def.'s Mot. Bill of Particulars at 2-3. As previously stated, the government through discovery, its pleadings, and motions practice, has set forth the manner in which it believes the defendant was able to persuade D.B. to have sex with him and with another boy while allowing the defendant to take pictures. Specifically, the government has stated that the pattern of ingratiation included gifts, money, alcohol, marijuana and pornography. The government also has proffered that the defendant has an unusual sexual interest in teenage boys, that he has satisfied that interest before through the use of child pornography and by sexually assaulting boys, and that some of the defendant's contacts with D.B. resulted in the defendant ejaculating.

    How the government may use those facts, or other information that it has disclosed, to prove the elements of the charged offenses, is not subject to disclosure. A bill of particulars is not a discovery device for learning about the government's trial evidence and theories. See, e.g., United States v. Recognition Equipment, Inc., 711 F. Supp. 1 (D.D.C. 1989) (generally, no response is necessary where bill of particulars required government to expose much of its proof before trial, but a limited response would be permitted to aid court and defendant in understanding complex and unusual conspiracy charges); United States v. Slaughter, 89 F. Supp. 205 (D.D.C. 1950) (bill of particulars does not require disclosure of evidence by which government expects to prove its case); see also United States v. Crayton, 357 F.3d 560, 568 (6th Cir.) (bill of particulars is not a tool for the defendant to obtain detailed disclosure of all evidence held by the government before trial), cert. denied, 542 U.S. 910 (2004); United States v.

Chalmers, 410 F. Supp.2d 278, 285 (S.D.N.Y. 2006) (bill of particulars is "not a general discovery device or means to preview the Government's case.") . The government need not – although in many respects it already has – lay out its case for the defendant and inform him about all of the evidence that it will use against him at trial. See, e.g., United States v. Griffith, 362 F.Supp. 2d 1263, 1277-78 (D.Kan. 2005) (defendant not entitled to know all evidence government will use against him at trial). The only issue germane to a bill of particulars is whether the defendant has received adequate notice of the charges. See, e.g., United States v. Grace, 401 F. Supp.2d 1103, 1106-13 (D. Mont. 2005) (defendant has constitutional right to know the offense with which he is charged, not the details of how it will be proved). There is no question that the defendant in this case has received more than enough information -- via the indictment, discovery, and motions practice -- to be apprised of the charges against him and the basic factual support for those charges. He is not entitled to anything more. See, e.g., United States v. Sattar, 314 F.Supp.2d 279, 318 (S.D.N.Y. 2004) (government cannot be compelled by bill of particulars to disclose manner in which it will attempt to prove charges, the precise manner in which the defendant allegedly committed crime, or preview its evidence or legal theories); United States v. Marcus, 193 F.Supp.2d 552, 561-562 (E.D. N.Y. 2001) (denying bill of particulars and stating once defendant has been given adequate notice of charges, government "'is not required to disclose additional details about its case.'")(citing United States v. Payden, 613 F. Supp. 800, 816 (S.D.N.Y. 1985)).

Accordingly, the government respectfully requests that the defendant's motion for a bill of particulars be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____
Julieanne Himelstein
Assistant United States Attorney
555 4th Street, N.W., 4th Floor
Washington, DC 20530
(202) 514-8203

_____
Denise A. Simmonds
Assistant United States Attorneys
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 353-8077

CERTIFICATE OF SERVICE

      We hereby certify this _____ day of April 2007, that a true and correct copy of the Government's Opposition To Defendant's Motion for Bill of Particulars was served upon defense counsel, Danny Onorato, Schertler & Onorato, 601 Pennsylvania Avenue, N.W., North Building, 9th Floor, Washington, D.C. 20004.

_____
Julieanne Himelstein
Assistant United States Attorney


_____
Denise A. Simmonds
Assistant United States Attorney