### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 07-007 (GK)** |
| | ) | |
| **ANDRE DREW** | ) | |
| **Defendant.** | ) | |

### REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF ALLEGED OTHER CRIMES AND TO PRECLUDE RULE 414 EVIDENCE

Andre Drew, by and through undersigned counsel, hereby submits this reply memorandum to exclude evidence of alleged other crimes and uncharged misconduct pursuant to the Federal Rules of Evidence 401, 404(b) and 403.  In addition, Mr. Drew requests that the Court exclude evidence of Mr. Drew's conviction of sodomy and kidnapping charges in F-4123-83 and a number of other types of evidence.  In support of this opposition, Mr. Drew states the following.

In its submission, the government wishes to admit 11 items of evidence that it has grouped into categories.  They are:

1.  Mr. Drew's 1983 Kidnapping and Sodomy Conviction;

2.  Sexual acts supposedly witnessed by D.B.;

3.  Defendant's intent to mail pictures to A.B.'s mother;[1]

4.  Defendant's participation in an alleged fraud scheme;

5.  Showing pornography to minors and playing sexual games;

6.  Providing the alleged victims with alcohol and marijuana;

7.  Providing D.B. with gifts and money;

---

[1]     A.B. was another complainant in the government's original Superior Court case against Mr. Drew.  A.B. has, apparently, dropped out of this case for reasons the government has yet to disclose.  Mr. Drew renews his *Brady* request and specifically requests any exculpatory evidence related to A.B. and his dropping out of this case.

8.  Lying to the police about D.B.;

9.  Fact that defendant took explicit photographs of other children;

10. Defendant's interest in Child Pornography; and

11. Evidence regarding Thomas.[2]

For the reasons that follow, the Court should exercise its discretion and exclude ten of the eleven proffered categories of evidence.[3]

## I.    THE GOVERNMENT'S ATTEMPT TO INTRODUCE PRIOR CRIMINAL ACTS UNDER RULE 414 SHOULD NOT BE SANCTIONED BY THE COURT.

Andre Drew is charged in a single federal charge of Enticing a Minor to Engage in Sexual Conduct for the Purpose of Production, in violation of 18 U.S.C. §2251(a) (Count One). The government has pended Superior Court charges of First Degree Child Sexual Abuse, in violation of 22 D.C. Code § 3008 (2001 ed.) (Counts Two and Three), and Second Degree Child Sexual Abuse, in violation of 22 D.C. Code § 3009 (2001 ed.) (Count Four), to the sole federal charge in the indictment.  In another motion, Mr. Drew asked the Court to sever the counts and dismiss the improperly joined counts, Counts Two, Three and Four.

As the Court is well aware, this case has a lengthy history.  The matter was pending in Superior Court for more than a year and had been set for trial before the government brought the instant charges before this Court.

The government's reasons for dismissing the action in Superior Court and bringing the matter in Federal Court are now crystal clear, based on the contents of its motion *in limine*.  In the main, it is apparent that the government seeks to prevent Mr. Drew from defending the instant case and deprive him to his right to have a fair trial.  In its pleading the government

---

[2]      The government provided notice of this evidence in an addendum to its pleading.
[3]      Mr. Drew has no objection to the Category 4 evidence, involving an alleged scheme to defraud in connection with a school fundraising project.

admits its wishes to argue that Mr. Drew has a propensity to commit sexual assaults, something that it would not be able to do in the Superior Court because the Federal Rules of Evidence have not been adopted there.   Thus, Rule 414 is not recognized in the Superior Court and the government could not, as it wishes to do here, introduce the facts of Mr. Drew's 1983 conviction before the jury (Category 1), or the materials in Categories 2, 3, 5, 9 and 10, to prove his propensity to commit the crime.

As a threshold matter, we note that the Court has broad discretionary power to limit introduction of evidence in the context of criminal cases.   In the case at bar, we respectfully ask the Court to exercise its discretion so the government cannot engage in gamesmanship in order to secure tactical advantages at trial.   The government should not be able to bring a matter in this Court to have access to more favorable evidentiary rules.   This type of behavior should not be sanctioned.

## II.      A BALANCING OF THE RISK OF UNDUE PREJUDICE REQUIRES EXCLUSION OF THE RULE 414 EVIDENCE.

"Prior to 1994, the admission of propensity evidence in sexual misconduct cases was severely restricted by FRE 404(b) , which generally forbids the introduction of such evidence 'to prove the character of a person in order to show action in conformity therewith.'" *United States v. Sioux*, 362 F. 3d 1241, 1244 (9th Cir. 2004).   While the rules were amended with passage of FRE 414 to create a presumption of admissibility of prior sexual acts of a defendant in child sex cases, "*Rule 414 is not a blank check* entitling the government to introduce whatever evidence it wishes, no matter how minimally relevant and potentially devastating to the defendant." *United States v. LeMay*, 260 F.3d 1018, 1022 (9th Cir. 2001) (emphasis added).

Rule 414's provisions are still subject to the limitation on otherwise relevant evidence found in FRE 403. *United States v. Castillo,* 140 F.3d 874, 884 (10th Cir. 1998). Moreover, a district court "must apply the balancing test of Rule 403 in a manner that allows for meaningful appellate review." *LeMay,* 260 F.3d at 1022.

It is axiomatic that any evidence admitted against a defendant that could support a conviction is prejudicial. See *United States v. Williams, 445* F.3d 724, 730 (4th Cir. 2006) ("all evidence suggesting guilt is prejudicial to a defendant."). However, under Rule 403, otherwise relevant evidence may be excluded "if it's probative value is substantially outweighed by the danger of unfair prejudice...." "Unfair prejudice," the Advisory Committee for the Federal Rules of Evidence has explained, "means an undue tendency to suggest decision on an improper basis." Advisory Committee's Note to FRE 403.

In *United States v. Guardia,* 135 F.3d 1326 (10th Cir. 1998), the court discussed the proper means of applying the Rule 403 balancing test to evidence otherwise admissible under Rule 413, although the same analysis applies to Rule 414. The *Guardia* court warned of two potential misapplications of Rule 413: to never allow the admission of prior sex offenses that would not have been previously admissible under Rule 404(b); and to always allow the admission of prior sex offenses without regard to the constraints of Rule 403. *Id.* at 1330. While Rule 413 "favors the admissibility of evidence," it "contains no language that supports an especially lenient application of Rule 403." *Id.* at 1331. Thus, district courts should apply traditional Rule 403 factors in evaluating evidence under Rule 413, including "the similarity of the prior acts to the acts charged, the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and alleged victim." *Id.* (citations omitted).

### A. **Category 1**

An analysis of the *Guardia* factors here illustrates that the Court must exclude evidence of Mr. Drew's 1983 conviction. First, the acts alleged there are in no manner similar to the allegations in the instant case. In that case, the government claims Mr. Drew pretended to be a police officer, arrested two boys, ages 15 and 17, and took them to a secluded area where he forcibly raped them. Unlike that case, the present case involves no allegations of forcible conduct by Mr. Drew.

Second, those acts occurred more than 23 years ago and have no bearing on the issues in this case other than to confuse, mislead, and prejudice the fact-finder. Third, there are no intervening events that make the evidence necessary. And finally, the government has shown no need for this extremely prejudicial evidence.

The government cannot demonstrate how it would be prejudiced in the slightest way by exclusion of the evidence, while the prejudice to Mr. Drew is patently obvious, immeasurable, and insurmountable. Simply stated, if the Court were to allow evidence of the 1983 conviction, the jury will convict Mr. Drew without any doubt based on conduct that occurred nearly a quarter of a century ago. It will be impossible for Mr. Drew to obtain a fair trial given the inflammatory nature of the previous charge. The jury would have no alternative but to conclude that Mr. Drew is a depraved sexual deviant, and would be unable to properly consider the facts and the burden of proof in this case. We submit that the burden of proof would impermissibly shift to Mr. Drew to disprove the charged conduct were this evidence admitted.

In sum, it is clear that the government is attempting to write a "blank-check" to the detriment of Mr. Drew in this case by seeking to prosecute him on a federal level simply to gain

an unfair tactical advantage via Rule 414. Due process and the fair administration of justice require that this evidence be excluded.

### B. Categories 2, 3, 5, 9, 10, and 11

Likewise, the material described in categories 2, 3, 5, 9, 10 and 11 must be excluded for the same reasons. The manner in which the government has attempted to provide Mr. Drew with notice is improper, confusing, and misleading. For instance, the items in Category 2 (sexual acts allegedly witnessed by D.B.) were originally charged in Superior Court. The government has abandoned those charges in the instant prosecution. Mr. Drew does not know the reason for the government's abandonment of those charges, and whether it is because A.B., the complaining witness in those Superior Court charges, has provided exculpatory information in that regard.[4] The government should not, however, be able to introduce uncharged evidence in this fashion.

With respect to Category 3 (Defendant's alleged threat to mail photos to A.B.'s mother), Mr. Drew objects to the introduction of the evidence. He also believes that the notice provided in this category is insufficient. Specifically, he requests that the Court order the government to provide specific details of what exactly D.B. saw in Mr. Drew's card and when he allegedly saw it. The government's motion does not even state whether D.B. saw the contents of the card.

Likewise, the notice of Category 11 is so vague and conclusory that it only refers to Thomas as a victim, without describing any illicit conduct. The government then lists a number of activities that allegedly occurred between Mr. Drew and Thomas, none of which are relevant to the issues at trial. As stated above, this type of evidence is irrelevant and unduly prejudicial. It must be excluded because of lack of specificity and because of lack of expert notice, *supra*.

---

[4]    As noted in n.1, above, Mr. Drew renews his request for any and all *Brady* evidence, including that concerning why A.B. is no longer a complainant in this case.

### C. **Categories 5, 6, and 7**

Mr. Drew likewise objects to the introduction of category 5-7 evidence. The government cannot use this evidence, under 414, 404(b), or any other theory. To the extent that the government desires to introduce such evidence in order to show that the defendant engaged in these activities to lower the boy's inhibitions, the government cannot do so without providing the requisite evidentiary foundation through expert testimony. *United States v. Long*, 328 F.3d 655, 665 (D.C. Cir. 2003). As the D.C. Circuit found in *Long,* the government must provide foundational expert testimony if it wants to introduce evidence of "typology, identification, characteristics and strategies of a sexual offender, particularly preferential sex offenders, and the characteristics and behavior of child victims of sexual abuse." *Id*.

Here, the government has provided no notice that it intends to call any expert witness. Thus, without the requisite foundation that only expert testimony could provide, it would be improper to admit the proffered evidence to establish, *inter alia*, Mr. Drew's sexual preferences, his appetite for child pornography, and the effects of any of Mr. Drew's conduct on the minors, including lowering their inhibitions in order to exploit them.

*Long* dictates that such matters are not within the knowledge of the average layperson and the evidence must be excluded without expert testimony to provide the requisite foundational "link." The government has known about this prosecution for nearly eighteen months and has not designated an expert. Mr. Drew would be prejudiced if the Court were to admit the evidence for any purpose, including the purposes stated by the government with regard to his sexual characteristics or the characteristics of the child victims. As such, the evidence must be excluded.

### D. **Category 8**

Likewise with respect to Category 8 (allegedly lying to the police about D.B.), the government has failed to demonstrate its relevance. The government merely states in its pleading that the material in this category will explain the "unusual relationship" of the defendant and the complainant and that it was not innocent. This evidence must be excluded based on a lack of expert notice, as argued above. Moreover, the government does not even articulate what it means by the statement and how the proffered evidence is relevant and admissible.

### III.    **CONCLUSION**

In sum, Mr. Drew respectfully asks this Court to allow him the opportunity to vigorously defend against these charges by precluding the government's attempt to gain a tactical advantage in this case through blatant forum shopping. It appears that the government's case – as initially brought in D.C. Superior Court – weakened significantly when, for undisclosed reasons, the other original complaining witness, A.B., dropped out of the case. Instead of trying Defendant in Superior Court on the remaining charges involving complainant D.B., the government walked its case across the street to this Court in order to make up for its factually weak case by taking advantage of FRE 414, the provisions of which would have been unavailable to the government in its initial forum-of-choice. Such improper maneuvering should be disallowed, and the government put back on the same footing it would have been prior to its decision to shop this forum.

**WHEREFORE**, for the reasons stated above and any other reasons the Court may see, we respectfully request the Court to exclude this evidence from Mr. Drew's trial.

Respectfully submitted,

**SCHERTLER & ONORATO, L.L.P.**

_____/s/_____
Danny Onorato (D.C. Bar No. 480043)
Michael Starr (D.C. Bar No. 461773)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, D.C. 20004
202-628-4199 *telephone*
202-628-4177 *facsimile*

*Counsel for Andre Drew*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that copies were served electronically, on this 25th day of April 2007, to the following:

Julieanne Himelstein
Denise A. Simmonds
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20001
(202) 514-8203 (tel.)
(202) 305-8537 (fax)
julieanne.himelstein@usdoj.gov
denise.simmonds@usdoj.gov

_____/s/_____
Danny Onorato
