**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 07-007 (GK) |
| ) | |
| ANDRE DREW ) | |
| Defendant. ) | |

**REPLY BRIEF TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SEVER AND DISMISS JOINED COUNTS**

Defendant, Andre Drew, by and through undersigned counsel, respectfully submits a Reply Brief to the Government's Opposition to Defendant's Motion to Sever and Dismiss Counts. In support of this Brief, Mr. Drew states the following:

**I. THE GOVERNMENT'S ARGUMENT AGAINST SEVERANCE IS WITHOUT MERIT.**

   a. **Joinder of Counts One with Counts Two, Three and Four is improper pursuant to Federal Rule of Criminal Procedure 8(a).**

First, Mr. Drew stands by the arguments and law cited in his initial Motion to Sever and Dismiss Improperly Joined Counts. To reiterate what was previously stated, joinder of Counts One and Counts Two, Three and Four is impermissible pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 8(a). The conduct charged in Count One differs significantly and is unrelated to the conduct charged in Counts Two, Three and Four of the Indictment in this matter. The government's proposed evidence to prove Counts Two, Three and Four, the child sex abuse counts, is *not* of the similar character to the government's allegation in Count One.

The government maintains that because all the counts involve Mr. Drew's alleged exploitation of D.B. that joinder is appropriate. However, this alone does not demonstrate at all that the allegations contained in the counts are of the same nature. "In order for offenses discrete

and dissimilar on their faces to be properly joined under Rule 8, there must be some logical relationship between them." *Richardson*, 161 F.3d at 734. The indictment in this matter, viewed on its face, reveals that the government has in fact charged Mr. Drew with two, separate types of charges that are not "of the same or similar character," "based on the same act or transaction," [or constitute] parts of a common scheme or plan." FED. RULE OF CRIM. PRO. 8(a).

Furthermore, the government failed to address the jurisdictional concern raised in Mr. Drew's initial motion on this issue. Mr. Drew maintains that the government has joined the 18 U.S.C. §2251(a) count with the local child sex abuse counts in the present federal court indictment for the purpose of seeking harsher criminal sentences if Mr. Drew were convicted. Without question, this Court lacks jurisdiction to try the sex abuse counts alone.

> When Rule 8 is … applied for jurisdictional purposes, the considerations counseling liberal construction of the Rule no longer seem compelling. Since Congress has determined that D.C. offenses should generally be tried in the D.C. courts, the *joinder provisions of Rule 8 should not be strained to uphold federal jurisdiction over local crimes*.

*United States v. Jackson*, 562 F.2d 789, 797 (D.C. Cir. 1977) (emphasis added).

    b. **Federal Rule of Criminal Procedure 14 mandates that Count One be severed from the remaining Counts.**

Notwithstanding the improper joinder pursuant to FED. R. OF CRIM. PRO. 8, the government fails to appropriately address the prejudicial joinder according to FED. R. OF CRIM. PRO. 14(a). The prejudicial effect of joining two separate types of charges is independent from the FED. R. OF CRIM. PRO. 8 analysis, and we respectfully ask the Court to exercise its discretion allowed under FED. R. OF CRIM. PRO. 14 and sever the improperly joined counts in this case. "[I]f it appears that a defendant or the government is prejudiced by a joinder of offenses … in an indictment or information …, the court may order an election or separate trials of counts … or provide whatever other relief justice requires." *United States v. Turner*, 2006 WL 1980252

2

(D.D.C. 2006) (citing FED. R. OF CRIM. PRO. 14) ("The presumed benefits of a joint trial must be weighed against the potential for harm to the integrity of the trial process.") (citation omitted).

The government states that Mr. Drew's "concerns about prejudice" are not justified in light of FED. R. EVID. 414. This line of argument entirely neglects the fact that FED. R. EVID. 414 is still subject to the requirements of FED. R. EVID. 403. *See United States v. Bentley*, --- F.Supp.2d ---, 2007 WL 576524, No. 06-CR-155-LRR (N.D. Iowa 2007); *see also United States v. Lemay, III*, 260 F.3d 1018, 1026 (9th Cir. 2001) (discussing the applicability of Rule 14 and stating: "As long as the protections of Rule 403 remain in place to ensure that potentially devastating evidence of little probative value will not reach the jury, the right to a fair trial remains adequately safeguarded.").

Irregardless of FED. R. EVID. 414, FED. R. OF CRIM. PRO. 14(a) and FED. R. EVID. 403 both preclude the joinder of Counts One and Counts Two, Three and Four.[1] Contrary to the government's assertion, evidence related to these counts would not be admissible in separate trials if the counts were severed. As stated previously, Mr. Drew will be severely prejudiced if evidence related to alleged child sex abuse is admitted during his trial on the enticement for production of a federal criminal charge. Such evidence would certainly mislead and confuse the jury. FED. R. EVID. 403.

---

[1] *United States v. Long*, 328 F.3d 655 (D.C. Cir. 2003), the case cited by the government is not applicable to the prejudicial joinder issue at hand. *Long* addressed evidence related to the defendant's prior sexual abuse of minor children, which the trial court found was properly admitted during trial as fitting within a proper 404(b) purpose. *Long*, 328 F.3d at 662. In the present case, there exists no proper 404(b) basis under which the government could introduce evidence related to Counts Two, Three and Four during a trial for the federal production of pornography charge.

## II. CONCLUSION

WHEREFORE, for the foregoing reasons and any reasons that appear to the Court during a hearing on this Motion, we respectfully request the Court to grant Mr. Drew's Motion to Sever and Dismiss the Improperly Joined Counts.

Respectfully submitted,

**SCHERTLER & ONORATO, L.L.P.**


_____/s/_____
Danny Onorato (D.C. Bar No. 480043)
Michael Starr (D.C. Bar No. 461773)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, D.C. 20004
202-628-4199 *telephone*
202-628-4177 *facsimile*

Counsel for Andre Drew

**CERTIFICATE OF SERVICE**

    I hereby certify that copies were served electronically, on this 25th day of April 2007, to the following:

Julieanne Himelstein
Denise A. Simmonds
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 514-8203 (tel.)
(202) 305-8537 (fax)
julieanne.himelstein@usdoj.gov
denise.simmonds@usdoj.gov

                                                                          _____/s/_____
                                                                          Danny Onorato