**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-007 (GK)** |
| | : | |
| **v.** | : | |
| | : | |
| **ANDRE DREW** | : | |
| **Defendant.** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S MOTION TO STRIKE EVIDENCE OF ALLEGED OTHER CRIMES AND 414 EVIDENCE**

The United States Attorney, by and through the United States Attorney for the District of Columbia, hereby replies to Defendant's Motion to Strike Evidence of Alleged Other Crimes and 414 Evidence, and states as follows:

## I. NOTICE WAS GIVEN REGARDING DEFENDANT'S CONVICTIONS FOR SODOMY AND KIDNAPPING PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 414

Defendant moved to strike evidence that the defendant kidnaped and sodomized two teenage boys on July 20, 1983, based on alleged prejudice to the defendant, since undersigned counsel mistakenly referred to the case number of defendant's case and subsequent conviction as "F-4123-83", as opposed to the correct case number:"F-4213-83" (See Case Jacket attached as Exhibit A). However, defendant had already received notice of the substance of the evidence that the government intends to use in its Motion in Limine, and defendant had already received notice of the correct case number and conviction during the course of discovery in March, 2006.

In its Motion in Limine, undersigned counsel gave substantive notice of the other crime. Specifically, the Notice provided, "[t]he government intends to introduce at trial evidence concerning the conduct underlying the defendant's 1984 convictions for Sodomy and Kidnapping.

Specifically, the government intends to introduce evidence that on or about July 20, 1983, on two separate occasions within the District of Columbia, the defendant, pretending to be a police officer, purported to place two teenage boys (ages 15 and 17) under arrest and took them to a secluded area when he placed lubricant in their anus and forcibly raped them."

Clearly, the substance of the crime is the content about which notice is required.

Moreover, in response to a discovery request by defendant's counsel, in a letter dated March 1, 2006, the government accurately disclosed the case number, and referred him to the Pre-trial Services Report received by defendant at his arraignment. See Letter dated March 1, 2006 Attached as Exhibit B.

Therefore, since the substance of the evidence that the government intends to use was provided, coupled with the certified conviction of the crime itself, there is absolutely no prejudice to the defendant.

WHEREFORE, for the above-stated reasons, the government respectfully requests that this Court deny defendant's motion to strike and admit the proposed evidence pursuant to Rule 404(b) and Rule 414 of the Federal Rules of Evidence.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: ______________________________________
Julieanne Himelstein
Assistant U.S. Attorney
555 4th Street, N.W., 4th Floor
Washington, D.C. 20530
(202) 514-8203

______________________________________
Denise A. Simmonds
Assistant United States Attorneys
555 Fourth Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 353-8077

CERTIFICATE OF SERVICE

We hereby certify this _____ day of April 2007, that a true and correct copy of the Government's Reply to Defendant's Motion to Strike Evidence of Alleged Other Crimes and 414 Evidence, was served upon defense counsel, Danny Onorato, Schertler & Onorato, 601 Pennsylvania Avenue, N.W., North Building, 9th Floor, Washington, D.C. 20004.

____________________________________

Julieanne Himelstein
Assistant U.S. Attorney

____________________________________

Denise A. Simmonds
Assistant U.S. Attorney

EXHIBIT A

EXHIBIT B

Exhibit A

# Superior Court of the District of Columbia
## CRIMINAL DIVISION

Court File Date: 7-21-83
LOCK UP L-44
PDID 236-259
CCR 28-806

☐ CITATION ☐ BOND ☐ Collateral $ ____ Page Number ____

NAME OF DEFENSE COUNSEL / CODE / S C/A R / DATE WITHDRAWN
1. [crossed out]
2. Stephen Milliken 254437

NAME OF PROSECUTOR 27416 CODE
1. O'Neill
2.

COURT REPORTER: Tape #16

### FILE DATE DISPOSITIONS
Count(s) AB No Papers
Count(s) ____ Nolle Prosequi
Prosecutor: ____

Count(s) C — PLEA: ☐ Not Guilty ☐ Guilty — JUDGMENT: ☐ Not Guilty ☐ Guilty

### CONTINUED DATE
| | |
|---|---|
| ARRAIGNMENT | |
| FORENSIC REPORT | |
| PREL. HEARING | 8/3 [illegible] |
| STATUS HEARING | |
| JURY TRIAL | |
| NON-JURY | |
| PROBATION R & S | |
| TRAFFIC SCHOOL | |

☑ Defendant informed of rights pursuant to Superior Court Rule 5 (b) including the right to counsel.
☐ PERSONAL RECOGNIZANCE
☐ Third Party Custodian
☐ Collateral Remains
☐ Defendant Advised of Penalties for Failure to Appear.

BOND IN THE AMOUNT OF $ ____ ☐ UNSECURED ☐ CASH ___% ☐ SURETY
☐ DEFENDANT COMMITTED — CLERK
JUDGE: Comm. [illegible]

CROSS REFERENCE
| COUNTS | CHARGES |
|---|---|
| A | IMPERSONATE POLICE OFFIC |
| B | SODOMY |
| C | KIDNAP |
| D | Kidnap |
| E | FSA |
| F | SA |
| G | MAYHEM |
| H | Sodomy |
| I | IAM |
| J | IAM |
| K | Kidnap |
| L | FSA |
| M | SA |
| N | MAYHEM |
| O | Sodomy |

### ADDITIONAL FILE DATE ENTRIES
JUL 21 1983
Certified to [illegible] King for Indictment - due to Charge

DISPOSED / PENDING

### FINAL DISPOSITION ONLY
DATE: 9/25/84 Counts "D" thru "J", "N" Dismissed. Count "K" NLT Five (5) years NMT Fifteen (15) years with credit for time served & Fed Desig recommended with mental health treatment. Count "O" NLT Three (3) years, NMT Nine (9) years consecutive to Ct K. FSS As to Count O only.
Count(s) ____ Nolle Prosequi Prosecutor: "SEE INSIDE"
COURT REPORTER / CLERK / JUDGE

PROBATION REFERRAL
☐ 163 FILED
Sentence Date 9-10-84
Due Date 9-7-84

Diversion Programs — Date Admitted
☐ ACCELERATED ☐ 1st OFFENDER ☐ CROSSROADS ☐ SPECIAL DIVERSION ☐ D.U.I. DIVERSION ☐ ____ DIVERSION

All Counts Closed — DISPOSED

THE UNITED STATES v. ANDRE DREW
INDICTMENT FILED II
ASSIGNED TO Judge Wertheim
GRAND JURY NO. F-4213-83C
ARRAIGNMENT SET

F 4213 '83

Form CD(14)-1022/Aug 80

PAGE 6

FORM CD-1032/Aug 80

DATE: 10/30/85 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN, JURY DEMAND WITHDRAWN, PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: To: | BOND AMOUNT

COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $ ☐ P.R.

☐ SEE FINAL DISPOSITION | ☐ Defendant Present ☐ Counsel Present | ☐ Remaining counts to be dismissed at sentencing

Motion to Reduce Sentence Overruled.

CLOSED Awaiting G.J. / Cont to pay | PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK gm | JUDGE: Ryan

---

DATE: NOV 6 1985 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN, JURY DEMAND WITHDRAWN, PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: To: | BOND AMOUNT

COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $ ☐ P.R.

☐ SEE FINAL DISPOSITION | ☐ Defendant Present ☐ Counsel Present | ☐ Remaining counts to be dismissed at sentencing

ORDER, DATED 10-30-85, SIGNED BY JUDGE RYAN DENYING/GRANTING DEFT./GOVT. MOTION FOR/TO Reduce Sentence FILED 1-22-85, RECEIVED AND FILED. COPIES TO ALL PARTIES THIS DATE. NOV 6 1985 DQ

CLOSED Awaiting G.J. / Cont to pay | PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK | JUDGE:

---

DATE: 12/24/85 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN, JURY DEMAND WITHDRAWN, PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: To: | BOND AMOUNT

COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $ ☐ P.R.

☐ SEE FINAL DISPOSITION | ☐ Defendant Present ☐ Counsel Present | ☐ Remaining counts to be dismissed at sentencing

Motion for reconsideration of court's order overruling deft's motion for reduction of sentence/a modification of sentence structure. Filed 12/23/85 and forwarded to Judge Hannon. DQ.

CLOSED Awaiting G.J. / Cont to pay | PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK | JUDGE:

---

DATE: 3/20/86 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN, JURY DEMAND WITHDRAWN, PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: To: | BOND AMOUNT

COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $ ☐ P.R.

☐ SEE FINAL DISPOSITION | ☐ Defendant Present ☐ Counsel Present | ☐ Remaining counts to be dismissed at sentencing

Order denying Deft's pro se motion for reconsideration of sentence filed herein. Copies mailed

CLOSED Awaiting G.J. / Cont to pay | PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK JMI | JUDGE: Hannon

---

Name: ANDRE DREW | Docket No.: F 4213-83

83-5335-P

PAGE 7

FORM CD-1032/Aug 80

| DATE: 9-10-84 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) K, D | Continued for: Deft To: 9-25-84 | BOND AMOUNT $2800 ☐ P.R. |
|---|---|---|---|---|---|
| COURT REPORTER Carolyn Sargent Official Court Reporter | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | |
| ☐ SEE FINAL DISPOSITION | ☑ Defendant Present ☑ Counsel Present | | | ☑ Remaining counts to be dismissed at sentencing | |

Defense request continuance. Counts "D" - "J" and "N" To be dismissed at sentencing

| AB CLOSED | Awaiting G.J. / Cont to pay | D-O PENDING | Updated By W | ☐ Released and warned of Penalties for failure to return ☑ DEFENDANT COMMITTED | CLERK SB | JUDGE: Ryan |
|---|---|---|---|---|---|---|

| DATE: 9/25/84 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: To: | BOND AMOUNT $ ☐ P.R. |
|---|---|---|---|---|---|
| COURT REPORTER Carolyn Sargent Official Court Reporter | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | |
| ☐ SEE FINAL DISPOSITION | ☐ Defendant Present ☐ Counsel Present | | | ☐ Remaining counts to be dismissed at sentencing | |

(Continuation from Final Disp:) 'D' Sup Prob Five (5) year with continuing mental health treatment following incarceration period on Count K.

J&CO order / Commitment order filed

| K.O CLOSED | Awaiting G.J. / Cont to pay | PENDING | Updated By W | ☐ Released and warned of Penalties for failure to return ☑ DEFENDANT COMMITTED | CLERK SB | JUDGE: Ryan |
|---|---|---|---|---|---|---|

| DATE: OCT 3 1984 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: To: | BOND AMOUNT $ ☐ P.R. |
|---|---|---|---|---|---|
| COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | |
| ☐ SEE FINAL DISPOSITION | ☐ Defendant Present ☐ Counsel Present | | | ☐ Remaining counts to be dismissed at sentencing | |

Federal Designation Processed/[illegible]

| CLOSED | Awaiting G.J. / Cont to pay | PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK | JUDGE: |
|---|---|---|---|---|---|---|

| DATE: 2-1-85 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: To: | BOND AMOUNT $ ☐ P.R. |
|---|---|---|---|---|---|
| COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | |
| ☐ SEE FINAL DISPOSITION | ☐ Defendant Present ☐ Counsel Present | | | ☐ Remaining counts to be dismissed at sentencing | |

MOTION TO REDUCE SENTENCE FILED 1-22-85 ENTERED THIS DATE. FORWARDED TO JUDGE RYAN.

[signature]

| CLOSED | Awaiting G.J. / Cont to pay | PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK | JUDGE: |
|---|---|---|---|---|---|---|

Name: Andre Drew    Docket No.: F-4213-83

83-5250-F

PAGE 6 FORM CD-1032/Aug 80

| DATE: 2-29-84 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) "D-O" | Continued for: TRIAL To: 5-7-84 | BOND AMOUNT $2500 |
|---|---|---|---|---|---|
| COURT REPORTER Curtis Moore III | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | ☐ P.R. |
| ☐ SEE FINAL DISPOSITION | ☑ Defendant Present | ☑ Counsel Present | ☐ Remaining counts to be dismissed at sentencing | | |

S. H. Shell

O/C Rip filed herein

| CLOSED ABC | Awaiting G.J. / Cont to pay | PENDING DEFENSE SKLAMPO | Updated By w | ☐ Released and warned of Penalties for failure to return ☑ DEFENDANT COMMITTED | CLERK [illegible] | JUDGE: Ryan |
|---|---|---|---|---|---|---|

| DATE: 3-8-84 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: To: | BOND AMOUNT $ |
|---|---|---|---|---|---|
| COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | ☐ P.R. |
| ☐ SEE FINAL DISPOSITION | ☐ Defendant Present | ☐ Counsel Present | ☐ Remaining counts to be dismissed at sentencing | | |

copy of letter from defendant filed --
Motion to strike Appearance.

| CLOSED | Awaiting G.J. / Cont to pay | PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK gm | JUDGE Ryan |
|---|---|---|---|---|---|---|

| DATE: 3-23-84 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: To: | BOND AMOUNT $ |
|---|---|---|---|---|---|
| COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | ☐ P.R. |
| ☐ SEE FINAL DISPOSITION | ☐ Defendant Present | ☐ Counsel Present | ☐ Remaining counts to be dismissed at sentencing | | |

Motion to Sever Counts Filed by defense

| CLOSED | Awaiting G.J. / Cont to pay | PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK gm | JUDGE: Ryan |
|---|---|---|---|---|---|---|

| DATE: 5-7-84 | COUNT(S) K, D | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) K, D | Continued for: [illegible] To: 9-10-84 | BOND AMOUNT $2500 |
|---|---|---|---|---|---|
| COURT REPORTER D. Franklin | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | ☐ P.R. |
| ☐ SEE FINAL DISPOSITION | ☑ Defendant Present | ☑ Counsel Present | ☑ Remaining counts to be dismissed at sentencing | | |

Counts "D thru J" "L thru N" to be dismissed at sentencing
Plea agreement filed

D/c Commitment filed

| CLOSED ABC | Awaiting G.J. / Cont to pay | PENDING DEFENSE SKLAMPO | Updated By 76 | ☐ Released and warned of Penalties for failure to return ☒ DEFENDANT COMMITTED | CLERK SS | JUDGE: Ryan |
|---|---|---|---|---|---|---|

Name: Andre Drew Docket No.: F-4213-83

83-5336-P

0003 0005

PAGE 5 FORM CD-1032/Aug 80

| DATE: 2-10-84 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: SH To: 2-15-84 | BOND AMOUNT |
|---|---|---|---|---|---|
| COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $ ☐ P.R |
| ☐ SEE FINAL DISPOSITION | ☐ Defendant Present ☐ Counsel Present | | ☐ Remaining counts to be dismissed at sentencing | | |

special status hearing set at request of defense counsel; government consents.

Come up required for defendant

| CLOSED | Awaiting G.J. / Cont to pay | DEFENDANT PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK gm | JUDGE: Ryan |
|---|---|---|---|---|---|---|

| DATE: 2-13-84 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: SH To: 2-17-84 | BOND AMOUNT |
|---|---|---|---|---|---|
| COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $ ☐ P.R |
| ☐ SEE FINAL DISPOSITION | ☐ Defendant Present ☐ Counsel Present | | ☐ Remaining counts to be dismissed at sentencing | | |

Special Status hearing set for 2/17/84 at request of defense counsel; government attorney agrees to date.

| CLOSED | Awaiting G.J. / Cont to pay | DEFENDANT PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK gm | JUDGE: Ryan |
|---|---|---|---|---|---|---|

| DATE: 2-16-84 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: To: | BOND AMOUNT |
|---|---|---|---|---|---|
| COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $ ☐ P.R |
| ☐ SEE FINAL DISPOSITION | ☐ Defendant Present ☐ Counsel Present | | ☐ Remaining counts to be dismissed at sentencing | | |

Motion to Dismiss Sodomy Counts in Indictment filed by defence counsel.

| CLOSED | Awaiting G.J. / Cont to pay | PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK gm | JUDGE: Ryan |
|---|---|---|---|---|---|---|

| DATE: 2-17-84 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) D-O | Continued for: S.H. To: 2-28-84 | BOND AMOUNT |
|---|---|---|---|---|---|
| COURT REPORTER William Lee Moore Official Court Reporter | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $25000.00 ☐ P.R |
| ☐ SEE FINAL DISPOSITION | ☑ Defendant Present ☑ Counsel Present | | ☐ Remaining counts to be dismissed at sentencing | | |

Atty Leder withdrawn per defendant. Motion to strike Atty Leder Appearance. Atty Stephen Milliken Appointed under CJA

O/C Opposition filed herein

| CLOSED | Awaiting G.J. / Cont to pay | DEFENDANT PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☑ DEFENDANT COMMITTED | CLERK | JUDGE: RYAN |
|---|---|---|---|---|---|---|

**Name:** Andre Drew **Docket No.:** F 4213-83

PAGE 4 FORM CD-1032/Aug 80

DATE: JAN 26 1984 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN, JURY DEMAND WITHDRAWN, PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: To: | BOND AMOUNT

COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $ ☐ P.R.

☐ SEE FINAL DISPOSITION ☐ Defendant Present ☐ Counsel Present ☐ Remaining counts to be dismissed at sentencing

[illegible] ASSIGNED TO Judge Ryan

[illegible] BRANCH

CLOSED | Awaiting G.J. | Cont to pay | PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK | JUDGE:

DATE: 1-26-84 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN, JURY DEMAND WITHDRAWN, PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) 1)-D | Continued for: SH To: 1-30-84 | BOND AMOUNT

COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $2500 ☐ P.R.

☐ SEE FINAL DISPOSITION ☐ Defendant Present ☐ Counsel Present ☐ Remaining counts to be dismissed at sentencing

CLOSED | Awaiting G.J. | Cont to pay | PENDING Defendant [illegible] | Updated By W | ☐ Released and warned of Penalties for failure to return ☒ DEFENDANT COMMITTED | CLERK [illegible] | JUDGE:

DATE: 1-30-84 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN, JURY DEMAND WITHDRAWN, PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) 1)-D | Continued for: Trial To: 2-28-84 X | BOND AMOUNT

COURT REPORTER William Lee Moore III Official Court Re[porter] | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $2500 ☐ P.R.

☐ SEE FINAL DISPOSITION ☒ Defendant Present ☒ Counsel Present ☐ Remaining counts to be dismissed at sentencing

SH Held Trial set with Priority

D/C Stip filed

CLOSED | Awaiting G.J. | Cont to pay | PENDING DGFEN [illegible] | Updated By W | ☐ Released and warned of Penalties for failure to return ☒ DEFENDANT COMMITTED | CLERK SB | JUDGE: Ryan

DATE: 2/9/84 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN, JURY DEMAND WITHDRAWN, PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: To: | BOND AMOUNT

COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $ ☐ P.R.

☐ SEE FINAL DISPOSITION ☐ Defendant Present ☐ Counsel Present ☐ Remaining counts to be dismissed at sentencing

Motion for leave to late file and Motion to Suppress Evidence filed by defense council

Motion for Order Compelling Disclosure of Witness filed by defense

CLOSED | Awaiting G.J. | Cont to pay | PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK gm | JUDGE: Ryan

Name: Andre Drew | Docket No.: F4213-83

PAGE 3

FORM CD-1032/Aug 80

| DATE: DEC 13 1983 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: To: | BOND AMOUNT |
|---|---|---|---|---|---|
| COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $ ☐ P.R. |
| ☐ SEE FINAL DISPOSITION | ☐ Defendant Present ☐ Counsel Present | | ☐ Remaining counts to be dismissed at sentencing | | |

ORDER, DATED 12-7-83, SIGNED BY ~~JUDGE~~ C. King DENYING/GRANTING DEFT.'S/GOVT. MOTION FOR/TO w/Draw as Counsel FILED 11-25-83, RECEIVED AND FILED. COPIES MAILED TO ALL PARTIES THIS DATE. DEC 13 1983 D

| CLOSED | Awaiting G.J. / Cont. to pay | PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK | JUDGE: |
|---|---|---|---|---|---|---|

| DATE: DEC 14 1983 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | Continued for: To: | BOND AMOUNT |
|---|---|---|---|---|---|
| COURT REPORTER | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $ ☐ P.R. |
| ☐ SEE FINAL DISPOSITION | ☐ Defendant Present ☐ Counsel Present | | ☐ Remaining counts to be dismissed at sentencing | | |

INDICTMENT FILED THIS DATE. COUNT(S) D-O

| CLOSED | Awaiting G.J. / Cont. to pay | PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☐ DEFENDANT COMMITTED | CLERK | JUDGE: |
|---|---|---|---|---|---|---|

| DATE: 12-29-83 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) D-O | Continued for: Status To: 1-25-84 | BOND AMOUNT |
|---|---|---|---|---|---|
| COURT REPORTER D. Swaringer | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $25,000 ☐ P.R. |
| ☐ SEE FINAL DISPOSITION | ☒ Defendant Present ☒ Counsel Present | | ☐ Remaining counts to be dismissed at sentencing | | |

Atty S. Howell stood in for Atty. Deft. Arraigned counts D-O. Plea of Not guilty and jury demand Made

ABC DEFENDANT Commitment filed

| CLOSED | Awaiting G.J. / Cont. to pay | PENDING | Updated By W | ☐ Released and warned of Penalties for failure to return ☒ DEFENDANT COMMITTED | CLERK LVE | JUDGE: King for Wertheim |
|---|---|---|---|---|---|---|

| DATE: 1-25-84 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) D-O | Continued for: Status To: 1-27-84 | BOND AMOUNT |
|---|---|---|---|---|---|
| COURT REPORTER J. Bowman | COUNT(S) | Bench Warrant Ordered and issued Forthwith | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | $25,000 ☐ P.R. |
| ☐ SEE FINAL DISPOSITION | ☒ Defendant Present ☒ Counsel Present | | ☐ Remaining counts to be dismissed at sentencing | | |

Court recuses himself from this case. Case certified to felony office for Assignment to another judge. ~~Clerks office~~ LVE

o/c slip filed

| CLOSED | Awaiting G.J. / Cont. to pay | PENDING | Updated By | ☐ Released and warned of Penalties for failure to return ☒ DEFENDANT COMMITTED | CLERK LVE | JUDGE: Wertheim |
|---|---|---|---|---|---|---|

Name: Andre Shaw | Docket No.: F-4213-83

N3/33

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. F4213-83 K, D

PDID No. 236-259

vs.

Andre Drew

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of "K" Kidnaping "O" Sodomy

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to "K" NLT Five (5) years NMT Fifteen (15) years with credit for time served. A Federal Designation recommended with Mental Health treatment. Count "O" NLT Three (3) years, NMT Nine (9) years consecutive to count K. ESS as to Count "O" only. Sup Prob five (5) years with continuing mental health treatment following incarceration period on Count K.

☒ ORDERED that the defendant is committed to the custody of the Attorney General for imprisonment for the period imposed above.

☒ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Obtain a job as soon as possible or continue your present employment.

☒ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer. Phillips Institute or Similar Program

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $______ in monthly installments of $______ beginning ______ (see reverse side for payment instructions). The Court will distribute monies to ______

☐ ______

Costs in the aggregate amount of $40.00 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

September 25, 1984
Date

[signature]
Judge

Certification by Clerk pursuant to Criminal Rule 32(d)

September 25, 1984
Date

[signature]
Deputy Clerk

A TRUE COPY
APR 24 2007
Clerk Superior Court of the District of Columbia
By: [signature]
Deputy Clerk

3:10

Original — Court
Blue — Jail
Green — Defendant
Canary — Social Services
Pink — Mayor's Office
Goldenrod — U.S. Attorney/Corporation Counsel
Goldenrod — Defense Attorney

Form CD(18)-1040/Apr. 83

DISTRICT OF COLUMBIA SUPERIOR COURT
OFFICE OF THE UNITED STATES ATTORNEY

UNITED STATES

vs.

ANDRE NMN DREW

states never in service

☐ YES ☐ NO ☐ REFUSED

STATEMENT OF FACTS: (Give a brief statement, in your own words, of the facts surrounding the offense and the arrest. Use Supplemental Form 10-344 for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses, REFER to them as W-1 or W-2, etc. as indicated in Item 31.)

On 7-20-83 at about 2350 hours the c/w was in the area of Wisconsin avenue and Yuma street NW DC when he observed a negro male, 25-35 yrs of age,, 5'7" to 5'9", thin but muscular build, dark skinned, short hair, mustache, wearing dark pants and a white tank type t-shirt. The subject was standing next to an older model 4 door medium blue dodge or plymouth dart or valiant. As the c/w approached the subject flashed a Police type ID folder with a badge, stated he was a Police officer and that the c/w was a suspect in a mugging. The subject frisked the c/w and then handcuffed him with his hands behind his back. The c/w was then placed in the back seat of the car and driven to the Park Road Tennis Court parking lot in Rock Creek Park NW Wash, DC and removed from the vehicle. The subject began to unbuckle the c/w's belt and the c/w kicked him in the groin. The subject then struck the c/w in the face causing injuries. The subject then took some lubricant out of the car and used his finger to lubricate the c/w's anus and then had anal intercourse with the c/w. At the completion the subject un-handcuffed the c/w and left the area.

On 7-21-83 at about 0118 hours the undersigned and Det Mathews were in the area of Wisconsin Avenue and Van Ness Street NW Wash DC and observed an older model medium blue 4 door Dodge Dart travelling north on Wisconsin Avenue NW DC. We followed the vehicle and stopped it at Wisconsin and Grant sts NW DC. The undersigned approached the vehicle and observed that the operator was a negro male, about 30-35 yrs of age, short hair, mustache, medium dark complexion, wearing a white tank type t-shirt. The undersigned asked the operator of the vehicle to step out of his car and produce a license and registration to the vehicle. At this time it was observed that there was a white male subject in the front seat. As the subject bent over in the front seat of the vehicle to obtain his license the undersigned observed a nylon type folding wallet on the front seat with what appeared to be a badge in it. This item was recovered by the undersigned. The subject was identified as the defendant and while interviewing him behind his vehicle Det Mathews observed blood on the rear seat of the car. At this point the subject was placed under arrest and advised of his rights.

[illegible] the offender his/her whereabouts at the time of offense? [illegible]

DEFENDANT'S NAME

CASE NUMBER

Subscribed and sworn before me this ______ DAY OF ______ 1983

Det Th P Rhoyal [signature] 334
POLICE OFFICER BADGE

Rita B. Caine [signature]
DEPUTY CLERK

Exhibit

B

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION - FELONY BRANCH

UNITED STATES OF AMERICA

v.

ANDRE DREW

Criminal Case No. 2005FEL007174
(F-7174-05)

Judge Gardner

Arraignment: March 1, 2006

**NOTICE OF FILING**

The government requests that the attached discovery letter dated March 1, 2006 be made part of the record in this case.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

Alex J. Grant, D.C. Bar # 478-577
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Filing and attached discovery letter was served by hand upon Defense Counsel Brandi Harden, Esquire, this 1st day of March, 2006.

Alex J. Grant
Assistant United States Attorney



**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20530*

March 1, 2006

Brandi Harden, Esq.

*Re:* *United States v. Andre Drew*
*Case No. F-7174-05*

Dear Ms. Harden:

I am writing to provide certain information in response to your request for discovery pursuant to Superior Court Criminal Rule 16.

**I. Plea Offer**

The government has previously made an oral pre-indictment plea offer which would have involved your client pleading guilty either to one count of First Degree Child Sexual Abuse (with aggravating circumstances) or to two counts of First Degree Child Sexual Abuse (without aggravating circumstances). You indicated to me that your client was uninterested in that plea offer.

Later you proposed a plea deal whereby your client would plead guilty to First Degree Child Sexual Abuse (with aggravating circumstances) under Rule 11(e)(1)(C) with the parties agreeing to a sentence of 30 years imprisonment. I later told you orally that my supervisor approved of such an arrangement. You have yet to inform me whether your client is interested in such a deal. As a result, I am assuming that your client intends to go to trial, and no plea offers are outstanding at this point.

**II. Discovery**

**A. Documents**

I have previously provided you with copies of numerous documents. I am also attaching additional documents pertaining to this case.

1. PD 251 (provided prior to detention hearing)
2. PD 252 (provided prior to detention hearing)
3. PD 47 (attached)

4. PD 123 (3 pages) (provided prior to detention hearing)
5. PD 123 (1 page) (provided prior to detention hearing)
6. PD 163 (provided prior to detention hearing)
7. PD 202A (2 pages) (provided prior to detention hearing)
8. PD 668 (attached)
9. PD 698 (2 pages)(attached)
10. PD 781 (provided prior to detention hearing)
11. PD 413 (attached)
12. Crime Scene Investigations Branch Case review log sheet (attached)
13. PD 707 (attached)
14. copies of cards and identifications found with your client (4 pages) (provided prior to detention hearing)
15. officer notes (11 pages) (provided prior to detention hearing)
16. Gerstein (provided at arraignment)
17. pre-sentence report in F-4213-83 (provided prior to detention hearing)
18. List of items from defendant's apartment and vehicle produced by Everett Drew (handwritten notes of Everett Drew–one page) (attached)
19. One page of handwritten notes of Det. Darryn Robinson depicting telephone numbers in defendant's cell phone address book (attached) (you may also view the cell phone; Note that "Angle" [sic] is a misspelled version of A.B.'s name)
20. Nine pages of defendant's resumes, sign up sheets, and flyers recovered from defendant's apartment (attached)

**B. Evidence**

**1. Physical Evidence**

At trial the government may seek to introduce the physical evidence that is described on the attached police reports and those items listed below. This evidence includes:

21. 911 call (tape attached)
22. 6 pages of color photographs from CVS (provided prior to detention hearing)
23. Photographs of the victim(s)
24. Photographs of the scene
25. Diagrams of the location where the incident occurred
26. Medical records
27. CVS surveillance video (attached)
28. Videotape interview of A.B. (attached)

**2. Inspection**

Upon request, you are entitled to inspect and copy or photograph certain books, papers,

documents, photographs, tangible objects, buildings or places that are within the possession, custody or control of the government. *See* Super. Ct. Crim. R. 16(a)(1)(C). If you would like to view any of the evidence listed above or described on the attached police reports, please contact me immediately and we can make arrangements for you, or your certified investigator, to inspect the evidence. These arrangements will include a condition that you not raise any objection to the admissibility of such evidence at trial because of the break in the chain-of-custody occasioned by your inspection.

**C. Other Crimes Evidence**

During the course of the trial the government may seek to introduce certain evidence relating to other crimes or bad acts committed by the defendant. This serves as the government's notice of intent to introduce Drew and Toliver and Johnson information at the time of trial. This evidence will be used to show the defendant's motive, identity, and intent to commit the charged offenses. Specifically, the government intends to introduce the defendant's conduct underlying his convictions in F-4213-83 for Sodomy and Kidnapping. This evidence will be used to show the common scheme or plan of using lubricant prior to performing anal intercourse on his victims. This common scheme or plan will be direct evidence at trial of the identity of the perpetrator in the indictment in this case (i.e., your client). In addition, this common scheme or plan will be direct evidence of the defendant's intent and motive to commit the charged offenses. Furthermore, this conduct will be introduced to show the defendant's unusual sexual preference for adolescent boys. Moreover, certain documents from your client's apartment and vehicle show that your client has an interest in, and has frequented internet child pornography websites featuring adolescent boys. In addition, the government expects to introduce evidence that your client showed the boys named in the indictment pornography to entice them to have sex and as a reward for engaging in sex with the defendant and not telling others about sex acts they had witnessed or engaged in. Certain videotapes from your client's apartment have not been reviewed by the government, but the government intends to do so imminently. You are also free to view those videotapes. In the event that these videotapes are the same videotapes described by the boys, the government will seek to introduce the videotapes at trial.

As your client described in his statement to the police, your client was essentially engaged in a blackmail scheme against A.B., the original complainant, in which he threatened to send a pornographic picture and card to A.B.'s mother unless A.B. returned money allegedly stolen by A.B. In fact, this blackmail scheme is tied to the defendant's scheme to offer D.B. and A.B. money to engage in sex acts while the defendant took photographs of the boys. The boys did engage in the sex acts, but the defendant did not give the promised money. The blackmail scheme was a way for the defendant to keep the benefits of the original deal (i.e., the photographs) without having to pay the boys.

As described in the detention hearing, your client was engaged in a scheme to defraud by helping D.B. and A.B. in a plan to raise money for an ostensible fundraiser. Your client typed and printed flyers and sign up sheets. Copies of these documents are attached. These documents and the defendant's efforts to help the boys were part of the inducements and benefits given by your client

to the victims so that they would engage in sex with him and not to tell others about sex acts they had witnessed or engaged in. This evidence will show the defendant's intent as well as the defendant's common scheme or plan to have the sex described in the indictment.

**D. Statements**

The defendant made a Mirandized, videotaped statement to the police after his arrest. A copy of that videotape was provided to you prior to the detention hearing.

**Identification Procedures**

The victim A.B. identified your client at the scene of the vehicle stop described in the Gerstein. In addition, T.S. and D.B. made single photograph confirmation identifications of your client. Copies of those identifications are attached or have been previously provided.

**E. Criminal Record**

Please refer to the pre-sentence report in F-4213-83 previously provided to you and the Pretrial Services Report that you received at arraignment for information about your client's record. I will notify you in writing if the government learns of any additional convictions.

**F. Government's Discovery Requests**

The government hereby makes the following discovery requests:

- notice of documents and tangible objects the defendant expects to introduce pursuant to Super. Ct. Crim. R. 16(b);

- a Jencks request for all prior statements of any defense witness (excluding the defendant) pursuant to Super. Ct. Crim. R. 26.2;

- a Lewis request (for which we request the name, date of birth, sex, and social security number of each defense witness prior to trial); and

- a request for information pertaining to any expert or scientific testimony or evidence pursuant to Rule 16(b)(1)(B) and (C).

Pursuant to Super. Ct. Crim. R. 16(b)(2), we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

**H. Other Information (Brady / Lewis / Giglio )**

As the Gerstein indicated, and as the testimony from Detective Palchak at the detention

hearing showed, A.B. the original complainant, gave inconsistent accounts of how the pornographic photographs depicting A.B. and D.B. came to be taken by your client. In a videotaped interview with police, A.B. later told the truth about how the photographs came to be taken. A.B. was also asked whether the defendant had actually engaged in sex with A.B. A.B. replied that he had not engaged in sex with the defendant. A few days later, A.B. disclosed to Detective Tim Palchak that the defendant had engaged in sex with the defendant, but Palchak was too busy to follow up to garner specific information at that point. Later, A.B. was interviewed by another prosecutor in my office and a victim advocate, and A.B. again denied having sex with the defendant, and mentioned a scenario by which the photographs were taken by use of physical force or threats and the use of a knife. A.B. was interviewed on a final occasion by Detective Palchak and myself. At that interview, A.B. again said that the photographs were taken by means of enticement and an offer of money. A.B. denied and then later said that he had engaged in sex acts with the defendant. A.B. also indicated that the anal sex depicted in the CVS photographs did not actually involve the penetration of the boys' anuses with their penises. Further investigation revealed that A.B. is mentally retarded and operates at a 2nd grade level. In light of A.B.'s inconsistencies about having sex with the defendant, the government did not seek an indictment containing counts involving the defendant having sex with A.B. since the government wanted to focus on counts where the evidence easily surpassed our burden at trial, proof beyond a reasonable doubt. A copy of A.B.'s 911 call is included in this discovery package. The substance of this 911 call is communicated in the original Gerstein. The government does not intend to call A.B. as a witness at trial. However, if you would like to do further investigation into A.B.'s inconsistencies, I can help to arrange an opportunity for you to interview A.B. in the event that you feel that you would like to call A.B. as a defense witness at trial. Please contact me if you would like to pursue this further.

**III. Contact Information**

If you have any questions about the information provided above, you may contact me by telephone, fax, mail, or e-mail.

Alex J. Grant
Office of the United States Attorney
Sex Offense / Domestic Violence Section
Room 10-848
555 Fourth Street, N.W.
Washington, D.C. 20530

Office: 202-353-8062
Fax: 202-305-0652
E-mail: Alex.Grant@usdoj.gov

If you file any pleading in this case, please note that our zip code has changed recently to 20530. Also, please fax any pleadings or correspondence so that we may be assured receipt of the document.

Sincerely,

KENNETH L. WAINSTEIN
United States Attorney

By: [signature]
Alex J. Grant
Assistant United States Attorney

cc: Superior Court Case File