**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 07-007 (GK) |
| | : | |
| v. | : | |
| | : | |
| **ANDRE DREW** | : | |
| | : | |
| Defendant. | : | |

**PROPOSED JOINT JURY INSTRUCTIONS**

The parties hereby submit the following jury instructions: The parties respectfully seek leave to make any additional requests for specific jury instructions that may become necessary in the event of any presentation of defense evidence or otherwise.

**Instructions Before and During Trial**

1.02    Note taking

1.03    Preliminary Instruction

1.05    Cautionary Instruction Prior to First Recess

1.08    Expert Testimony (if necessary)

1.10    Evaluation of Prior Inconsistent Statement (if necessary)

1.11    Evaluation of Prior Consistent Statement (if necessary)

**Final Instructions**

2.01    Function of Court

2.02    Function of Jury

2.03    Jury's Recollection Controls

2.04    Evidence in Case – Judicial Notice, Stipulations

2.05   Statements of Counsel

2.06   Indictment Not Evidence

2.07   Inadmissible and Stricken Evidence

2.08   Burden of Proof -- Presumption of Innocence

2.09   Reasonable Doubt

2.10   Direct and Circumstantial Evidence

2.11   Credibility of Witnesses

2.13   Number of Witnesses

2.14   Nature of Charges Not to be Considered

2.21   Child's testimony (added by defense)

2.26    Police Officer's Testimony

2.27   Right of Defendant Not to Testify – if applicable

2.28   Defendant as a Witness – if applicable

2.42   Character and Reputation of Defendant – if applicable

2.43   Cross-examination of Character Witnesses – if applicable

2.48   Statements of the Defendant Substantive Evidence -if applicable

2.52   Multiple Counts – One Defendant

2.71   Election of Foreperson

2.72   Unanimity

2.73   Exhibits During Deliberations

2.74   Possible Punishment Not Relevant

2.75   Communication Between Court and Jury During Deliberations

**Offenses**

The parties also request the following particular instructions pertaining to the offenses charged in the indictment

**Enticing a Minor to Engage in Sexual Conduct for the Purpose of Production**

Count One of this Indictment charges that between on or about October 1, 2005 and December 9, 2005, the defendant, Andre Drew, did use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, specifically oral-genital and anal-genital sexual intercourse, for the purpose of producing visual depictions of such conduct, specifically photgraphs, such photographs having been produced using materials that been transported by any means in interstate commerce.    The elements of this count, each of which the government must prove beyond a reasonable doubt are:

First:   That at the time of the offense, the victim was under the age of eighteen years;

Second: That the defendant, Andre Drew, did use, persuade, induce and entice a child to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and; and

Third: that the photographs themselves were produced using materials that been transported by any means in interstate commerce.

**First Degree Child Sexual Abuse** (22 D.C. Code § 3008)

The essential elements of the offense of first degree child sexual abuse, each of which the government must prove beyond a reasonable doubt, are:

First: That the defendant, Andre Drew, engaged in a sexual act with D.B, that is placed his mouth on the penis of D.B.; or caused D.B. to engage in a sexual act, that is caused D.B. to place

3

D.B.'s mouth on the penis of A.B.; and

 Second: That D.B. was under the age of 16 years at the time of the sexual act; and

 Third: That the defendant was more than four years older than D.B.

The emission of semen is not required for this crime to be complete.

 Consent is not a defense to the charge of first degree child sexual abuse. You should not consider any evidence that has been presented on the issue of consent when deciding whether the defendant is guilty or not guilty of this offense. See 22 D.C. Code §3011(a) (2001 ed.).

 It is also not a defense to child sexual abuse that the defendant mistakenly believed that D.B. was sixteen years of age or older or that the defendant mistakenly believed that he was less than four years older than D.B. See 22 D.C. Code §3011(a) (2001 ed.). The government does not have to prove that the defendant knew D.B.'s age or the age difference between himself and D.B. See 22 D.C. Code §3012 (2001 ed.). Any testimony with respect to these issues is irrelevant, and you should disregard it in determining whether the defendant is guilty or not guilty of this offense.

 There is no requirement that the government prove that D.B. submitted to this sexual act because of force, or because he was threatened or placed in reasonable fear that he might be subjected to death, bodily injury or kidnapping. Any testimony or evidence that has been presented on the issues of force, threats or fear, or the absence of those emotions is irrelevant, and you should disregard it in determining whether the defendant is guilty or not guilty of this offense. See 22 D.C. Code §3008 (2001 ed.).

**Second Degree Child Sexual Abuse** (22 D.C. Code §3009)

The essential elements of second degree child sexual abuse, each of which the government must prove beyond a reasonable doubt, are:

First: That the defendant, Andre Drew, engaged in a sexual contact with D.B., that is placed his penis between the buttocks of D.B.;

Second: That the defendant did so with an intent to abuse, humiliate, harass, degrade, or gratify his own or D.B.'s sexual desires;

Third: That at the time of the sexual contact, D.B. was under sixteen years of age; and

Fourth: That the defendant was more than four years older than D.B.

The emission of semen is not required for this crime to be complete.

Consent is not a defense to the charge of first degree child sexual abuse. You should not consider any evidence that has been presented on the issue of consent when deciding whether the defendant is guilty or not guilty of this offense. See 22 D.C. Code§3011(a) (2001 ed.).

It also is not a defense to child sexual abuse that the defendant mistakenly believed that D.B. was sixteen years of age or older or that the defendant mistakenly believed that he was less than four years older than D.B. See 22 D.C. Code §3011(a) (2001 ed.). The government does not have to prove that the defendant knew D.B.'s age or the age difference between himself and D.B. See 22 D.C. Code §3012 (2001 ed.). Any testimony with respect to these issues is irrelevant, and you should disregard it in determining whether the defendant is guilty or not guilty of this offense.

There is no requirement that the government prove that D.B. submitted to this sexual act because of force, or because he was threatened or placed in reasonable fear that he might be subjected to death, bodily injury or kidnapping. Any testimony or evidence that has been presented on the issues of force, threats or fear, or the absence of those emotions is irrelevant, and you should disregard it in determining whether the defendant is guilty or not guilty of this offense. See 22 D.C. Code §3008 (2001 ed.).

### Prior Convictions

Mr. Drew objects to this instruction. To the extent the Court admits evidence under Rule 414, he wishes to file a supplemental instruction.

You have heard evidence that the defendant was convicted on September 25, 1984, in the Superior Court of the District of Columbia, of kidnaping and sodomy you may us this evidence in your deliberations on weather the defendant committed the offenses charged in Counts 1-4 of the indictment.[1]

### Definitions of Proof

    3.02    Proof of State of Mind

    3.07    "On or About" – Proof of

"Sexual conduct" means a sexual act with an individual younger than 18 years of age where the sexual act would have been a violation of federal criminal law, specifically Chapter 109A.

I instruct you that as a matter of law, it is a violation of federal criminal law to knowingly engage in a sexual act, or to attempt to engage in such an act, with a minor who has attained the

---

[1] Authority: Federal Rules of Evidence, Rule 414(a).

age of 12 years, but has not attained the age of 16 years, and who is at least 4 years younger than the defendant.

A "Sexual Act" as defined by Title 18, Section 2246 of the United States Code includes:

a. contact between the penis of a male and the anus of any person, involving penetration, however slight;

b. contact between the mouth and the penis,

c. the intentional touching , not through the clothing, of the external sexual organ of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

"Interstate or Foreign Commerce" includes commerce between one state, or the District of Columbia.  Foreign commerce means commerce between any part of the United States and any place outside the United States.

"Sexually explicit conduct" includes actual or simulated:

a.. sexual intercourse, including genital-genital and oral-genital, whether between persons of the same or opposite sex;

b. masturbation;

c. lascivious exhibition of the genitals or pubic area of any person.[2]

---

[2] Title 18, United States Code, Section 2256(2).

The parties respectfully request that they be allowed to request additional instructions or modifications consistent with the presentation of evidence.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY
                              D.C. BAR # 498610

By:           _____

                              JULIEANNE HIMELSTEIN
                              ASSISTANT U.S. ATTORNEY
                              Bar Number 417136
                              555 Fourth Street N.W.
                              Washington, D.C. 20530
                              (202) 514-8203


                              _____

                              DENISE SIMMONDS
                              ASSISTANT U.S. ATTORNEY
                              555 Fourth Street, N.W.
                              Washington, D.C. 20530
                              (202) 353-8077

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a copy of the foregoing was served by telecopier upon the following counsel of record:

Danny Onorato, Esquire
Michael Starr, Esquire
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004


              _____
              JULIEANNE HIMELSTEIN
              ASSISTANT U.S. ATTORNEY


              _____
              DENISE SIMMONDS
              ASSISTANT U.S. ATTORNEY