UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 07-007 (GK) |
| v. | : | |
| ANDRE DREW | : | |
| Defendant. | : | |

**MODIFICATION OF PROPOSED JOINT JURY INSTRUCTIONS**

The parties hereby submit the following proposed jury instructions and respectfully seek leave to request such other jury instructions that may become necessary based on the presentation of evidence during the course of the trial.

I.  **Instructions Before and During Trial**

    1.02    Note taking

    1.03    Preliminary Instruction

    1.05    Cautionary Instruction Prior to First Recess

    1.08    Expert Testimony (if necessary)

    1.10    Evaluation of Prior Inconsistent Statement (if necessary)

    1.11    Evaluation of Prior Consistent Statement (if necessary)

II. **Final Instructions**

    2.01    Function of Court

    2.02    Function of Jury

    2.03    Jury's Recollection Controls

    2.04    Evidence in Case – Judicial Notice, Stipulations

2.05   Statements of Counsel

2.06   Indictment Not Evidence

2.07   Inadmissible and Stricken Evidence

2.08   Burden of Proof -- Presumption of Innocence

2.09   Reasonable Doubt

2.10   Direct and Circumstantial Evidence

2.11   Credibility of Witnesses

2.13   Number of Witnesses

2.14   Nature of Charges Not to be Considered

2.21   Child's testimony (added by defense)

2.26    Police Officer's Testimony

2.27   Right of Defendant Not to Testify (if necessary)

2.28   Defendant as a Witness (if necessary)

2.42   Character and Reputation of Defendant (if necessary)

2.43   Cross-examination of Character Witnesses (if necessary)

2.48   Statements of the Defendant Substantive Evidence (if necessary)

2.52   Multiple Counts – One Defendant

2.71   Selection of Foreperson

2.72   Unanimity

2.73   Exhibits During Deliberations

2.74   Possible Punishment Not Relevant

2.75   Communications Between Court and Jury During Deliberations

III.  **Offenses**

The parties also request the following particular instructions pertaining to the offenses charged in the indictment:

**COUNT ONE:** **Enticing a Minor to Engage in Sexual Conduct for the Purpose of Production (18 U.S.C. 2251(a))**

Count One of the indictment charges the defendant, Andre Drew with sexual exploitation of a minor. The elements of this count, each of which the government must prove beyond a reasonable doubt are:

First:  That at the time of the offense, between on or about October 1, 2005 and December 9, 2005, the victim was a minor , that is under the age of eighteen years;

Second:  That the defendant, Andre Drew, did employ, use, persuade, induce, entice or coerce, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third:  That the visual depictions, the photographs, were produced using materials that were transported by any means in interstate or foreign commerce.

"Sexually explicit conduct" means: actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between person of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.  See 18 U.S.C. § 2256(2)(A).

"Interstate or foreign commerce," includes commerce between any states, or between any state and the District of Columbia.  Foreign commerce means commerce between any part of the

United States and any place outside the United States.

**Consent Not A Defense**

Whether or not a minor consented to engaging in sexually explicit conduct or if they agreed to do any of those things for the purpose of producing a visual depiction of such conduct, is irrelevant. The consent or voluntary participation of the minor is **not** a defense[1] to this charge.

**Knowledge Of Age Is Not An Element Of Offense**

The defendant's awareness of the age of the minor is not an element of the offense. Thus, it is not a defense to this charge that the defendant did not know that D.B. was under the age of 18. See United States v. X-Citement Video, Inc., 513 U.S. 64, 76 n.5 (1994) ("[P]roducers [of visual depictions of minors engaging in sexually explicit conduct] may be convicted under §2251(a) without proof they had knowledge of age.").

**COUNTS TWO AND THREE**     **First Degree Child Sexual Abuse (22 D.C. Code § 3008)**

Counts Two and Three of the indictment charge the defendant, Andre Drew, with First Degree Child Sexual Abuse. The essential elements of the offense of First Degree Child Sexual Abuse, each of which the government must prove beyond a reasonable doubt, are:

First:     That the defendant, Andre Drew, caused D.B. to engage in a "sexual act;"

Second:    That D.B. was under the age of 16 years at the time of the sexual act; and

Third:     That the defendant was more than four years older than D.B.

In this case, "sexual act" means contact between the mouth and the penis. See 22 D.C. Code §3001(8)(a). Specifically, in Count Two, the defendant is alleged between on or about October 1,

---

[1] [Minor's Consent Not a Defense]- See 2251(a)

2005 and December 9, 2005, to have caused D.B. to place D.B.'s mouth on A.B.'s penis. In Count Three, the defendant is alleged between on or about June 1, 2005 and December 9, 2005, to have placed his mouth on D.B.'s penis.

### Emission Of Semen Not Required

The emission of semen is not required for this crime to be complete.

### Consent Not A Defense

Consent is not a defense to the charge of First Degree Child Sexual Abuse. You should not consider any evidence that has been presented on the issue of consent when deciding whether the defendant is guilty or not guilty of this offense. See 22 D.C. Code §3011(a).

### Mistake of Age Not A Defense

It also is not a defense to child sexual abuse that the defendant mistakenly believed that D.B. was sixteen years of age or older or that the defendant mistakenly believed that he was less than four years older than D.B. See 22 D.C. Code §3011(a). The government does not have to prove that the defendant knew D.B.'s age or the age difference between himself and D.B. See 22 D.C. Code §3012. Any testimony with respect to these issues is irrelevant, and you should disregard it in determining whether the defendant is guilty or not guilty of this offense.

### Force or Threats Not Required

There is no requirement that the government prove that D.B. submitted to these sexual act's because of force, or because he was threatened or placed in reasonable fear that he might be subjected to death, bodily injury or kidnaping. Any testimony or evidence that has been presented on the issues of force, threats or fear, or the absence thereof is irrelevant, and you should disregard it in determining whether the defendant is guilty or not guilty of this offense. See 22 D.C. Code

§3008.

**COUNT FOUR**     **Second Degree Child Sexual Abuse  (22 D.C. Code §3009)**

Count Four of the indictment charges that between on or about June 1, 2005 and December 9, 2005, the defendant engaged in sexual contacts with D.B.   The essential elements of Second Degree Child Sexual Abuse, each of which the government must prove beyond a reasonable doubt, are:

First:     That the defendant, Andre Drew, engaged in a sexual contact with D.B.;

Second:    That the defendant did so with an intent to abuse, humiliate, harass, degrade, or gratify his own or D.B.'s sexual desires;

Third:     That at the time of the sexual contact, D.B. was under sixteen years of age; and

Fourth:    That the defendant was more than four years older than D.B.

"Sexual contact" means the touching with any clothed or unclothed body part or any object, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.  See 22 D.C. Code §3001(9).

In this case, it is alleged that the defendant, between on or about June 1, 2005 and December 9, 2005, placed his penis between the buttocks of D.B.

**Emission Of Semen Not Required**

The emission of semen is not required for this crime to be complete.

**Consent Not A Defense**

Consent is not a defense to the charge of Second Degree Child Sexual Abuse. You should not consider any evidence that has been presented on the issue of consent when deciding whether the defendant is guilty or not guilty of this offense. See 22 D.C. Code §3011(a).

**Mistake of Age Not A Defense**

It also is not a defense to child sexual abuse that the defendant mistakenly believed that D.B. was sixteen years of age or older or that the defendant mistakenly believed that he was less than four years older than D.B. See 22 D.C. Code §3011(a). The government does not have to prove that the defendant knew D.B.'s age or the age difference between himself and D.B. See 22 D.C. Code §3012. Any testimony with respect to these issues is irrelevant, and you should disregard it in determining whether the defendant is guilty or not guilty of this offense.

**Force or Threats Not Required**

There is no requirement that the government prove that D.B. submitted to these sexual contacts because of force, or because he was threatened or placed in reasonable fear that he might be subjected to death, bodily injury or kidnaping. Any testimony or evidence that has been presented on the issues of force, threats or fear, or the absence thereof is irrelevant, and you should disregard it in determining whether the defendant is guilty or not guilty of this offense. See 22 D.C. Code § 3009.

**IV.   Proposed Limiting Instructions**

Mr. Drew objects to this instruction. To the extent the Court admits evidence under Rule 414, he wishes to file a supplemental instruction.

   **A.**   You have heard evidence that the defendant was convicted on September 25, 1984,

in the Superior Court of the District of Columbia, of sodomy. You may use this evidence in your deliberations on whether the defendant committed the offenses charged in Counts 1-4 of the indictment.[1]

     **B.**    You have heard evidence that the defendant was convicted of sodomy on September 25, 1984, in the Superior Court of the District of Columbia. You may use this evidence for the limited purpose of deciding whether Mr. Drew has an unusual sexual preference for children under the age of eighteen.

**V.**    **Definitions of Proof**

    3.02    Proof of State of Mind

    3.07    "On or About" – Proof of

                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR
                                        United States Attorney
                                        D.C. BAR # 498610

By:    _____
        Julieanne Himelstein
        Assistant U.S. Attorney, Bar #417136
        555 Fourth Street N.W.
        Washington, D.C.  20530
        (202) 514-8203

        _____
        Denise Simmonds
        Assistant U.S. Attorney, Bar #437960
        555 Fourth Street, N.W.
        Washington, D.C.  20530
        (202) 353-8077

---

[1] Authority: Federal Rules of Evidence, Rule 414(a).

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of May 2007, a copy of the foregoing Modification of Proposed Joint Jury Instructions was served by telecopier upon the following counsel of record:

Danny Onorato, Esquire
Michael Starr, Esquire
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004

_____
Julieanne Himelstein
Assistant U.S. Attorney


_____
Denise Simmonds
Assistant U.S. Attorney