**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 07-007 (GK)** |
| | ) | |
| **ANDRE DREW** | ) | |
|     Defendant. | ) | |

**SUPPLEMENTAL MOTION TO SUPPRESS IDENTIFICATION**

On May 1, 2007, at a hearing calendared solely for the purpose of resolving pretrial motions, the government, after being expressly told by the Court that it would not be allowed to change its mind, elected not to call any witnesses in support of its claim that the complainants' pretrial identifications of Mr. Drew were neither suggestive nor unreliable. The government's election to proceed in this fashion was puzzling given the fact that the identification procedures they seek to admit are suggestive and the suggestivity of the procedures triggers the need for reliability determinations before the procedures can be admitted. The Court noted that, in its experience, prosecutorial use of such a tactic in a hearing on a motion to suppress identifications was unprecedented. The Court correctly observed that the defense had many questions to ask of government witnesses in the motions hearing. The Court also observed that, without testimony, it was impossible for the Court to make factual findings that would justify denying Mr. Drew's motion. Later in the day, the Court, over objection, granted the government's request to have a ruling on the motion on to suppress identifications held in abeyance until after completion of the relevant trial testimony.

Research conducted by defense counsel has revealed the government's request to be completely unsupported by precedent. Counsel expects that, if pressed on this issue, the government will rely on *Greenwood v. United States*, 659 A.2d 825 (D.C. 1995). In

*Greenwood*, the D.C. Court of Appeals upheld a motions judge's decision to delay a reliability determination until after trial testimony. However, even a cursory review of *Greenwood* reveals that it is distinguishable from Mr. Drew's case in every significant respect and that Mr. Drew's suppression motion should be granted prior to trial.

At the suppression hearing in *Greenwood*, the government presented testimony from "several police officers regarding the circumstances of the identification procedure." *Id*. at 827. Unlike Mr. Drew's case, after hearing testimony, the motions judge found that the identifications at issue were *not* unduly suggestive.[1] *Id.* Given the finding of no suggestivity, the trial judge was not even obligated to make a reliability determination. *See id.* at 828. The trial judge nonetheless chose to make a reliability determination and granted the government's request that it be delayed until after victim's trial testimony. Unlike Mr. Drew, Mr. Greenwood was not prejudiced by the delayed reliability determination because his trial and motions cross examinations were virtually identical given the facts of that case.

There is no precedent that supports the government's request that the Court delay the reliability determination in a case where the identification procedures at issue were suggestive and the government has chosen to present no testimony whatsoever at the motions hearing. Mr. Drew will be substantially prejudiced if the Court delays the reliability determination in this case until after the trial testimony of the government's witnesses. First, they will have to conduct cross examinations on the suppression issue in front of the jury when such examinations would ordinarily be conducted outside of the jury's presence. Second, they will have to try the case up until the point where the reliability determinations are made without knowing whether the

---

[1] The procedures at issue in *Greenwood* were a photo array and a lineup, both far more reliable than the showup and single photo procedures at issue in Mr. Drew's case.

2

identifications will be admitted.  It is patently unfair for the defense to be put in these positions based on the government's election to proceed without testimony at the suppression hearing.

For the foregoing reasons, counsel for Mr. Drew respectfully requests that the Court grant Mr. Drew's motion to suppress identification testimony prior to the start of trial.

          Respectfully submitted,

          **SCHERTLER & ONORATO, L.L.P.**

          _____/s/_____
          Danny Onorato (D.C. Bar No. 480043)
          Michael Starr (D.C. Bar No. 461773)
          601 Pennsylvania Avenue, NW
          North Building, 9th Floor
          Washington, D.C.  20004
          202-628-4199 *Telephone*
          202-628-4177  *Facsimile*

          *Counsel for Andre Drew*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Motion was served electronically, on this 4th day of May 2007, to the following:

Julieanne Himelstein
Denise A. Simmonds
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 514-8203 (tel.)
(202) 305-8537 (fax)
julieanne.himelstein@usdoj.gov
denise.simmonds@usdoj.gov

                                                        _____/s/_____
                                                        Danny Onorato