# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 07-007 (GK)** |
| | ) | |
| **ANDRE DREW** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>NOTICE OF FILING</u>

Andre Drew, by and through undersigned counsel, hereby respectfully files this Notice of Filing and attaches the following pleadings prepared by Mr. Drew:  (1.)  Motion to Enter Into the Record Facts and Allegations of Ineffective Assistance of Counsel for Purposes of Appeal; and (2.)  Motion to Dismiss; and (3.)  Motion to Dismiss filed in DC Superior Court.

Respectfully submitted,

**SCHERTLER & ONORATO, L.L.P.**

_____ /s/ _____
Danny Onorato (D.C. Bar No. 480043)
Michael Starr (D.C. Bar No. 461773)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, D.C.  20004
Telephone:  (202) 628-4199
Facsimile:  (202) 628-4177

*Counsel for Andre Drew*

## **CERTIFICATE OF SERVICE**

I hereby certify that copies of was served electronically, on this 7th day of May 2007,

to the following:

Julieanne Himelstein
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20001
(202) 514-8203 (tel.)
(202) 305-8537 (fax)
julieanne.himelstein@usdoj.gov


_____/s/_____
Danny Onorato

U.S. DIST. CT. FOR THE
DIST. OF COL.

UNITED STATES OF AMER.

v.

ANDRE' DREW

CASE NO.# _____

MOTION TO ENTER INTO THE RECORD
FACTS AND ALLEGATIONS OF INEFFECTIVE
ASSISTANCE OF COUNSEL FOR PURPOSES
OF APPEAL

COMES THE DEFENDANT, ANDRE' DREW, AND MOVES THIS
COURT TO HAVE ENTERED INTO THE RECORD IN THE ONGOING
PROCEEDINGS IN THIS CASE, THE ATTACHED MOTION TO DISMISS,
FILED IN THE SUPERIOR COURT FOR THE DIST. OF COL, ON JAN.
17, 2007. AS GROUNDS FOR HIS MOTION, DEFENDANT WILL
SHOW AND STATES THAT;

1. THIS INSTANT CASE WAS ORIGINALLY STARTED IN
   THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
   ON DEC. 15, 2007;

2. COPIES OF SAID MOTION TO DISMISS WAS MAILED TO;
   (1) THE D.C. BAR ASSOCIATION AS A COMPLAINT, WHICH THE
   BAR ASSOC. STATED THAT THEY RECEIVED SAME ON
   JAN. 22, 2007 — BEFORE THIS CASE WAS TRANSFERRED
   FROM SUPERIOR COURT TO THIS COURT;

2.

(2) TO THE SUPERIOR COURT FOR THE DISTRICT OF
  COLUMBIA ON JAN. 17, 2007;

(3) TO DEFENDANT'S THEN ATTORNEY OF RECORD ON
  JAN. 17, 2007;

(4) TO THE U.S ATTORNEY PROSECUTING THIS CASE
  ON JAN. 17, 2007.

YET, ACCORDINGLY, SUCH MOTION WAS NOT A PART OF
THE RECORD IN THIS CASE TRANSFERRED FROM THE SUPERIOR
COURT; NOR WAS THE COPY SENT TO DEFENDANT'S THEN
ATTORNEY OF RECORD SENT WITH THAT ATTORNEY'S CASE FILE
TO MR. BOS WHO WAS DEFENDANT'S INITIAL COUNSEL IN THIS
COURT, FOR REASONS UNBEKNOWN TO DEFENDANT[1]

   3. BETWEEN THE DATES OF JAN. 22, AND FEB. 14, 2007,
DEFENDANT'S CASE WAS MOVED FROM THE SUPERIOR COURT TO
THIS COURT, WHICH EFFECTIVELY CAUSE TO BE CIRCUMVENTED,
ANY OPPORTUNITY OF DEFENDANT'S 'MOTION TO DISMISS' TO BE
HEARD BY SUPERIOR COURT ON HIS ALLEGATIONS OF INEFFECTIVE
ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIX AMENDMENT
RIGHTS, WHERE SUCH VIOLATION EFFECTIVELY JEOPARDISED AND
PREJUDICED DEFENDANT'S DEFENSE;

---

[1] DEFENDANT PROVIDED MR. BOS WITH A ORIGINAL COPY OF THE
ABOVE 'MOTION TO DISMISS', BUT IT SEEMS HE TOO LOST THAT
COPY AND IT THEREFORE WAS NOT PASSED ON TO DEFENDANT'S
PRESENT ATTORNEY OF RECORD IN THIS CASE.

3.

4. A CASE THAT HAS BEEN JEOPARDISED AND/OR PRESUDICED IN ONE VENUE (SUPERIOR COURT), DOES NOT TAKE ON A NEW FACE, FRESH START, AND/OR REPAIR OR REMOVE THE JEOPARDY AND PRESUDICE THAT HAS ALREADY RESULTED BY MOVING THE CASE TO ANOTHER VENUE (DISTRICT COURT).[2]

5. BECAUSE OF THE NATURE OF THE ALLEGATIONS IN THAT MOTION[3], AS WELL AS THE VIOLATION OF HIS CONSTITUTIONAL RIGHTS, DEFENDANT MUST QUESTION THE ABILITY OF THIS COURT TO PROVIDE HIM A FAIR TRIAL WHERE HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL HAS NOT BEEN HEARD AND/OR RESOLVED TO DETERMINE WHETHER HIS CLAIM IN THAT MOTION TO DISMISS' WAS SUFFICIENT TO STATE A CLAIM OF THE VIOLATION OF HIS SIX AMENDMENT RIGHTS.

6. IT APPEARING TO THE DEFENDANT THAT NO EFFORT IS BEING MADE TO SKIP OVER THIS ISSUE, WHICH WOULD IN EFFECT DEPRIVE HIM OF SIGNIFICANT APPEALABLE ISSUES, DEFENDANT MUST REQUEST THAT THE ATTACHED MOTION TO DISMISS BE ENTERED INTO THE RECORD OF THESE

---

[2] DEFENDANT BELIEVES THAT HIS CASE WAS TRANSFERRED FROM SUPERIOR COURT TO DISTRICT COURT AS A ATTEMPT TO AVOID A HEARING IN SUPERIOR COURT ON THE MERIT OF HIS MOTION, AND THEREBY RENDERS SUCH ATTEMPT BY THE PROSECUTOR TO BE 'MALICIOUS' PROSECUTION.

4.

PRECEEDING.

2/ DEFENDANT ALLEGED IN THAT MOTION, AND THE
SUPERIOR COURT RECORDS WILL REFLECT THAT:

1) HIS ATTORNEY OF RECORD AT THAT TIME (MS. HARDEN),
   I.E., BETWEEN DEC. 15, 2006 AND DEC. 9, 2007,
   MADE NO ATTEMPT WHATSOEVER TO:

   A) SEEK OUT WITNESSES (TWO OF WHICH COULD ONLY
      BE REACH BY PHONE, AND WHO'S PHONE NUMBERS WERE
      ON DEFENDANT'S CELL PHONE HELD BY THE PROSECUTOR;

   B) OBTAIN EVIDENCE TO COUNTER CLAIMS AND
      ALLEGATIONS MADE;

   C) TO PREPARE A DEFENSE FOR TRIAL

2.) THAT THE PROSECUTOR:

   A) DENIED DEFENDANT DISCLOSURE (CELL PHONE
      W/NUMBERS OF WITNESSES; AND PICTURES THAT
      WOULD HAVE AIDED HIS DEFENSE;

   B) LOST AND/OR DESTROYED EVIDENCE THAT WOULD
      HAVE BEEN HELPFUL TO THE DEFENSE;

   C) PREVENTED DEFENDANT FROM USING PHONES AT
      DC JAIL FOR ELEVEN MONTHS;

3.) THAT WHERE THE D.C. JAIL ONLY ALLOWS
   ONE (1) HOUR OF LAW LIBRARY TIME EVERY TWO (2)
   WEEKS (IF THAT), THAT IT WAS ABUSE AND/OR
   ERROR OF DISCRETION FOR THE SUPERIOR COURT (JUDGE
   GARDNER) TO DENY DEFENDANT'S REQUEST FOR AN

5.

3. AN ORDER INSTRUCTING THE ADMINISTRATION OF THE D.C. JAIL, TO ALLOW DEFENDANT ADEQUATE TIME IN ITS LAW LIBRARY TO ALLOW DEFENDANT TO STUDY HIS CASE AND THEREBY ENABLE HIMSELF TO MAKE INFORMED DECISIONS ON HOW TO APPROACH HIS CASE FOR DEFENSE,

7. IT IS ~~FOR~~ FOR ALL THE REASONS ABOVE THAT DEFENDANT RESPECTFULLY REQUEST THAT HIS ATTACHED 'MOTION TO DISMISS' BE ENTERED INTO THE RECORD OF THE ONGOING PROCEEDINGS IN THIS CASE.

RESPECTFULLY SUBMITTED

ANDRE' DREW

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA

CRIMINAL NO. 07-007

v.                        HON. GK.J. KESSLER

ANDRE' DREW,

DEFENDANT.


## MOTION TO DISMISS

COMES THE DEFENDANT, ANDRE' DREW,

PURSUANT TO LCRR 47, 47(a), TO FILE WITH THIS

COURT HIS MOTION TO DISMISS ALL COUNTS IN THE

INDICTMENT IN THE ABOVE ENTITLED CASE.

AS GROUNDS FOR HIS MOTION, THE

DEFENDENT WILL STATE AND SHOW THAT:

1. ON JANUARY 17, 2007, DEFENDANT PLACED IN THE MAIL AT THE D.C. JAIL, 1901 D ST. S.E., HIS INITIAL '<u>MOTION TO DISMISS</u>', DIRECTED TO THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA, CRIMINAL DIVISION, IN CRIMINAL CASE NUMBER <u>F-7174-05</u>.

2. ON JANUARY 26, 2007, THE U.S. ATTORNEY FOR THE DISTRICT OF COLUMBIA, MS. SIMPSON, MOVED TO HAVE DEFENDANT'S CRIMINAL CASE TRANSFERRED TO THIS COURT UNDER THE PRETEXT THAT DEFENDANT HAD VIOLATED A FEDERAL CRIMINAL STATUE, IN WHAT DEFENDANT BELIEVES WAS AN ATTEMPT BY MS. SIMPSON TO CIRCUMVENT THE NECESSITY OF RESPONDING TO DEFENDANT'S

INITIAL MOTION TO DISMISS. WHEREWITH DEFENDANT

WAS IN FACT INDICTED IN THIS COURT IN THE

ABOVE ENTITLED CRIMINAL CASE.

3. IT APPEARING TO THE DEFENDANT THAT MS.

SIMPSON HAS BEEN MAKING AN EXTRAORDINARY EFFORT

TO PREVENT DEFENDANT FROM DEFENDING HIMSELF,

AND/OR TO BE AFFORDED HIS RIGHTS TO EFFECTIVE

ASSISTANCE OF COUNSEL, AS WELL AS A `FAIR`

---

DEFENDANT'S CASE HAD BEEN IN THE SUPERIOR COURT
FOR JUST OVER A YEAR; IN THAT TIME THREE TRIAL DATES
HAD BEEN SET, TWO OF WHICH HIS ATTORNEY OF RECORD IN
THAT TIME PERIOD, HAD MADE NO EFFORT WHATSOEVER TO
DEVELOPE A DEFENSE IN HIS CASE; THIS NECESSITATED THE
EVENTUAL DISMISSAL OF THAT ATTORNEY FROM DEFENDANT'S
CRIMINAL CASE WHICH HE REQUESTED AND AS A RESULT
OF THE PREJUDICE INCURRED, DEFENDANT DID FILE
WITH THAT COURT HIS MOTION TO DISMISS ALL COUNTS
OF HIS INDICTMENT IN THAT CASE.

TRIAL, DEFENDANT FILES THIS INSTANT MOTION TO DISMISS WITH THIS COURT TO HAVE ADDRESSED HIS ISSUES OF PREJUDICE AND JEOPARDY TO HIS ABILITY TO DEFEND AS A RESULT OF THE CONDUCT OF BOTH DEFENDANT'S INITIAL ATTORNEY IN THIS CRIMINAL CASE, AND THE PROSECUTOR, MS. SIMPSON; AS WELL AS THE ISSUE OF THE VIOLATION OF HIS FIRST AMENDMENT RIGHT TO ACCESS TO THE COURTS.

4. ATTACHED HERETO IS A COPY OF DEFEND-ANT'S ~~ORIGINAL~~ ORIGINAL MOTION TO DISMISS FILED IN THE SUPERIOR COURT, WITH IT'S ATTENDING POINTS AND AUTHORITIES. 2/

RESPECTFULLY SUBMITTED,

ANDRE' DREW, PRO-SE

1901 D ST. S.E. WDC 20003

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT A TRUE COPY OF THE FOREGOING MOTION TO DISMISS, AND ATTACHED POINTS & AUTHORITIES, WAS MAILED POSTAGE PREPAID, ON THIS _____ DAY OF _____ 2007, TO THE UNITED STATES ATTORNEY'S OFFICE, CRIMINAL DIVISION - FELONY BRANCH, 555 4TH ST. N.W. WASH., DC. 20019

---

2/    BECAUSE THE D.C. JAIL DOES NOT PROVIDE ADEQUATE TIME IN ITS LAW LIBRARY, THE ATTACHED MOTION HAD TO BE DRAFTED BY HAND. TO PREVENT HAVING TO RE-DO THE DRAFT, THE ATTACHED COPY WAS PROVIDED THIS COURT.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA

       V.                 SUPERIOR COURT CRIM. NO. F 7174-05

                                       NOW

ANDRE' DREW,         U.S. DIST. COURT CRIM. NO. 07-007
       DEFENDANT



MOTION TO DISMISS

( AS ATTACHED )

SUPERIOR COURT

FOR THE

DISTRICT OF COLUMBIA


UNITED STATES,

　　　　　v.　　　　　　　CRIMINAL CASE NO. F-7174-05

　　　　　　　　　　　　HON. JUDGE GARDENER

ANDRE' DREW


MOTION TO DISMISS


THE ABOVE ENTITLED CASE WAS BROUGHT BEFORE

THIS COURT ON DECEMBER 15, 2005, WHEREIN, AT THAT

TIME, MS. BRANDI J. HARDEN, PDS, WAS ASSIGNED TO

THE DEFENDANT, ANDRE' DREW, TO REPRESENT HIM IN

HIS CRIMINAL CASE.

ON DECEMBER 5, 2006, DEFENDANT ATTENDED

BEFORE THIS COURT FOR A STATUS HEARING WHERE

2.

DEFENDANT, AT THAT TIME, MOTIONED THE COURT TO REMOVE MS. HARDEN FROM HIS CASE AND TO APPOINT OTHER COUNSEL TO REPRESENT HIM. DEFENDANT HAD ALLEDGED THAT MS. HARDEN HAD BEEN INEFFECTIVE IN HER REPRESENTATION OF HIM, BUT WAS NOT PROVIDED THE OPPORTUNITY TO FULLY DISCLOSE TO THIS COURT HIS CLAIMS, OR A HEARING WHEREBY A SUFFICIENT INQUIRY COULD BE MADE TO DETERMINE THE TRUTH AND SCOPE OF DEFENDANTS ALLEGATIONS [1] *

AS GROUNDS FOR HIS MOTION, DEFENDANT STATES THE FOLLOWING:

1.) MS. HARDEN'S CONDUCT AND NEGLIGENCE TO

---

* SEE POINTS AND AUTHORITIES FOR ALL NOTES,

PERFORM DUTIES OWED TO DEFENDANT AS PROVIDED

FOR IN THE SIXTH AMENDMENT OF THE UNITED STATES

CONSTITUTION, VIOLATED HIS RIGHT TO EFFECTIVE

ASSISTANCE OF COUNSEL, AND DID SIGNIFICANTLY

PREJUDICE AND JEOPARDIZED DEFENDANT'S CASE

AND HIS ABILITY TO DEFEND HIMSELF SO AS, AND TO

THE EXTENT THAT WOULD MAKE IT IMPOSSIBLE FOR

HIM TO RECEIVE A `FAIR' TRIAL. 2/ THAT

BECAUSE PREJUDICE AND JEOPARDY TO THE DEFENSE HAS

OCCURRED, DEFENDANT SHOULD BE PROVIDED A HEARING

WHERE SUCH HEARING WOULD ALLOW MEANINGFUL

APPELLATE REVIEW; 3/ OR, IN THE ALTERNATIVE, DISMISS

THE CASE ON THE MERITS OF THIS MOTION. 4/

CAUSE:

2.) BETWEEN THE DATES OF DECEMBER 15TH AND 31ST,

2007, MS. HAYDEN CONDUCTED AN INTERVIEW WITH DEFENDANT

WHERE ALLEGATIONS LEADING TO, AND CIRCUMSTANCES

LEADING TO HIS ARREST WERE DISCUSSED. AT THAT TIME

DEFENDANT ASKED MS. HAYDEN TO GO TO HIS RESIDENCE AND

RETRIEVE HIS CELL PHONE WHICH CONTAINED PHONE NUMBERS

TO PERSONS WHO COULD PROVIDE DOCUMENTED EVIDENCE

THAT WOULD AID IN THE DEVELOPMENT OF HIS DEFENSE, AS

WELL AS TO A POTENTIAL WITNESSES FOR DEFENDANT; THE

DOCUMENTARY EVIDENCE AND THE TESTIMONY OF THIS PARTICULAR

WITNESS WOULD HAVE PROVIDED EVIDENCE TO COUNTER CERTAIN

ALLEGATIONS MADE AGAINST HIM. DEFENDANT ALSO REQUESTED

THAT DB'S COACH BE INTERVIEWED AS A POTENTIAL

WITNESS IN DEFENDANTS DEFENSE. THE SIGNIFICANTS OF

TESTIMONY THAT COULD HAVE BEEN PROVIDED BY THIS

POTENTIAL WITNESS IS THAT HE COULD CORROBORATE THE

FACT THAT DB MORE OFTEN THAN NOT CAME TO THE

REC. CENTER ON CERTAIN DAYS OF THE WEEK (WHICH

COINCIDED WITH THE TIMES DB MAY HAVE HAD CONTACT

WITH DEFENDANT), AND MAY HAVE BEEN ABLE TO

PROVIDE TIMES OF ARRIVAL AND DEPARTURE WHICH

COULD DEMONSTRATE THAT THERE WAS NOT SUFFICIENT

TIME FOR DB AND DEFENDANT TO PARTICIPATE

IN THE ACTS ALLEDGED. MS. HUSTON ADVISED

DEFENDANT THAT INTERVIEWING THE CHILD WAS A

WASTE OF HER TIME. IN THE ELEVEN (11)

MONTHS MS. HANKEN POSED AS DEFENDANT'S LEGAL

COUNSEL, MS. HARDEN MADE NO EFFORT TO

SEE OUT AND INTERVIEW WITNESSES; OBTAIN

FROM THE PROSECUTOR PHONE NUMBERS THAT WOULD

LEAD TO WITNESSES AND EVIDENCE IN DEFENDANT'S

BEHALF — FROM HIS CELL PHONE WHICH WAS/IS IN

THE POSSESSION OF THE PROSECUTOR; TO PROVIDE

DEFENDANT WITH COPIES OF ALL (IF ANY) MOTIONS

SHE HAD FILED IN HIS CASE; TO ALLOW HIM

TO VIEW ALL EVIDENCE SUPPOSELY HAD AGAINST

HIM BY THE PROSECUTOR; TO MAKE SOME

TYPE OF EFFORT TO DEVELOPE A DEFENSE

FOR DEFENDANT; AND TO GATHER FACTS

AND THE CIRCUMSTANCES SURROUNDING THE

PICTURES THAT WERE TAKEN THAT CONSTITUTE

THE SECOND SET, AND THAT THESE FACTS COULD COUNTER

ALLEGATIONS THAT THESE WITNESSES WERE INTICED INTO

TAKING THE FIRST SET OF PICTURES. DEFENDANT GAVE

MS. AUSTIN DIRECTIONS TO THE PROBABLE LOCATION

WERE THE SECOND SET OF PICTURE MAY HAVE BEEN

TAKEN, AND ASKED HER TO GO TO THAT LOCATION

AND TAKE PICTURES OF THE OUTSIDE AND INSIDE OF

THE ABANDON BUILDING DIRECTLY ~~INTICED~~ NEXT TO AB'S

RESIDENCE. THAT AB AND DB WENT OFF ON THERE

OWN TO TAKE THE SECOND SET OF PICTURE THROWN

IN SHADOW OVER THERE CREDIBILITY WHERE THE HAD

ALLEDGED THAT THEY WERE INTICED BY DEFENDANT

WITH THE OFFER OF MONEY TO TAKE THE FIRST

SET OF PICTURE OF THE EXACT SAME NATURE.

THE SIGNIFICANT ASPECT ABOUT THE SECOND SET OF

PICTURES WAS THAT THEY WERE TAKEN IN A LOCATION

THAT HAD POOR LIGHTING.  MS. AUSTIN THOUGHT

THIS REQUEST TOO, TO BE A WASTE OF HER TIME.

ON YET A THIRD OCCASION MS. AUSTIN, SETTING UP

FOR MS. HARDEN, ADVISED DEFENDANT THAT THE

PROSECUTOR HAD OBTAINED 'FLOPPY DISK' FROM HIS

STORAGE THAT CONTAINED PORNOGRAPHY WHICH HE

INTENDED TO USE AS EVIDENCE (SMEAR TACTIC), WITH

THE CONTENTION THAT DEFENDANT HAD OBTAINED SUCH

PORNOGRAPHY BY VISITING SUCH SITES ON THE INTERNET.

DEFENDANT ADVISED MS. AUSTIN THAT HE HAD

FOUND THE DISK IN QUESTION, GAVE HER THE

LOCATION WHERE HE HAD FOUND THEM, STATED

THAT THERE WERE MANY MORE OF THE SAME DISK AT THAT LOCATION, AND THAT SHE SHOULD GO TO THAT LOCATION, TAKE PICTURES OF THE REMAINING DISK, RECOVER ENOUGH OF THEM TO VIEW THEIR CONTENTS TO "BE ABLE TO CORROBORATE HIS CLAIM THAT HE HAD PLACED THE DISK IN THE LOCATION INDICATED. MS. AUSTIN FELT THIS TOO WAS A WASTE OF HER TIME.

3.) IN OR ABOUT JANUARY, 2006, MS. AUSTIN AGAIN CAME TO THE JAIL TO OBTAIN DIRECTIONS FROM DEFENDANT TO THE HOMES OF THE PROSECUTION WITNESSES. IN FOUR (4) TO SIX (6) MONTHS, THE DEFENDANT GAVE MS. AUSTIN DIRECTIONS TO THE WITNESSES HOMES ON AT LEAST THREE (3) OCCASIONS THERE —

LATER, IT TAKING MS. AUSTIN THAT MUCH TIME

TO LOCATE THE WITNESSES HOMES, INTERVIEW AND

OBTAIN STATEMENTS FROM THEM. [7] AT THAT TIME

MS. AUSTIN ADVISED DEFENDANT THAT THE PROSECUTOR

HAD SUBPOENAED ALL HIS PROPERTY THAT CAME OUT

OF HIS RESIDENCE THAT WAS AT THAT TIME IN THE

POSSESSION OF DEFENDANT'S BROTHER. THAT INCLUDED

HIS CELL PHONE. WHEREBY, DEFENDANT ASKED MS.

AUSTIN TO ASK MS. HARDEN TO GET THE NUMBERS

FROM HIS PHONE — FROM THE PROSECUTOR — SO THAT

HE COULD GET INTOUCH WITH POTENTIAL WITNESSES

AND OBTAIN EVIDENCE FROM HIS EMPLOYER. [8] WHEN

NEXT MS. HARDEN MET WITH DEFENDANT, SHE

ADVISED HIM THAT SHE HAD SPOKEN TO THE

PROSECUTOR AND THAT (ACCORDINGLY), THE PROSECUTOR

HAD FLATLY REFUSED TO ALLOW HER TO OBTAIN THE

PHONE NUMBER FROM HIS CELL PHONE. SHE MADE NO

ATTEMPT(S) TO MOTION THIS COURT TO OBTAIN SUCH

INFORMATION WHERE THAT INFORMATION WAS NEEDED

TO DEVELOP A DEFENSE. IF MS. HARDEN'S STATMENT

IS TRUE THAT THE PROSECUTOR REFUSED TO PROVIDE

HER WITH THE NUMBER DEFENDANT REQUESTED, THE

PROSECUTOR COULD HAVE HAD NO REASON TO DENY

MS. HARDEN SUCH REQUEST, EXCEPT TO DELIBERATELY

DEPRIVE DEFENDANT OF HIS ABILITY TO OBTAIN

EVIDENCE AND/OR WITNESSES IN HIS 'BEHALF',

WHICH IN FACT CONSTITUTES 'MALICIOUS PROSECUTION'.

AS DEFENDANT'S COUNSEL OF RECORD AT THAT

TIME, MS. HARDEN HAD A DUTY TO DEFENDANT TO

PROTECT HIS RIGHTS AND TO ENSURE ALL PROCEEDINGS

WOULD BE 'FAIR'. MS. HARDEN NEGLECTED HER DUTY

TO DEFENDANT BY NOT FILING A MOTION IN THIS

COURT TO FORCE DISCOVERY SO AS TO OBTAIN THE

PHONE NUMBERS FROM THE PROSECUTION THAT WOULD

ASSIST DEFENDANT IN DEVELOPING A DEFENSE. IF

MS. HARDEN IS FOUND TO HAVE WILLFULLY DETERMINED

NOT TO SEEK SUCH INFORMATION FROM THE

PROSECUTOR, IT MUST ALSO BE DETERMINED THAT

SHE NEGLECTED TO DO SO FULLY AWARE OF THE

PROSECUTOR'S INTENTS AND EFFORTS TO FORCE A PLEA

ON DEFENDANT, AND THEREBY WILLINGLY AND

WANTONLY PARTICIPATES IN CONDUCT — WITH THE

PROSECUTOR — THAT AMOUNTED TO 'MALICIOUS

PROSECUTION'. SUFFICE TO SAY, EITHER WAY,

MS. HARDEN'S CONDUCT AS DISCRIBED IN THE ABOVE,

FALLS WELL SHORT OF CONSTITUTIONAL MUSTER,

AND GOES BEYOND BEING JUST INEFFECTIVE WERE

HER CONDUCT WAS INTENDED TO AID THE

PROSECUTOR IN OBTAINING A KEY LEGAL DEFENDANCY

IN IT'S FAVOR.  9/

4.) IN THAT SAME MONTH (JANUARY), MS. AUSTIN

MET WITH DEFENDANT AT DC. JAIL, AND BROUGHT

WITH HER COPIES OF EIGHT (8) PICTURES SHE

ADVISED THE PROSECUTOR INTENDED TO ENTER INTO

EVIDENCE AT TRIAL. NOTICING THAT EIGHTEEN

(18) OUT OF A SET (FIRST SET OF PICTURES) OF

26 PICTURES WERE MISSING THAT HAD BEEN

TURNED OVER TO THE INVESTIGATING DETECTIVE,

AND WHICH WERE SHOWN TO DEFENDANT DURING

QUESTIONING BY THAT DETECTIVE UPON HIS

ARREST, DEFENDANT BECAME ALARMED AND

ASKED MS. AUSTIN WHERE THE OTHER 18 PICTURES

WERE $\frac{10}{;}$ MS. AUSTIN ADVISED DEFENDANT THAT

THE 8 PICTURES SHE CAME WITH WERE THE

ONLY PICTURES SHE HAD RECEIVED. DEFENDANT

ADVISED MS. AUSTIN THAT WHERE THERE WAS HIS

ALLEGATION THAT HE HAD WITNESS PROSECUTION

WITNESSES TO TAKE THE PICTURES, THAT THE

WHOLE SET, I.E., ALL 26 PICTURES WERE VITAL

TO HIS DEFENSE AGAINST THAT ALLEGATION IN THAT

THE FIRST 18 PICTURES SHOWED:

PICTURE # 1: THE TWO WITNESSES (AB & DB)

STANDING SIDE BY SIDE (FULLY CLOTH) POSING FOR

THE CAMERA;

PICTURE # 2: DB REACHES TO AB'S BEHIND

AND GRABS IT;

PICTURE # 3: AB RESPONDS BY DOING SAME

TO DB;

PICTURE # 4: AB AND DB BEGIN TO TUSSLE,

EACH GRABBING AT EACH OTHER WHILE

ATTEMPTING TO PREVENT THE OTHER FROM GRABBING;

PICTURE # 5: SHOWS AB TAKING OFF DB'S

SHIRT;

PICTURES # 6-18 SHOW BOTH WITNESSES IN

VARIOUS STAGES OF UNDRESS;

PICTURES # 19-26 CONSTITUTE THE PICTURES

THE PROSECUTOR SELECTED TO INTRODUCE INTO

EVIDENCE, WHICH SHOW HIS & D'S FULLY NUDE

AND IN VARIOUS POSITIONS AND PERFORMING VARIOUS

SEX ACTS UPON EACH OTHER.

MS. AUSTIN STATED THAT SHE WOULD ADVISE

MS. HARDEN ABOUT MY CONCERNS AND MAKE AN

EFFORT TO OBTAIN THE 18 MISSING PICTURES. A

FEW DAYS LATER, DEFENDANT APPEARED BEFORE

THIS COURT FOR PRELIMINARY HEARING, WHERE

HE PERSONALLY ADVISED MS. HARDEN ABOUT THE

MISSING 18 PICTURES. MS. HARDEN STATES TO

DEFENDANT THAT THE MISSING 18 PICTURES WOULD

NOT HELP HIS DEFENSE AND THEREFORE DID NOT MATTER. [11]

NEVERTHELESS, DEFENDANT INSISTED THAT SHE

OBTAIN THE MISSING PICTURES FROM THE

PROSECUTOR. SHE SAID SHE WOULD. DURING

THE PRELIMINARY HEARING, THE INVESTIGATING

DETECTIVE STATED THAT HE HAD RECEIVED A SET

OF 26 PICTURES FROM THE MANAGER OF CVS

AT 4TH AND RHODE ISLAND AVE., N.E., AND HAD

TURNED THEM ALL OVER TO THE PROSECUTOR.

   THOUGH DEFENDANT URGED MS. HARDON, SHE

REFUSED TO QUESTION THE DETECTIVE ABOUT

THE WHEREABOUTS OF THE 18 MISSING PICTURES. [12]

   DURING HER NEXT VISIT WITH DEFENDANT,

MS. HARDEN ADVISED DEFENDANT THAT THE

PROSECUTOR HAD ADVISED HER THAT HE HAD ONLY

RECEIVED THE 8 PICTURES AND THEIR NEGATIVES

THAT HE INTENDED TO INTRODUCE AS EVIDENCE

FROM THE INVESTIGATING DETECTIVE. THAT

THE MISSING 18 PICTURES ALONG WITH THEIR RESPECTIVE

NEGATIVES HAD BEEN LOST BY THE DETECTIVE. [31]

IN THE VIDEO TAPE MADE DURING THE TIME DEFENDANT

WAS BEING QUESTIONED AT THE PRECINCT (NO. 5 ON BLADENS-

BURG RD IN N.E. DC.), AND AT THE TIME OF HIS ARREST,

IT CAN BE SEEN, THE INVESTIGATING DETECTIVE SHOWING

DEFENDANT THE PICTURES HE HAD RECEIVED FROM THE MANAGER

OF CVS. AFTER VIEWING ALL 26 PICTURES HIMSELF,

BECAUSE THE PICTURES SHOW THAT DB INITIATED THE

'GRABB-ASSING', THAT IT WAS AB WHO INITIATED THE

SEX ACTS - TO THE EXTENT THAT THE DETECTIVE ASKED

DEFENDANT AT THAT TIME IF AB WAS GAY EVEN THOUGH

THE PICTURES SHOW THAT DB WAS A WILLING PARTICIPANT

IN PERFORMING THE SAME SEX ACTS ON AB, THE DETECTIVE

ONLY QUESTIONED AB'S SEXUALITY. A CLEAR INDICATION

THAT WHEN VIEW TOGETHER (ALL 26 PICTURES), THE

PICTURE DEPICT SOMETHING OTHER THAN THE

ALLEGATIONS ALLEDGED.

5.) IN THE MONTH OF MARCH, 2006, WHILE AWAITING TO

GO BEFORE THE COURT FOR A STATUS HEARING, MS. HARDEN

ADVISED DEFENDANT THAT THE PROSECUTOR HAD MADE A

PLEA OFFER WHICH SHE THOUGHT WAS 'RIDICULOUS' AS

HE WANTED DEFENDANT TO GO TO 30 YEARS WITHOUT

PAROLE, AND WHICH SHE FELT WAS UNREASONABLE.

MS. HARDEN STATED THAT SHE WANTED TO TAKE DEFENDANT'S CASE TO TRIAL, AND THAT BEING HIS INTENTION, AGREED, AND FROM THAT POINT IN TIME FORWARD DEFENDANT HAD FULLY EXPECTED TO SIT DOWN WITH MS. HARDEN AND BEGIN THE PROCESS OF PUTTING TOGETHER A DEFENSE. HOWEVER, AS THE MONTHS PASSED, PREPARATIONS FOR TRIAL NEVER OCCURRED, AND TO DATE DEFENDANT IS NOT PREPARED FOR TRIAL. 14/

AT THAT TIME, DEFENDANT ADVISED MS. HARDEN, THAT FOR SOME UNKNOWN REASON, THE PIN NUMBER HE WAS GIVEN BY HIS CASEWORKER AT THE JAIL TO MAKE USE OF THE PHONE, WAS NOT ALLOWING HIM TO CALL ANYONE OUTSIDE THE JAIL, THAT HE HAD FILED

A COMPLAINT TO THE JAIL ADMINISTRATIONS WITH NO

POSITIVE RESULTS. MS. HARDEN STATED THAT SHE

WOULD LOOK INTO IT, BUT NEVER DID. AGAIN, AT

THAT TIME DEFENDANT ASKED MS. HARDEN TO MOTION

THIS COURT FOR AN ORDER TO THE ADMINISTRATION

OF D.C. JAIL TO PROVIDE DEFENDANT, AT THE VERY

LEAST, 12 HOURS PER WEEK TO SPEND IN THAT

FACILITY'S LAW LIBRARY, WHEREBY HE COULD

DO RESEARCH ON HIS CASE, AND WITH SUCH

INFORMATION, BE BETTER ABLE TO MAKE INFORMED

DECISION ABOUT HIS DEFENSE AND/OR ANY OTHER

ISSUE CALLING FOR A DECISION BY HIM. THIS COURT

DENIED DEFENDANT'S REQUEST.

6.) SOME TIME BETWEEN THE MONTHS OF

MARCH AND APRIL, 2006, MS. HARDEN ADVISED

DEFENDANT THAT THE PROSECUTOR HAD FOUND

PICTURES HE DESCRIBED AS, AND SHE HERSELF

HAD SEEN, OF ADOLESCENT BOYS (BETWEEN THE

AGES OF 9-13) THAT WHERE 'SUPPOSEDLY' ON THE

FLOPPY DISK THE PROSECUTOR HAD FOUND IN DEFENDANT'S

STORAGE. THAT HE HAD OBTAINED FROM THE

INTERNET WEB SITE 'YAHOO', RECORDS OF 'INSTANT

MASSAGES' DEFENDANT ALLEGEDLY SENT TO

ADOLESCENT BOYS WHICH THE PROSECUTOR INTENDED

TO INTRODUCE AT TRIAL AS EVIDENCE. 16/

    DEFENDANT ADVISED MS. HARDEN THAT WHAT WAS

ON THE FLOPPY DISK WERE NOT PICTURES OF

ADOLESCENT BOYS - LESS THEY CAME FROM THE

23.

PROSECUTION'S PERSONAL COLLECTION — NOR DID

THEY, 'LEGALLY', CONSTITUTE PORNOGRAPHY BY

DEFINITION OR ACCORDING TO SUPREME COURT OPINION;

AND THAT, AS TO THE 'INSTANT MESSAGES', THERE

WAS NOTHING IN THOSE MESSAGES THAT WOULD

REMOTELY SUGGEST THAT DEFENDANT HAD MADE

ANY KIND OF AN ATTEMPT TO ARRANGE ANY

MEETINGS FOR ANY PURPOSE, WITH THOSE WHOM HE

COMMUNICATED WITH IN SUCH MESSAGE, AND THAT

FOR THE MOST PART, THEY WERE INNOCENT

CONVERSATIONS, AND THEREFORE, WOULD ADD

NOTHING TO THE PROSECUTION'S CASE. THAT

SUCH EVIDENCE WAS SUBJECT FOR SUPPRESSION. 17/

EVEN THOUGH DEFENDANT REQUESTED, NEITHER

MS. AUSTIN OR MS. HARDEN EVER BROUGHT ANY OF

THE PICTURES THEY SAID THE PROSECUTOR CLAIMED TO

HAVE HAD OR ANY OTHER EVIDENCE HE REQUESTED

TO SEE.

7.) ON NOVEMBER 20, 2006, MS. HARDEN CAME TO

THE JAIL TO ADVISE DEFENDANT THAT SHE INTENDED TO

HIS TRIAL DATE SET OFF FROM DECEMBER 6, 2006, TO

APRIL 10, 2007. DEFENDANT, AT THAT TIME, AGAIN

ASKED MS. HARDEN TO OBTAIN FROM THE PROSECUTOR

THE PHONE NUMBER HE HAD BEFORE REQUESTED.

AGAIN SHE STATED SHE WOULD TALK TO THE

PROSECUTOR AND ATTEMPT TO OBTAIN THE

NUMBERS. WITH THAT, SHE LEFT THE JAIL

LEAVING DEFENDANT WITH THE IMPRESSION THAT

HE AND SHE WERE FINALLY GOING TO SIT DOWN

AND HAMMER OUT A DEFENSE FOR HIM. HOWEVER,

ON NOVEMBER 30, 2006, MS. HARDEN CAME BACK TO

THE JAIL WITHOUT THE NUMBERS, RATHER, SHE

CAME TO DELIVER TO DEFENDANT A PLEA OFFER

SHE HAD (ACCORDING TO THE DOCUMENT SHOWN TO

HIM) NEGOTIATED SUCH PLEA OFFER WITH THE

PROSECUTOR. THIS WITHOUT DEFENDANT'S KNOWLEDGE,

PERMISSION, AND MOST CERTAINLY AGAINST HIS WISHES.

MS. HARDEN INTIMATED THAT SHE THOUGHT THAT

THE PLEA OFFER WAS GOOD AND THAT DEFENDANT

SHOULD READ IT, ACCEPT IT, AND SIGN IT.

AFTER READING THE PLEA OFFER, DEFENDANT WAS

CONVINCED THAT MS. HARDEN DID NOT HAVE HIS BEST

INTEREST IN MIND. THIS BECAUSE FIRST OF ALL

DEFENDANT HAS <u>ALWAYS</u> INTIMATED TO MS. HARDGES THAT

HE WOULD NOT ACCEPT A PLEA AND THAT HE WANTED

TO TAKE HIS CASE TO TRIAL; SECOND WAS THE

FACT THAT THAT OFFER WAS WORSE THAN **THE**

FIRST PLEA OFFER. 18/     DEFENDANT ADVISED MS. HARDGES

THAT IF SHE DID NOT FEEL COMPETENT OR CONFIDENT

ENOUGH TO TAKE HIS CAUSE TO TRIAL, SHE SHOULD

HAVE ADVISED HIM SO LONG BEFORE THEN, AND THAT

SHE SHOULD MOTION THE COURT TO WITHDRAW

FROM HIS CASE. 19/


## CONCLUSION


DEFENDANT, ANDRE' DREW, HAS BEEN DENIED HIS

FIRST, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS AS A

RESULT OF THE ACTIONS OF THE GOVERNMENT, I.E., THE

PROSECUTOR), AND THROUGH THE INEFFECTIVENESS OF HIS

INITIAL COUNSEL OF RECORD, MS. BRANDI S. HARDEN, HAVE

BEEN VIOLATED TO THE EXTENT AND WITH THE

RESULTING CONSEQUENCES THAT A 'FAIR' TRIAL IN HIS

CRIMINAL CASE IS NOT JUST UNLIKELY, BUT IMPOSSIBLE.

WHEREFORE, DEFENDANT RESPECTFULLY REQUEST

A FULL HEARING ON HIS ALLEGATIONS OF INEFFECTIVENESS

OF COUNSEL[20], OR IN THE ALTERNATIVE, THAT

HIS CRIMINAL CASE BE DISMISSED WITH PREJUDICE

ON THE MERITS OF THIS MOTION[21].

RESPECTFULLY SUBMITTED,

ANDRE DREWS, PRO-SE
1901 D ST. S.E. WASH. D.C.
20003

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT A TRUE COPY OF THE

FOREGOING MOTION TO DISMISS AND ATTACHED POINTS

AND AUTHORITIES IN SUPPORT THEREOF, WAS MAILED

POSTAGE PREPAID, THIS ___17th___ DAY OF ___JAN.___

2007), TO THE UNITED STATES ATTORNEY'S OFFICE, CRIMINAL

DIVISION - FELONY BRANCH, 555 4th ST, N.W. WASH. D.C.

2001, BRANY J. HARDEN, PDS, 633 INDIANA AVE., N.W.

WASH. D.C. 20004, KEVIN L, MOSLEY, 419 7th ST.

N.W., Suit 201, WASH., D.C. 20004; OFFICE OF THE BAR

COUNSEL, 515 5TH ST., N.W. Bdlg. A, Rm. 127, WASH., DC.

20001.


ANDRE' DREEU PRO-SE

SUPERIOR COURT

FOR THE

DISTRICT OF COLUMBIA

UNITED STATES,

      V.               CRIMINAL CASE NO. F0-7174-05

                       HON. JUDGE GARDENIER

ANDRE' DREW

POINTS AND AUTHORITIES

IN SUPPORT OF MOTION TO DISMISS

1.

    IF A DEFENDANT CLAIMS BEFORE TRIAL THAT COUNSEL HAS BEEN INEFFECTIVE IN INVESTIGATION, PREPARATION, OR FOR SOME OTHER SUBSTANTIAL REASONS, "THE TRIAL COURT HAS A CONSTITUTIONAL DUTY TO CONDUCT AN INQUIRY SUFFICIENT TO DETERMINE THE TRUTH AND SCOPE OF THE DEFENDANT'S ALLEGATIONS." MONROE V. UNITED STATES, 389 A.2d 811, 820 (D.C.) CERT. DENIED, 439 U.S. 1006 (1978); SEE ALSO, FARRELL V. UNITED STATES, 391, A.2d 755, 762 (D.C. 1978).

2.

    MICKENS V. TAYLOR, 535 U.S. 162 (2002) (DEFENDANT

2.

NEED NOT SHOW THAT DEFECTS IN ATTORNEY'S ASSISTANCE HAD PROBABLE EFFECT UPON OUTCOME OF PROCEEDING, BUT SUCH AN EFFECT CAN SIMPLY BE PRESUMED, FOR PURPOSE OF ESTABLISHING A SIXTH AMENDMENT VIOLATION, WHERE ASSISTANCE OF COUNSEL HAS BEEN DENIED ENTIRELY OR DURING A CRITICAL STAGE OF PROCEEDINGS.); STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984) (ACTUAL OR CONSTRUCTIVE DENIAL OF ASSISTANCE OF COUNSEL ALTOGETHER IS LEGALLY PRESUMED TO RESULT IN PREJUDICE.)

3/
   THE COURT "MUST MAKE ON-THE-RECORD FINDINGS SUFFICIENT TO PERMIT MEANINGFUL APPELLATE REVIEW ON THE ISSUE OF THE ABILITY AND PREPAREDNESS OF COUNSEL TO RENDER EFFECTIVE ASSISTANCE UNDER THE PREVAILING CIRCUMSTANCES." FIELDS V. UNITED STATES, 466 A.2d 822, 824 (DC) (APPLICATING THE MONROE-FARRELL RULE), CERT. DENIED, 464 U.S. 998 (1983); SEE ALSO, WITHERSPOON V. UNITED STATES, 557 A.2d 587 (DC.1989)

4/
   UNITED STATES V. TOLSON, 372 F. SUPP. 2d 1 (D.C. 2005) — (SOME CLAIMS OF EFFECTIVE ASSISTANCE OF COUNSEL CAN BE RESOLVED ON THE BASIS OF THE TRANSCRIPTS AND PLEADINGS ALONE, WITHOUT AN EVIDENTIARY HEARING.)

5/
   HOLLIS V. UNITED STATES, 623 A.2d 1229 (DC 1993) — (COUNSEL'S FAILURE TO INTERVIEW TWO POTENTIAL WITNESSES); SEE ALSO HOLLIS-FARRELL; MATTHEWS V. UNITED STATES, 629 A.2d 1185 (DC 1993) (FAILURE TO INTERVIEW TWO ALIBI DEFENSE

WITNESS); <u>GRAY V. UNITED STATES</u>, 617 A.2d 521 (DC 1992)(REMAND FOR HEARING ON FAILURE TO INVESTIGATE INFORMATION AVAILABLE FROM FOUR WITNESSES); <u>SMITH</u>, 603 A.2d 129 (REMAND FOR HEARING ON ALLEGATIONS OF FAILURE TO INVESTIGATE ..., LOCATE WITNESSES, PREPARE DEFENSE).

## 5/

THE FIRST PRIVATE INTERVIEW SHOULD BE THOROUGH. COUNSEL MUST PROBE FOR SPECIFICS, <u>NOTHING SHOULD BE TAKEN FOR GRANTED</u>, AND AMBIGUITIES SHOULD BE CLEARED. NAMES, DATES, ADDRESSES AND <u>PHONE NUMBERS SHOULD BE OBTAINED</u>. COUNSEL HAS A CONSTITUTIONAL DUTY TO MAKE REASONABLE INVESTIGATION OR TO MAKE REASONABLE DECISIONS THAT MAKE PARTICULAR INVESTIGATIONS UNNECESSARY. STRICKLAND V. WASHINGTON, 466 U.S. 668, 691 (1984). <u>COUNSEL SHOULD SEEK OUT AND TALK TO EVERY POTENTIAL WITNESS AS SOON AS POSSIBLE</u>. THESE INCLUDE NOT ONLY ALIBI WITNESSES, <u>BUT ALSO THOSE WHO CAN CORROBORATE EVEN A SMALL PART OF THE DEFENSE CASE</u>. IT IS COUNSEL'S OBLIGATION TO FIND OUT AS MUCH AS POSSIBLE ABOUT EVERY CASE, <u>AS SOON AS POSSIBLE</u>. SPEED IS ESSENTIAL. PHYSICAL EVIDENCE DISAPPEARS, MEMORIES FADE, WITNESSES MOVE AWAY OR ARE FORGOTTEN,

## 6/

THE SUPREME COURT HAS RECOGNIZED A LEGAL ENTITLEMENT TO INVESTIGATIVE ASSISTANCE SINCE <u>POWELL V. ALABAMA</u>, 287 U.S. 45 (1932). <u>POWELL</u> HELD THAT AN ACCUSED IS ENTITLED TO THE EFFECTIVE

4.

ASSISTANCE OF COUNSEL "DURING PERHAPS THE MOST
CRITICAL PERIOD OF THE PROCEEDINGS... FROM THE
TIME OF... ARRAIGNMENT UNTIL THE BEGINNING OF...
TRIAL, WHEN CONSULTATION, THOROUGH-ON-GOING
INVESTIGATION AND PREPARATION, [ARE] VITUALLY
IMPORTANT." Id AT 57. THE AMERICAN BAR ASSOCIATION
HAS SPECIFICALLY IDENTIFIED THE DUTY OF THOROUGH
INVESTIGATION AS AN ESSENTIAL ETHICAL OBLIGATION.
SEE ABA STANDARDS FOR CRIMINAL JUSTICE 4-4.1 (1980)
THE SIXTH AMENDMENT REQUIRES INVESTIGATION AND
PREPARATION, NOT ONLY TO EXONERATE, BUT ALSO TO
SECURE AND PROTECT THE RIGHTS OF THE ACCUSED.

7/
    THE DEFENSE MUST ATTEMPT TO INTERVIEW ALL
GOVERNMENT WITNESSES AS EARLY AS POSSIBLE UNITED STATES
V. DERDEN 139 U.S. APP. D.C. 34, 429 F. 2d 713 (1970);
UNITED STATES V. FOSTER, 139 U.S. APP. D.C. 19, 429
F. 2d 203 (1970); ABA STANDARDS FOR CRIMINAL JUSTICE 4-4.3(C)
(1991) THERE WAS NO REASON IT SHOULD HAVE TAKEN MS. HARDEN
SO LONG TO LOCATE AND INTERVIEW GOVERNMENT WITNESSES.
STATEMENTS MS. HARDEN OBTAINED FROM SAID WITNESS WERE
TOO MEAGER TO BE OF ANY REAL BENEFIT TO DEFENDANTS
DEFENSE.

8/
    AT STATUS HEARING ON DECEMBER 6, 2006, MS.
HARDEN ADMITTED ON THE RECORD IN THIS COURT
THAT SHE HAD NEGLECTED TO OBTAIN THE PHONE

another defendant had requested she get from the prosecutor that was in his cell phone which was in the possession of the prosecutor. MURRAY v. CARRIER, 477 U.S. 478, 496 (1986)(Dictum)(THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL ... MAY IN A PARTICULAR CASE BE VIOLATED BY EVEN AN ISOLATED ERROR OF COUNSEL IF THAT ERROR IS SUFFICIENTLY EGREGIOUS AND PREJUDICIAL).

9.

MS. HARDEN'S CONDUCT WAS NOT JUST DEFICIENT, IT WAS ADVERSARY (WHICH WILL LATER MORE FULLY APPEAR), AIDING THE GOVERNMENT IN OBTAINING A CONVICTION THROUGH DECEPTION AND DENIAL OF DISCLOSURE AND DESTROYING EVIDENCE THAT WOULD HAVE SIGNIFICANTLY AIDED DEFENDANT'S DEFENSE. THE INTENDED DESIGN WAS TO FRUSTRATE DEFENDANT'S EFFORTS TO DEFEND HIMSELF TO THE POINT HE WOULD ACCEPT ANY PLEA OFFER AND NEGATE THE NECESSITY OF TRIAL. PREJUDICE AND JEOPARDY RESULTS AND A FAIR TRIAL THEN BECOMES IMPOSSIBLE. "BUT ONCE JEOPARDY ATTACHES, ANY CLAIM OF EFFECTIVE ASSISTANCE OF COUNSEL IS GOVERNED BY THE STRICKLAND STANDARD RATHER THAN BY THE MONROE - FARRELL, SCOTT v. UNITED STATES, 619 A.2d 917, 922 (D.C. 1993) McFADDEN v. UNITED STATES, 614 A.2d 11, 16-18 (D.C. 1992).

10/

DEFENDANT BECAME ALARMED BECAUSE THE EIGHT (8) PICTURES THE PROSECUTOR SELECTED TO INTRODUCE AS EVIDENCE WERE SEPARATED FROM THE WHOLE SET OF 27 PICTURES. WITH THOSE 8 PICTURES, THE PROSECUTOR COULD CONCOCT A STORY AROUND THEM THAT WOULD SERVE TO CORROBORATE THE ALLEGATIONS MADE AGAINST DEFENDANT THAT WOULD NOT ORDINARILY OCCUR, AND THAT WOULD SHOOT HOLES ALL IN THE PROSECUTOR'S CASE, IF ALL 27 PICTURES WERE PRESENTED TO A JURY.

ALL 27 PICTURES TOGETHER TELL A COMPLETELY DIFFERENT STORY THAN THE ALLEGATIONS CHARGED AGAINST DEFENDANT.

11/

IT IS BEYOND REASON HOW MS. HARDEN COULD DEDUCE THE THE EIGHT (8) PICTURES SHE HAD COPIES OF WERE SO INCRIMINATING SO AS TO RENDER THE MISSING 18 UNEFFECTIVE FOR DEFENSE WITHOUT HAVING SEEN THE PICTURES TO MAKE SUCH A DETERMINATION.

12/

MS. HARDEN HAD A DUTY TO RAISE THE ISSUE OF THE MISSING 18 PICTURES AT THE PRELIMINARY HEARING TO EITHER OBTAIN THE PICTURES OR DISCOVER WHAT HAD HAPPENED TO THEM, FOR PURPOSE OF FILING A MOTION TO SUPRESS AS EVIDENCE THE EIGHT (8) THE PROSECUTOR INTENDED TO ENTER AS EVIDENCE.

DEFENDANT CONTENDS THAT IN NOT HAVING SEEN

THE MISSING 18 PICTURES, IT WAS AN ERROR TO
DISMISS THEM AS POSSIBLE DEFENSE EVIDENCE. THAT
IN FAILING TO CAUSE THE MISSING 18 PICTURES TO
BE PRODUCED BY THE PROSECUTOR, AND ALLOWING
THE PROSECUTOR TO USE THE REMAINING 8 AS
EVIDENCE, WOULD CAUSE AN UNDUE ENDBALANCE IN
THE FAIRNESS OF A TRIAL THAT WOULD FALL AGAINST
THE DEFENDANT, BAR ASSOCIATION, PROJECT ON
STANDARS FOR CRIMINAL JUSTICE, PROSECUTION
FUNCTION AND THE DEFENSE FUNCTION, 3.11 (a) —
(WHEN THE RELIABILITY OF A GIVEN WITNESS MAY
WELL BE DETERMINATIVE OF GUILT OR INNOCENCE,
NON-DISCLOSURE OF EVIDENCE AFFECTING CREDIBILITY
FALLS WITHIN THE GENERAL RULE. NAPUE, SUPRA
AT 269. A FINDING OF MATERIALITY OF THE
EVIDENCE IS REQUIRED UNDER BRADY V. MARYLAND,
373 U.S., AT 87.

13/ _____
    IN ORDER FOR 18 PICTURES AND THEIR RESPECTIVE
NEGATIVES TO BE LOST, THEY HAD TO BE INTENTIONALLY
REMOVED FROM THE REMAINING 8. WHETHER THE PICTURES
AND THEIR NEGATIVES WERE LOST BY NEGLIGENCE OR BY
DESIGN, ALL 26 PICTURES REPRESENTED MATERIAL
EVIDENCE AND WHERE THE RESPONSIBILITY OF THE
PROSECUTOR. SEE E. CLEARY, MC CORMICK ON EVIDENCE,
185 AT 542 (3d Ed. 1984) (EVIDENCE IS RELEVANT

8.

IF IT "COULD REASONABLY SHOW THAT A FACT IS SLIGHTLY MORE PROBABLE THAN IT WOULD WITHOUT THE EVIDENCE".) SEE ALSO, FED. R. EVID. 401 (RELEVANT EVIDENCE IS "EVIDENCE HAVING ANY TENDENCY TO MAKE THE EXISTANCE OF ANY FACT THAT IS OF CONSEQUENCE TO THE DETERMINATION OF THE ACTION MORE PROBABLE OR LESS PROBABLE THAN IT WOULD BE WITHOUT THE EVIDENCE").

14/ SEE A.B.A STANDARDS FOR CRIMINAL JUSTICE, 4-4.1 (1980); THERE CAN BE NO RATIONAL, LOGICAL, LEGAL, OR VALID EXCUSE(S) GIVEN BY MS. HARDEN FOR NOT HAVING BEEN PREPARED - AFTER ELEVEN (11) MONTHS ON THE CASE - FOR TRIAL AT LEAST BY THE SECOND TRIAL DATE SET IN THIS CASE OF DECEMBER 5, 2005, WHERE THIS COURT SHOULD HAVE REASON TO QUESTION MS. HARDEN ABOUT HER NEGLIGENCE IN PREPARING FOR TRIAL IN THIS CASE, GILLIS v. UNITED STATES, 586 A. 2d 726, 729 (D.C. 1991); "THE COURT CANNOT PRESUME THAT WHEN COUNSEL STATES HE HAD SOME REASON FOR A DECISION, THAT THESE REASONS, WHATEVER THEY MAY HAVE BEEN, WERE SOUND."

15/ IT IS NEVER ENOUGH FOR A DEFENDANT TO RELY SOLELY ON THE OPINIONS AND ADVISE OF HIS COUNSEL IN MAKING DECISIONS THAT CAN AFFECT THE OUTCOME OF THE CASE. IN DEFENDANT'S CASE, HE HAD NO IDEA WHAT RULE 11. (C)

9.

ENTAILED. HE HAD NOT INFORMATION ON SENTENCING GUIDE-
LINES AND THEIR APPLICATION, HE HAD NO IDEA WHAT, BY
LAW, CONSTITUTES PORNOGRAPHY FOR SUPRESSION PURPOSES,
HE HAD NO IDEA OF THE STATUES HE WAS CHARGED UNDER
AND SUCH THINGS AS NECESSARY TO UNDERSTAND THE NATURE OF
HIS CHARGES — AND BEING INFORMED THROUGH LEGAL RESEARCH
WHAT DECISIONS TO MAKE TOWARD TRIAL PREPARATION OR
NEGOTIATING A PLEA. IN-AS-MUCH AS THE PROSECUTOR HAD
TAMPERED WITH, LOST OR DESTROYED, OR DENIED DISCLOSURE
OF THE 18 MISSING PICTURES THAT WOULD HAVE AIDED THE
DEFENSE; WHERE THE PROSECUTOR REFUSED TO ALLOW
DEFENDANTS TO OBTAIN PHONE NUMBERS FROM HIS CELL
PHONE IN THE PROSECUTOR'S POSSESSION THAT WOULD LEAD TO
WITNESSES AND EVIDENCE FOR THE DEFENSE; THAT WHERE
FOR A TOTAL OF ELEVEN (11) MONTHS, DEFENDANT WAS
UNABLE TO MAKE USE OF THE PHONE SYSTEM AT THE JAIL;
AND FINALLY, WHERE THIS COURT DENIED DEFENDANT A COURT
ORDER REQUIRED FOR HIM TO GET ADEQUATE RESEARCH
TIME IN THE JAIL'S LAW LIBRARY — WHERE THE JAIL
ONLY ALLOWS 45 MIN. EVERY OTHER WEEK (90 MIN. A
MONTH) OF LAW LIBRARY TIME — ANY ATTEMPT TO
ASSIST IN HIS REPRESENTATION OR FOR SELF REPRESENTATION
VIOLATED HIS RIGHTS TO DUE PROCESS. MILTON V. MORRIS,
( DUE PROCESS VIOLATED WHEN STATE UNJUSTIFIABLY
HINDERED SELF-REPRESENTATION EFFORTS BY DENYING
MEANINGFUL ACCESS TO TELEPHONE OR UP-TO-DATE
RESEARCH MATERIALS.) IN DEFENDANT'S CASE, THE TIME

PROVIDED BY THE JAIL FOR USE OF IT'S LAW LIBRARY, WAS/IS GROSSLY, MALICIOUSLY INADEQUATE. THUS IN CONJUNCTION WITH THIS COURT'S DENIAL OF HIS REQUEST FOR A CHANCE TO BE ALLOW ADEQUATE LAW LIBRARY TIME BY THE JAIL, THIS COURT, ITSELF INADVERTENTLY DEPRIVED DEFENDANT OF HIS FIRST ~~AMEND~~ AMENDMENT RIGHT T TO ACCESS TO THE COURTS.

16/

AT THIS POINT IT BEGAN TO GET MORE AND MORE APPARENT THAT MS. HARDEN WAS ATTEMPTING TO LEAD HIM TO BELIEVE THAT EVIDENCE AGAINST HIM WAS SO OVERWHELMING, THAT TRIAL SHOULD BE OUT OF THE QUESTION. THIS BECAUSE, WITH EACH OF HER VISITS, DEFENDANT HAD EXPECTED TO DISCUSS DEFENSE TACTICS. BUT WHAT HE GOT WAS MESSAGES OF DOOM — THE PROSECUTOR HAS THIS; THE PROSECUTOR HAS THAT — BUT NEVER ANY DISCUSSION OF HOW TO COUNTER WHAT THE PROSECUTOR 'HAS'. AT THE END OF THAT MEETING, DEFENDANT WENT BACK TO HIS UNIT, AND AFTER SOME THOUGHT, WROTE MS HARDEN, REQUESTING SHE REMOVE HERSELF FROM HIS CASE.

17/

DEFENDANT HAD NO WAY OF TELLING THE AGE OF ANY OF THE INDIVIDUALS HE COMMUNICATED WITH ON THE INTERNET. AS FAR AS HE KNOWS, ANY ONE OF THE INDIVIDUALS HE HAD MESSAGED COULD HAVE BEEN THE INTERNET POLICE OR SOME OTHER PERSON POSING AS A TEEN. IN ANY CASE, THE

MESSAGES WOULD HAVE NO RELEVANCE IN THE PROSECUTION'S
CASE WHERE THERE WAS NOTHING IN THOSE MESSAGES THAT
WOULD IN ANY WAY SUPPORT IT'S CASE. THEY WERE THEREFORE
SUBJECT TO SUPPRESSION WHERE THEY LACK IN TEGRITY,
AND DEFENDANT DID REQUEST THAT MS. HARDEN FILE
SUCH MOTION FOR BOTH THE SO-CALLED PRONOGRAPHY ON
THE FLOPPY DISK AND THE INSTANT MESSAGES.
SHE REFUSED, KIMMELMAN V. MORRISON, 477 U.S.
365 (1986) (FAILURE TO MOVE TO SUPPRESS EVIDENCE)

___

18 /

    THE FIRST PLEA OFFER WAS FOR 30 YEARS W/O
PAROLE UNDER R.11(e); THE SECOND MENTIONED ABOVE,
STIPULATED THAT TWELVE (12) COUNTS OF THE
INDICTMENT WOULD "BE DROPPED ( ALL 12 COUNTS
ALLEDGE THAT DEFENDANT COMMITTED CERTAIN SEX
ACTS ON DB FOR WHICH HE COULD ARGUE NO COUNT
OR AT TRIAL WAS FALSE ALLEGATIONS — LEAVING
ANOTHER COUNT ALLEGING A SEX ACT THAT IS
MOSTLY A MATTER OF DEFENDANT'S WORD AGAINST
THE CLAIMANT'S — WHICH SHOULD HAVE BEEN DROPPED AS
WELL WHERE IT IS NOT UNREASONABLE TO PRESUME THAT ALL
ALLEGATIONS OF SEXUAL ABUSE WERE FALSE WHERE WITNESSES
COULD BE SHOWN TO HAVE LIED ABOUT THE TWELVE (12)
COUNTS THAT WERE DROPPED.), THAT HE WOULD
PLEA TO SECOND DEGREE ABUSE W/AGGRAVATING CIR-
CUMSTANCES (30 YRS.), AND USING MINORS IN
PRONOGRAPHY (10 YRS.), THAT DEFENDANT WOULD

AGREE NOT TO ALLOW THE COURT TO SENTENCE
HIM OUTSIDE THE SENTENCING GUIDELINES; THAT HE
WOULD BE SENTENCED UNDER SCORE I OF THE GUIDE-
LINES (168-312 MONTHS = 15-25 YEARS); THE PROSECUTION
WOULD NOT SEEK REPEATER PAPERS; THAT DEFENDANT HAD
TO SIGN A STATEMENT ADMITTING TO ACTIONS HE DID NOT
COMMIT, YET THERE WAS NO STIPULATION ABOUT THE
ENHANCEMENT PAPERS FILED. NOW, IF THE COURT DECIDES
TO SENTENCE DEFENDANT, UNDER THE TERMS OF THE PLEA
OFFER, TO 30 YEARS ON ON CHARGE AND 10 YEARS ON THE
OTHER, THIS IS NO DIFFERENT FROM THE FIRST OFFER OF
30 YEARS W/O PAROLE. ADD TO IT THE FACT THAT EN-
HANCEMENT COULD BE REQUESTED BY THE PROSECUTOR,
THAT SENTENCE ADDS UP TO 80 YEARS. IF THE COURT
DETERMINES TO SENTENCE DEFENDANT UNDER THE GUIDE-
LINES - IF IT IMPOSED ON HIM 168-312 MONTHS, THAT
TERM COULD BE ENHANCED TO 30-50 YEARS, - IT
STILL BECOMES IN EFFECT THE INITIAL PLEA OFFER,
(30 YRS. W/O PAROLE). HOW MS. HARDEN COULD STATE
THAT THIS OFFER WAS BETTER THAN THE FIRST OFFER
IS BEYOND REASON AND LOGIC OR ~~PROFESSIONALISM~~
PROFESSIONALISUM. MS. HARDEN HERE SHOWS HERSELF
AS ASSISTING THE PROSECUTION IN TRICKING DEFENDANT
INTO ACCEPTING WHAT AMOUNT TO AT HIS AGE (59),
TO A LIFE SENTENCE FOR CRIMES HE DID NOT
COMMIT.

19

MS. HARDEN WAS NOT JUST DEFICIENT IN REPRESENTING DEFENDANT, SHE WAS ADVERSARIAL AND WHAT APPEARS TO BE WILLFUL OBSTRUCTION OF DEFENDANT'S INTENT AND DESIRE TO DEFEND HIMSELF AT A TRIAL. AND THE PREJUDICE ASSOCIATED WITH HER CONDUCT AGAINST DEFENDANT'S CASE CAN BE REGARDED AS NOTHING LESS THAN SEVERE. MURRAY V. CARRIER, 477 U.S. 478, 496 (1986); STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984) (A COURT NEED NOT DETERMINE WHETHER COUNSEL'S PERFORMANCE WAS DEFICIENT BEFORE EXAMINING PREJUDICE SUFFERED BY DEFENDANT AS A RESULT OF ALLEGED DEFICIENCIES); SEE ALSO, UNITED STATES V. HURT, 543 F.2d 162, 166-67 U.S. APP. D.C. 15 (D.C. CIR. 1976).

ANY ATTEMPT AT CONVICTION IN THIS CASE AS A RESULT OF THE CONDUCT OF BOTH THE PROSECUTION AND DEFENSE COUNSEL, COULD NOT STAND UNDER THE SCRUTINY OF A DIRECT APPEAL AND THEREFORE SHOULD BE DISMISSED. MCFADDEN V. UNITED STATES, 614 A.2d 11, 16-18 (D.C. 1992) "IF THE COURT FAILS TO MAKE ADEQUATE FINDINGS, THE CONVICTION MUST BE REVERSED OR REMANDED, NELSON V. UNITED STATES, 601 A.2d 582, 591-92 (D.C. 1991); BASS V. UNITED STATES, 580 A.2d 669 (D.C. 1990); SEE ALSO, MATTHEWS V. UNITED STATES, 459 A.2d 1063, 1064 (D.C. 1983)

MCFADDEN, SUGGEST THAT 'OUTRIGHT REVERSAL, RATHER THAN REMAND, IS REQUIRED IF THERE IS OBVIOUS PREJUDICE.

20/

MOORE V. UNITED STATES, 625 A. 2d 71, 74 (1996) —
(INQUIRY MUST BE TAILORED TO EXPLORE SPECIFICS
OF COMPLAINT.); STRICKLAND; MONROE-FARRELL,
SCOTT V. UNITED STATES, 619 A. 2d 917, 922 (D.C. 1993)

21/

MICKENS V. TAYLOR, 535 U.S. 162 (2002); STRICKLAND
V. WASHINGTON, 466 U.S. 668 (1984); UNITED STATES V.
TOLSON, 372 F. SUPP. 2d 1 (D.C. 2005) (SOME CLAIMS
OF INEFFECTIVE ASSISTANCE OF COUNSEL CAN BE RESOLVED
ON THE BASIS OF THE TRANSCRIPT AND PLEADINGS
ALONE, WITHOUT AN EVIDENTIARY HEARING.)


### Summary


STRICKLAND, REQUIRES A SHOWING THAT COUNSEL'S PER-
FORMANCE WAS 1) DEFECTIVE; PREJUDICES, AND WERE ERRORS SO
SERIOUS AS TO DEPRIVE THE DEFENDANT OF A FAIR TRIAL; WRIGHT
V. UNITED STATES, 717 A. 2d 304 (D.C. 1998) REQUIRES A SHOWING OF A
PROBABILITY OF A DIFFERENT OUTCOME RESULTING
FROM PREJUDICE. DEFENDANT IN HIS MOTION TO DISMISS,
AND IN THE ABOVE POINTS AND AUTHORITIES IN SUPPORT OF
THAT MOTION HAS CERTAINLY MET THE REQUIREMENTS OF
STRICKLAND AND WRIGHT, IN HIS SHOWING THAT MS
HARDEN FAILED TO PREPARE TO DEFEND DEFENDANT BY NOT
SEEKING OUT WITNESSES; THIS WOULD INCLUDE PERSONS
LIVING IN THE RESIDENCE WHERE HE LIVED; AND GETTING

15.

THE PHONE NUMBER TO ONE WITNESS WHO AT THE TIME OF
THE INCIDENT, WAS LIVING IN THE SHELTER AT 2nd & D ST.
N.W., AND HAD ONLY THREE MONTHS LEFT THAT HE WOULD
BE ALLOWED TO STAY AT THAT SHELTER, SO THAT BY
THIS TIME, ONE YEAR LATER, WHETHER HIS CELL PHONE
IS STILL ACTIVE. IS IN DOUBT SINCE THAT WITNESS
HAS NO JOB; AND HIS WHERE-ABOUTS WOULD CERTAINLY
BE UNKNOWN TO DEFENDANT BY THIS TIME; GETTING
THE PHONE NUMBERS FROM THE PROSECUTER TO SECURE
DOCUMENTARY EVIDENCE AS WELL AS TO LOCATE WITNESSES;
HER UNWILLINGNESS TO BRING TO THE ATTENTION OF THE
COURT AND CAUSE AN INQUIRY TO BE HAD CONCERNING THE
MISSING EVIDENCE, AS WELL AS ALL THAT WAS MENTIONED
IN DEFENDANTS MOTION TO DISMISS.

MONROE, STATES THAT THIS COURT HAD A CONSTITUTIONAL
DUTY TO CONDUCT AN INQUIRY OF DEFENDANTS ACCUSATIONS OF
INEFFECTIVE ASSISTANCE OF COUNSEL; SEE ALSO, FIELDS V. UNITED
STATES, 466 A.2d 822, 824 (D.C.), CERT. DENIED, 464 U.S.
998 (1983); BECAUSE THIS COURT FAILED TO MAKE ADEQUATE
INQUIRY BEFORE ASSIGNING NEW COUNSEL, IT CIRCUMVENTED
THE PREDICTABILITY OF RESULTING PREJUDICE AND JEOPARDY
TO DEFENDANT'S DEFENSE. CONSEQUENTLY, SUCH FAILURE
COULD VERY WELL CAUSE REVERSAL OF CONVICTION UNDER PLAIN
ERROR; BASS, MATTHEW, BECAUSE OF THE DEPTH AND SCOPE
OF THE PREJUDICE AND JEOPARDY, AS WELL AS THE
CONSTITUTIONAL VIOLATIONS THAT RESULTED, IT WOULD BE
JUST AND APPROPRIATE FOR THIS COURT TO DISMISS

THE PROSECUTION'S CASE WITH PREJUDICE WHERE 'OUTRIGHT
REVERSAL IS SURE TO ENSUE ON APPEAL. MC FADDEN.

BAR COUNSEL FOR THE
DISTRICT OF COLUMBIA

ANDRE DREW
v.
BRANDI J. HARDEN, PDS

RE: COMPLAINT
SUBJECT: INEFFECTIVE ASSISTANCE OF COUNSEL

THE FOLLOWING IS A TRUE COPY OF MY MOTION
TO DISMISSED FILED IN THE SUPERIOR COURT FOR
THE DISTRICT OF COLUMBIA, AND SENT TO THE
BAR COUNSEL AS A COMPLAINT OUTLINING AND
DETAILING THE NATURE AND CIRCUMSTANCES OF
MY COMPLAINT AGAINST BRANDI J. HARDEN OF THE
PUBLIC DEFENDER SERVICES AT 633 INDIANA AVE. N.W.
WASH. D.C. 20004.

PLEASE BE ADVISED THAT IT IS ENTENDED BY MR.
DREW THAT THE BAR COUNSEL CONSIDER THE ATTACHED
COPY OF HIS MOTION TO DISMISS AS HIS ORIGINAL
COMPLAINT TO THIS COUNSEL.

BE ADVISED THAT MS. HARDEN WAS SENT A COPY
OF SAME ON THE DATE SPECIFIED ON THE ATTENDING
CERTIFICATE OF SERVICE.

SUPERIOR COURT FOR THE
DISTRICT OF COLUMBIA


UNITED STATES,

       v.              CRIMINAL CASE NO. _____

ANDRÉ DREW

              HONORABLE JUDGE GARDNER


## MOTION TO DISMISS

THE ABOVE ENTITLED CASE WAS BROUGHT BEFORE THIS COURT ON DECEMBER 15, 2005, WHEREIN, AT THAT TIME, MS. BRANDI J. HARDEN, PDS, HEREIN-AFTER, MS. HARDEN, WAS ASSIGNED BY THIS COURT TO REPRESENT THE ABOVE NAMED DEFENDANT IN HIS CRIMINAL CASE.

ON DECEMBER 5, 2006, DEFENDANT APPEARED BEFORE THIS COURT FOR A STATUS HEARING, WHERE AT THAT TIME HE REQUESTED THE COURT TO REMOVE MS. HARDEN FROM HIS CASE AND TO APPOINT OTHER COUNSEL TO REPRESENT HIM.   DEFENDANT ALLEGED BEFORE THIS COURT THAT MS. HARDEN HAD BEEN INEFFECTIVE IN HER REPRESENTATION OF HIM, BUT WAS NOT PROVIDED A HEARING BY THE COURT WHEREBY A SUFFICIENT INQUIRY COULD BE MADE TO DETERMINE THE TRUTH AND SCOPE OF DEFENDANTS

2.

ALLEGATIONS. (SEE POINTS & AUTHORITIES AT #1)

BECAUSE MS. HARDEN'S CONDUCT HAS SIGNIFICANTLY PREJUDICED, AND PLACED INTO JEOPARDY DEFENDANT'S CASE AND ABILITY TO DEFEND HIMSELF, DEFENDANT WOULD REQUEST AT THIS TIME THAT ALL CHARGES AGAINST HIM BE DISMISSED. (SEE POINTS & AUTHORIES AT #2) BECAUSE PREJUDICE AND JEOPARDY TO THE DEFENSE IS INVOLVED, DEFENDANT SHOULD BE PROVIDED A HEARING THAT WOULD LOOK TO THE SCOPE OF HIS ALLEGATIONS WHERE SUCH PROCEEDING WOULD ALLOW MEANINGFUL APPELLATE REVIEW (SEE POINTS & AUTHORITIES AT #3), AND/OR IN MAKING A FINDING OF FACTS, DISMISS THE CASE (SEE POINTS & AUTHORITIES AT #4).

IN SUPPORT OF HIS MOTION, DEFENDANT WILL SHOW THAT:

1.) BETWEEN THE DATES OF DECEMBER 15TH AND 31ST, 2005, DEFENDANT'S APPOINTED COUNSEL, MS. BRANDI J. HARDEN, CONDUCTED AN INITIAL INTERVIEW WITH HIM WHERE ALLEGATIONS LENDING TO, AND CIRCUMSTANCES LEADING TO HIS ARREST WERE DISCUSSED. AT THAT INITIAL INTERVIEW, DEFENDANT ASKED MS. HARDEN TO GO TO HIS HOME AND RETRIEVE HIS CELL PHONE WHICH CONTAINED PHONE NUMBERS TO PERSONS WHO COULD PROVIDE DOCUMENTED EVIDENCE FOR HIS DEFENSE, AND/OR OTHERWISE WERE POTENTIAL WITNESSES:

A.) HIS EMPLOYER COULD HAVE PROVIDED RECORDS

OF THE HOURS DEFENDANT WORKED ON A DAILY
BASES FOR THE LENGTH OF HIS EMPLOYMENT WITH
THAT COMPANY;

B.) A POTENTIAL WITNESS WHO COULD PROVIDE
TESTIMONY ON HOW DEFENDANT SPENT HIS
WEEKENDS; BOTH AS EVIDENCE TO COUNTER
CERTAIN CLAIMS AND ALLEGATIONS MADE AGAINST HIM.

DEFENDANT ALSO, AT THAT TIME, REQUESTED THAT
THE RECREATIONAL COACH FOR ONE OF THE PROSECUTION
WITNESSES BE QUESTIONED OR INTERVIEW AS A POTENTIAL
WITNESS WHO COULD PROVIDE THE DAYS AND TIMES SUCH
WITNESS ATTENDED THE EMERY RECREATIONAL CENTER ON
LINCOLN RD. N.E., SUCH DAYS AND TIMES BEING THE
DAYS AND TIMES SUCH WITNESS WAS IN THE AREA OF
DEFENDANT'S HOME AND THE CENTER ITSELF. MS. HARDEN
DID NOT PERFORM THE ABOVE REQUEST AND DUTIES IN ALL
OF THE ELEVEN (11) MONTHS SHE WAS SUPPOSE TO REPRESENT
DEFENDANT. IN THAT SAME TIME PERIOD, MS. HARDEN
CAME TO THE D.C. JAIL AT 1901 D ST. SE., TO THE BEST
OF DEFENDANT'S REMEMBRANCE AND KNOWLEDGE, SIX (6)
TO EIGHT (8) TIMES AND NEVER ONCE MADE ANY ATTEMPT
TO DISCUSS OR MAKE ANY EFFORD TO DEVELOP A DEFENSE
IN DEFENDANT'S CASE.

2.) IN THAT SAME MONTH, COUNSEL'S INVESTIGATOR, MS.
LAKEESHIA AUSTIN, HEREINAFTER, MS. AUSTIN, CAME TO
D.C. JAIL TO INTERVIEW DEFENDANT, WHERE HE MADE

4.

THE SAME REQUEST TO HER THAT WAS MADE TO HIS COUNSEL AS STATED IN THE ABOVE (MS. AUSTIN WAS PRESENT DURING THE INITIAL INTERVIEW). MS. AUSTIN ADVISED DEFENDANT THAT INTERVIEWING THE COACH MENTIONED IN THE ABOVE, WOULD BE A WASTE OF HER TIME; AND THOUGH SHE SAID SHE WOULD GO BY DEFENDANT'S HOME TO GET HIS CELL PHONE, SHE NEVER DID. (SEE POINTS & AUTHORITIES AT #5)

IN ADDITION, THERE WERE TWO SETS OF PICTURES INVOLVED IN THIS CASE WHERE THERE WAS QUESTION AS TO WHERE THEY WERE TAKEN ( DEFENDANT ALLEDGING THAT THE PROSECUTION WITNESSES TOOK THE PICTURES THEMSELVES); DEFENDANT DIRECTED MS. AUSTIN TO A CONDEMNED APARTMENT BUILDING ADJACENT TO A B'S APARTMENT BUILDING WHERE HE THOUGHT WAS THE MOST LIKELY PLACE THE SECOND SET OF PICTURES WERE TAKEN ( THE SECOND SET WAS TAKEN IN VERY POOR LIGHTING, AND BEING UNAWARE OF THE IMPORTANCE OF LIGHTING IN TAKING PICTURES, IT WAS DEFENDANT'S INTENT TO SHOW THAT THE PICTURES WERE TAKEN BY INEXPERIENCED PERSONS); MS. AUSTIN WAS ASKED TO GO TO THAT BUILDING, TAKE PICTURES OF IT FROM THE OUTSIDE AS SUPPORT FOR HIS CONTENTION. DEFENDANT WAS TOLD BY MS. AUSTIN A SECOND TIME THAT TO TO WHAT HE HAD ASKED WOULD BE A WASTE OF HER TIME AND FILM.   ON YET A THIRD OCCASION HIS AUSTIN, SITTING IN FOR MS. HARDEN, ADVISED

5.

DEFENDANT THAT THE PROSECUTOR HAD OBTAINED
FLOPPY DISK FROM DEFENDANT'S STORAGE THAT
CONTAIN PRONOGRAPHY WHICH HE INTENDED TO USE AS
EVIDENCE WITH THE CONTENTION THAT DEFENDANT HAD
OBTAINED SUCH PRONOGRAPHY BY VISITING SUCH SITES
ON THE INTERNET. DEFENDANT ADVISED MS. AUSTIN
THAT HE HAD FOUND THE DISK, GAVE HER DIRECTION TO
THE LOCATION THEY WERE FOUND; TOLD HER THAT THERE
WERE MANY MORE DISK TO BE FOUND AT THE SAME
LOCATION; AND ASKED HER TO GO TO THE SITE, TAKE
PICTURES OF THE DISK AND WHERE THEY WERE AS A
MEANS TO COUNTER ANY ATTEMPT BY THE PROSECUTOR TO
MISLEAD A JURY IN THAT REGARD. THIS TOO MS.
AUSTIN FOUND TO BE A WASTE OF HER TIME AND
REFUSED TO DO WHAT WAS ASKED. (SEE POINTS &
AUTHORITIES AT #6)


3.) IN OR ABOUT JANUARY, 2006, MS. AUSTIN AGAIN
CAME TO THE JAIL TO OBTAIN DIRECTIONS FROM THE
DEFENDANT TO THE HOMES OF THE PROSECUTION'S
WITNESSES. IT EVENTUALLY TOOK MS. AUSTIN FOUR (4)
TO SIX (6) MONTHS TO LOCATE, INTERVIEW AND OBTAIN
STATMENTS (WHICH WERE VERY SKIMMPY AT BEST), FROM
THE PROSECUTION WITNESSES. (SEE POINTS & AUTHORITIES AT #7)
   AT THAT TIME, MS. AUSTIN ADVISED DEFENDANT THAT
THE PROSECUTOR HAD SUBPOENAED ALL HIS PROPERTY IN
HIS BROTHER'S POSSESSION, THAT INCLUDED HIS CELL

6.

PHONE. DEFENDANT, AT THAT TIME, ASKED MS. AUSTIN TO ASK MS. HARDEN TO GET THE NUMBERS FROM HIS PHONE, FROM THE PROSECUTOR SO THAT HE MAY GET IN TOUCH AND OBTAIN WITNESSES AND EVIDENCE.

WHEN NEXT MS. HARDEN VISITED DEFENDANT, SHE STATED THAT SHE HAD SPOKEN TO THE PROSECUTOR, AND THAT (ALLEDGELY), THE PROSECUTOR HAD FLATLY REFUSED TO LET HER GET THE NUMBERS FROM HIS CELL PHONE. WHETHER MS. HARDEN'S ALLEGATION THAT THE PROSECUTOR REFUSED TO PROVIDE DEFENSE INFORMATION IT NECESSARILY NEEDED TO CONTACT WITNESSES AND/OR TO OBTAIN EVIDENCE, WAS THE TRUTH OR MISS-INFORMATION SHE PROVIDED DEFENDANT IN AN ATTEMPT TO BACK DEFENDANT INTO A CORNER WHERE HE WOULD BE <u>FORCED</u> TO TAKE A PLEA FOR LACK OF ABILITY TO DEVELOP A VIABLE DEFENSE, THE COURT HAS TO DETERMINE IN A HEARING ON THE ISSUES HEREIN ESTABLISHED. DEFENDANT CAN STATE FOR THE RECORD THAT MS. HARDEN EITHER WAS NOT GIVEN SUCH INFORMATION BY THE PROSECUTOR, OR SHE NEVER ATTEMPTED TO OBTAIN IT. IF THE PROSECUTOR DENIED MS. HARDEN SUCH INFORMATION, THIS WAS CONDUCT AMOUNTING TO AND EFFECTIVELY CONSTITUTING "MALICIOUS PROSECUTION".

AS DEFENDANT'S COUNSEL OF RECORD AT THAT TIME, MS. HARDEN HAD A DUTY, TO DEFENDANT TO PROTECT HIS RIGHTS AND TO ENSURE ALL PROCEEDINGS WERE "FAIR", TO FILE A MOTION WITH THE COURT TO FORCE DISCOVERY SO AS

7.

TO ALLOW DEFENDANT TO OBTAIN FROM THE PROSECUTOR NUMBERS FROM HIS CELL PHONE THAT WAS IN THE PROSECUTOR'S POSSESSION, THAT WOULD ASSIST HIM IN DEVELOPING A DEFENSE. IF MS. HARDEN WILLFULLY DETERMINED NOT TO SEEK SUCH INFORMATION FROM THE PROSECUTOR, SHE DID SO FULLY AWARE OF THE PROSECUTOR'S INTEND AND EFFORTS TO FORCE A PLEA ON DEFENDANT, AND THEREBY WILLINGLY AND WANTONLY PARTICIPATED WITH THE PROSECUTOR IN CONDUCT AMOUNTING TO "MALICIOUS PROSECUTION." SUFFICE TO SAY, EITHER WAY, MS. HARDEN'S CONDUCT AS DISCRIBED FALLS WELL SHORT OF CONSTITUTIONAL MUSTER, AND GOES BEYOND JUST BEING INEFFECTIVE WHERE HER CONDUCT WAS INTENDED TO AID THE PROSECUTION IN OBTAING A PLEA IN DEFENDANT'S CASE. (SEE POINTS AND AUTHORITIES AT #8)


4.) IN THAT SAME MONTH (JANUARY), MS. AUSTIN CAME TO VISIT DEFENDANT AT D.C. JAIL, AND BROUGHT WITH HER COPIES OF EIGHT (8) PICTURES SHE ADVISED THAT THE PROSECUTOR INTENDED TO ENTER INTO EVIDENCE SHOULD THE CASE GO TO TRIAL.

NOTICING THAT EIGHTEEN (18) OUT OF THE TWENTY-SIX (26) PICTURES THAT WERE TURNED OVER TO THE INVESTIGATING DETECTIVE, AND WHICH WERE SHOWN TO DEFENDANT DURING QUESTIONING BEFORE HE WAS FORMALLY ARRESTED, DEFENDANT WAS ALARMED

8.

AND IMMEDIATELY ASKED MS. AUSTIN WHERE THE OTHER 18 PICTURES WERE, AND ADVISED HER THAT THE 18 MISSING PICTURES WERE VITAL TO HIS DEFENSE. MS AUSTIN THEN ADVISED DEFENDANT THAT THE 8 PICTURES SHE HAD COME WITH WERE THE ONLY PICTURES RECEIVED FROM THE PROSECUTOR ( WHILE DEFENDANT HAD AN INTEREST IN VIEW EVIDENCE TO BE USED AGAINST HIM, HE WAS LEFT WITH THE IMPRESSION THAT THE PICTURES WERE SHOWN TO HIM AS A COERCIVE MEASURE INTENDED TO PERSUAD HIM NOT TO GO TO TRIAL. THIS BECAUSE IT WAS NOT HER POSITION TO DISCUSS WITH DEFENDANT ISSUES PERTAINING TO COUNTERING THEIR ADMISSION INTO EVIDENCE WITH HIM. HOWEVER DAMAGING TO THE DEFENSE WITHOUT THE 18 MISSING PICTURES, SHE WOULD NOT BE REPRESENTING DEFENDANT AT TRIAL, AND THEREFORE, ANY DISCUSSING CONCERNING THEM SHOULD HAVE BEEN BETWEEN MS. HARDEN AND DEFENDANT ). DEFENDANT ADVISED MS. AUSTIN THAT WHERE THERE WAS AN ALLEGATION MADE THAT HE HAD OFFERED MONEY TO THE PROSECUTION WITNESSES TO INTICE THEM TO TAKE THE PICTURES, THAT THE WHOLE SET, I.E., ALL 27 PICTURES WERE VITAL TO HIS DEFENSE AGAINST THAT ALLEGATION IN THAT THE FIRST 18 PICTURES SHOWED:

PICTURE #1 — DB REACHES TO AB'S BEHIND GRABASSING

PICTURE #2 — AB RESPONDS BY GRABBING DB'S BEHIND

9.

PICTURE #1   THE TWO WITNESSES STANDING SIDE
             BY SIDE POSING FOR THE CAMERA FULLY
             CLOTHED;

PICTURE #2   DB REACHES TO AB'S BEHIND
             AND GRABS IT;

PICTURE #3   AB RESPONDS BY DOING THE SAME
             TO DB;

PICTURE #4   THE TWO BEGIN TO TUSSLE, EACH
             GRABBING AT EACH OTHER WHILE
             ATTEMPTING TO PREVENT THE OTHER
             FROM GRABBING;

PICTURE #5   SHOWS AB TAKING OFF DB'S SHIRT

PICTURES #6-18 SHOW VARIOUS STAGES OF UNDRESS
             OF THE TWO WITNESSES;

PICTURES 19-26 WHICH CONSTITUTE THE 8 PICTURES
             MS. AUSTIN SHOWED TO DEFENDANT, SHOW
             THE VARIOUS POSITIONS AND SEX ACTS
             THE TWO WITNESS PERFORMED ON EACH
             OTHER.

THE POINT DEFENDANT MADE TO MS. AUSTIN WAS
THAT ALL 27 PICTURES TOGETHER WERE NECESSARY
TO COUNTER THE ALLEGATION THAT HE HAD OFFERED
THE WITNESSES MONEY FOR THE PICTURES; THAT
THE PICTURE TOGETHER SHOW THAT THERE WAS
NO INITIAL INTENTION OF TAKING PICTURES THAT
WERE PORNOGRAPHIC IN NATURE, AND THAT THEY
WOULD COUNTER THAT ALLEGATION.   MS. AUSTIN LEFT

10.

STATING THAT SHE WOULD ADVISE MS. HARDEN ABOUT MY CONCERNS AND MAKE AN ATTEMPT TO OBTAIN THE MISSING 18 PICTURES. A FEW DAYS LATER DEFENDANT APPEARED BEFORE THIS COURT FOR PRELIMINARY HEARING WHERE HE ADVISED MS. HARDEN OF HIS CONCERNS ABOUT THE MISSING PICTURES (IT SEEMS MS. AUSTIN DID NOT CONVEY TO MS. HARDEN ALL THAT I HAD DISCUSSED WITH HER, AS MS. HARDEN SAID THAT MS. AUSTIN MENTIONED THEM, BUT DID NOT GO INTO DETAIL ABOUT HIS CONCERNS). DEFENDANT REPEATED HIS CONCERNS TO MS. HARDEN WHO ADVISED HIM THAT 'IT DIDN'T MATTER', THAT EVEN IF WHAT HE SAID WAS TRUE, THE MISSING 18 PICTURES WOULD NOT ADD HIS DEFENSE. DEFENDANT NONTHELESS INSISTED THAT SHE ATTEMPT TO OBTAIN THE MISSING PICTURES. SHE STATED THAT SHE WOULD SPEAK TO THE PROSECUTOR AND TRY TO GET THEM.

DURING THE PRELIMINARY HEARING, THE ARRESTING AND INVESTIGATING DETECTIVE TESTIFIED THAT HE HAD OBTAINED 27 PICTURES FROM THE MANAGER OF CUS AT 4TH AND RHODE ISLAND AVE. N.E., AND HAD TURN THEM ALL OVER TO THE PROSECUTOR. THOUGH DEFENDANT URGED MS. HARDEN, SHE REFUSED TO CALL INTO QUESTION IN CROSS-EXAMINATION OF THE DETECTIVE, THE WHEREABOUTS OF THE 18 MISSING PICTURES. (SEE POINTS & AUTHORITIES AT #9)

DURING HER NEXT VISIT TO DEFENDANT AT THE

11.

JAIL, MS. HARDEN ADVISED DEFENDANT THA THE PROSECUTOR HAD ADVISED HER THAT HE HAD RECEIVED ONLY THE EIGHT (8) PICTURES AND THEIR NEGATIVES THAT HE HAD GIVEN HER COPIES OF FROM THE DETECTIVE, IN NOVEMBER, 2006, MS HARDEN ADVISED DEFENDANT THAT SHE HAD SPOKEN TO THE INVESTIGATING DETECTIVE WHO HAD ADVISED HER THAT THE MISSING 18 PICTURES AND THEIR NEGATIVE HAD BEEN LOST BY HAM. (SEE POINTS & AUTHORITIES AT #10. ALL PICTURES AND THEIR NEGATIVES WERE GIVEN TO THE DETECTIVE IN ONE PACKAGE. IN THE VIDEO TAPE OF DEFENDANT BEING QUESTION BY THE INVESTIGATING DETECTIVE, IT CAN BE SEEN THE DETECTIVE SHOWING DEFENDANT THE PICTURES IN QUESTION, ALL OF WHICH WERE TOGETHER AT THAT TIME. THE DETECTIVE DURING QUESTIONING, AND AFTER VIEWING ALL 26 PICTURES HIMSELF, ASKED DEFENDANT IF A B WAS GAY — AN INDICATION THAT THE PICTURE DEPICT SOMETHING OTHER THAN THE CHARGES ALLEDGED WHEN VIEWED ALTOGETHER.

5.) IN THE MONTH OF MARCH, 2006, WHILE AWAITING TO GO BEFORE THE COURT FOR A STATUS HEARING, MS. HARDEN ADVISED DEFENDANT THAT THE PROSECUTOR HAD MADE A PLEA OFFER WHICH SHE THOUGHT HE SHOULD NOT ACCEPT; AND STATED HER DESIRE TO TAKE HIS CASE TO TRIAL. DEFENDANT AGREED, AND HAS FROM THAT POINT FORWARD, HAD DETERMINED AND FULLY EXPECTED TO SIT

12.

DOWN WITH MS. HARDEN AND BEING TO PUT TOGETHER A DEFENSE. DEFENDANT HAD AT THAT TIME EXPRESSEDLY STATED TO MS. HARDEN THAT HE HAD NO INTENTIONS ON PLEAING TO 'TRUMPED-UP' CHARGES AND/OR CHARGES FOR WHICH HE WAS NOT GUILTY OF, HOWEVER, AS THE MONTHS PASSED, MS. HARDEN NEVER TOOK THE TIME TO PREPARE A DEFENSE FOR TRIAL.

6.) MARCH/APRIL, 2006, MS. HARDEN ADVISES DEFENDANT DURING A VISIT AT D.C. JAIL, THAT THE PROSECUTOR HAD FOUND PICTURES HE DISCRIBED AS PRONOGRAPHIC OF ADOLESCENT BOYS IN THE FLOPPY DISK HE HAD OBTAINED FROM DEFENDANTS STORAGE; AND THAT HE HAD OBTAINED FROM THE INTERNET WEB SITE - YAHOO - RECORDS OF INSTANT MESSAGES DEFENDANT ALLEDGEDLY SENT TO ADOLESCENT BOYS, WHICH THE PROSECUTOR HAD INTENDED TO INTRODUCE INTO EVIDENCE AT TRIAL. DEFENDANT ADVISED MS. HARDEN THAT WHAT WAS ON THE FLOPPY DISK DID NOT CONSTITUTE PRONOGRAPHY BY LEGAL DEFINITION OR ACCORDING TO CASELAW ISSUED BY THE SUPREME COURT; AND THAT, AS TO THE INSTANT MESSAGES, THERE WAS NOTHING IN THOSE MESSAGES THAT WOULD REMOTELY SUGGEST THAT DEFENDANT HAD ATTEMPTED TO ARRANGE ANY MEETINGS FOR ANY PURPOSE WITH THOSE WHOM HE COMMUNICATED WITH IN THOSE MESSAGES, AND THEREFORE, THEY WOULD ADD NOTHING OF SIGNIFICANCE TO THE PROSECUTOR'S CASE AND THEREFOR WERE SUBJECT TO SUPRESSION. (SEE POINTS & AUTHORITIES AT. # 11)

13.

IN THE SAME MONTHS, MARCH/APRIL, MS. AUSTIN COMES TO THE JAIL TO ADVISE DEFENDANT THAT THE PROSECUTOR CLAIMED HE HAD FOUND IN THE MANY PICTURES ON THE FLOPPY DISK PICTURES OF ADOLESCENT BOYS BETWEEN THE AGES OF 9 - 13 YEARS OF AGE, POSING IN VARIOUS EXPLICIT SEX ACTS; STATING THAT SHE HAD SEEN SUCH PICTURES. A FEW DAYS LATER, MS. HARDEN SHOWS UP MAKING THE EXACT SAME STATMENTS. DEFENDANT ADVISED BOTH MS. AUSTIN AND MS. HARDEN THAT WHEN HE FOUND THE DISK, HE HAD VIEWED THEIR CONTENTS AND HAD FOUND NOTHING ON THEM THEY AND THE PROSECUTOR WERE CLAIMING WERE THERE, THAT IF THE PROSECUTOR HAD SUCH PICTURES, THEY CAME FROM HIS PERSONAL COLLECTION.

DEFENDANT AT THIS POINT BEGAN TO GET FRUSTATED THAT WITH EACH VISIT FROM MS. HARDEN AND MS. AUSTIN, THAT THEY WERE BASICALLY 'MESSENGERS OF DOOM', IN THAT THEY WOULD ASSERT WHAT THE PROSECUTION CLAIMED TO HAVE AS EVIDENCE, BUT THEY NEVER DISCUSSED HOW TO, OR WHAT WOULD BE NECESSARY TO COUNTER SUCH EVIDENCE. THAT EACH TIME DEFENDANT ASK TO SEE THOSE SPECIFIC PICTURES, AS WELL AS ALL OTHER EVIDENCE, HE WAS GIVEN THE EXCUSE THAT THERE WAS TOO MUCH TO BRING TO THE JAIL; (SEE POINTS AND AUTHORITIES AT #12).

7.) ON NOVEMBER 20, 2006, MS. HARDEN CAME TO THE THE JAIL TO ADVISE DEFENDANT THAT SHE INTENDED

14.

TO HAVE HIS TRIAL DATE SET OFF FROM DECEMBER 6, 2006, TO APRIL 10, 2006. AT THAT TIME, DEFENDANT AGAIN ASKED MS. HARDEN TO OBTAIN PHONE NUMBERS FROM HIS CELL PHONE WHICH WAS IN THE PROSECUTOR'S POSSESSION.

AGAIN SHE STATED THAT SHE WOULD TALK TO THE PROSECUTOR AND ATTEMPT TO OBTAIN THE NUMBERS.

SHE LEFT THE JAIL LEAVING DEFENDANT WITH THE IMPRESSION THAT HE AND SHE WERE FINIALLY GOING TO SIT DOWN AND HAMMER OUT A DEFENSE FOR HIM.

THIS AFTER WAITING ELEVEN (11) MONTHS FOR THIS TO OCCUR. HOWEVER, WHEN MS. HARDEN CAME BACK TO THE JAIL ON NOVEMBER 30, 2006, INSTEAD OF BRINGING DEFENDANT THE PHONE NUMBERS HE REQUESTED, SHE BROUGHT HIM FAKED COPIES OF A PLEA OFFER SHE SAID THE PROSECUTOR HAD SENT HER JUST BEFORE SHE CAME TO THE JAIL. THAT SHE THOUGHT WAS GOOD AND THAT I SHOULD ACCEPTED IT, LEFT HIM TO READ THE PLEA WHICE SHE TALKED TO ANOTHER CLIENT. IT APPEARING, AFTER READING THE PLEA OFFER, THAT MS. HARDEN, INSTEAD OF ATTEMPTING TO GET FROM THE PROSECUTOR THE PHONE NUMBERS HE REQUESTED, NEGOTIATED A PLEA WHICH HAD TO ENTAIL GIVEN THE PROSECUTOR CERTAIN INFORMATION DEFENDANT HAD TO SHOW THAT PROSECUTION WITNESSES WERE MAKING FALSE ALLEGATIONS ABOUT CERTAIN SEX ACTS DEFENDANT WAS ALLEDGED TO HAVE PERFORMED ON

15.

THEM, THIS INFORMATION WAS AN IMPORTANT ELEMENT IN DEFENDANT'S DEFENSE THAT WOULD EFFECTIVELY COUNTER SUCH ALLEGATIONS. MS. HARDEN NEGOTIATED THE PROFFED PLEA WITHOUT DEFENDANT'S KNOWLEDGE, OR CONSENT. (SEE POINTS & AUTHORITIES AT #13) WHEN DEFENDANT REFUSED TO ACCEPT THE PLEA OFFER, MS. HARDEN GOT ANGRY AND ATTEMPTED TO COERCE HIM INTO ACCEPTING THE PLEA BY ARGUING THAT HE WOULD LOSE AT TRIAL. DEFENDANT ADVISED HER AT THAT TIME THAT IF SHE DID NOT FEEL COMPETENT ENOUGH TO TAKE HIS CAUSE TO TRIAL, THAT SHE SHOULD HAVE SAID SO LONG AGO AND THAT SHE SHOULD WITHDRAW FROM THE CASE.

8:) TO DATE, THERE HAS BEEN THREE (3) TRIAL DATES SET IN THIS CASE OVER A PERIOD OF ELEVEN (11) MONTHS, WHERE, UP TO THE DATE DEFENDANT MOTIONED THIS COURT TO REMOVE MS. HARDEN FROM HIS CASE, MS. HARDEN HAS/HAD PLENTY OF TIME TO EITHER DEVELOP A DEFENSE OR ADVISE DEFENDANT THAT SHE WAS NOT UP TO THE TASK. CONSEQUENTLY, SHE WAS NOT PREPARED TO GO TO TRIAL ON THE FIRST AND SECOND TRIAL DATE, AND CERTAINLY WOULD NOT HAVE BEEN PREPARED ON APRIL 10, 2006 AS HER CONDUCT AND ACTIONS MENTIONED IN THE ABOVE SO CLEARLY ESTABLISH. AS A CONSEQUENCE OF HER UNPROFESSIONAL AND WANTON NEGLIGENCE,

16.

DEFENDANT'S ABILITY TO DEFEND HIMSELF HAS BEEN SIGNIFICANTLY PREJUDICED AND JEOPARDIZED, THAT EVEN WITH THE APPOINTMENT OF NEW COUNSEL, IT REMAINS TO BE IMPOSSIBLE TO BE ABLE TO RECEIVE A 'FAIR' TRIAL. HAVING BROUGHT HIS CONCERNS TO THE ATTENTION OF THE COURT ABOUT HIS DESIRE TO HAVE MS. HARDEN REMOVED FROM HIS CASE, THE COURT DID NOT SEEK A FULL AND ADEQUATE REVIEW TO DISCOVER ALL THE FACTS AND ISSUES SURROUNDING DEFENDANT'S REQUEST FOR THE REMOVAL OF MS. HARDEN FROM HIS CASE. (SEE POINTS & AUTHORITIES AT 14)

## Conclusion

DEFENDANT, ANDRE' DREW WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BASED ON EACH REFERENCED FAILURES AND MISCONDUCT OF COUNSEL WHICH HAD THE CONSEQUENCE OF PREJUDICE AND JEOPARDY TO AN EFFECTIVE DEFENSE AND A FAIR TRIAL.

DEFENDANT RESPECTFULLY REQUEST A FULL HEARING ON DEFENDANT'S ALLEGATION OF INEFFECTIVENESS OF COUNSEL UNDER MATTHEW v. UNITED STATES, 639 A.2d 1185 (D.C. APP. 1993) AND STRICKLAND v. WASHINGTON, 466 U.S. 668 (1984); OR IN THE ALTERNATIVE, THAT ALL CHARGES AGAINST HIM BE DISMISSED ON THE MERITS OF THIS MOTION.

17.

RESPECTFULLY SUBMITTED,

1901 D ST. SE. WASHINGTON, D.C.
2003

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT A TRUE COPY OF THE FOREGOING MOTION TO DISMISS WAS MAILED, POSTAGE PREPAID, THIS _____ DAY OF _____, 2007, AND MAILED TO THE UNITED STATES ATTORNEY'S OFFICE, CRIMINAL DIVISION - FELONY BRANCH, 555 4TH ST., N.W., WASH., D.C. 20001

ANDRE DREW PRO-SE