UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 07-007 (GK) |
| | ) | |
| ANDRE DREW | ) | |
|     Defendant. | ) | |

**MOTION FOR NEW TRIAL AND INCORPORATED STATEMENT OF
POINTS AND AUTHORITIES**

Andre Drew, by and through undersigned counsel, hereby respectfully moves this Court, pursuant to FED. R. CRIM. PRO. 33 for a new trial on Counts One and Two.  Mr. Drew respectfully requests a hearing on this Motion.  In support of this Motion, Mr. Drew states the following:

I. **BACKGROUND**

Mr. Drew's trial was held from May 7 through May 10, 2007 before a jury and this Court on a four-count grand jury indictment that charged Mr. Drew with the following crimes: Enticing a Minor to Engage in Sexual Conduct for the Purpose of Production, in violation of 18 U.S.C. §2251(a) (Count One), First Degree Child Sexual Abuse, in violation of 22 D.C. Code § 3008 (2001 ed.) (Counts Two and Three), and Second Degree Child Sexual Abuse, in violation of 22 D.C. Code § 3009 (2001 ed.) (Count Four).  On May 15, 2007, the jury found Mr. Drew guilty of Counts One and Counts Two and hung on Counts Three and Four.

II. **MR. DREW RESPECTFULLY REQUESTS A NEW TRIAL ON COUNTS ONE AND TWO.**

FED. R. CRIM. PRO. 33(a) states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Mr. Drew respectfully submits that the interests in justice mandate that he be granted a new trial for the counts of which

1

he was convicted for two compelling reasons. First, the government failed to establish the identity of the complaining witness alleged to be involved in the conduct described in Count Two. Second, the government's non-excusable loss of the photographic evidence in this case deprived Mr. Drew the right to a fair trial. For these reasons, which are further detailed below, Mr. Drew respectfully requests that this Court reject the guilty verdicts by the jury with regard to Counts One and Two; or in the alternative, grant him a new trial.

**A. In Count Two of the indictment, the government alleged that Mr. Drew committed first degree sexual abuse by causing one minor to engage in sexual conduct with another minor, A.B.; however, the government failed to prove the identity of A.B. during the trial.**

The government's failure to prove the identity of a complaining witness, who forms the basis for the charge, should have precluded the jury's guilty finding on Count Two. Count Two in the indictment reads as follows:

> Between on or about October 1, 2005, and on or about December 9, 2005, the exact date being unknown to the Grand Jury, Andre Drew (emphasis in original), being more than four years older than D.B., a child under 16 years of age, that is, 12 years of age, caused that child to engage in a sexual act, that is, caused D.B. to place his mouth on the penis of A.B., a 13-year-old male. (First Degree Child Sexual Abuse, in violation of 22 D.C. Code [§§] 3008 (2001 ed.)).

During the trial in this matter, the government did not call A.B. as a witness. The government did not present any proof as to A.B.'s identity during its case-in-chief, thus this constitutes a fatal variance between the indictment and proof at trial. *See Williams v. The United States*, 3 App.D.C. 335 (D.C. 1894). The *Williams* Court faced an issue presented by the appellants with regard to variance between the name "Delia" written in the indictment and "Dellie" the name testified to during trial. The Court rejected the appellant's argument, stating that "there is no legal variance between different names that are the same in sound." *Id*.

However, this Court cannot ignore the "requirement of law, that the allegations and proofs in cause should be conformable each to the other, and that there should be no variance between them." *Id*. In the case at bar, the government did not merely make a slight miscalculation in the names of a witness as the government did in *Williams*. Instead, the government failed to present any identification evidence of A.B. whatsoever. D.B.'s testified that he engaged in sexual acts with a young boy named "Angel;" however, not once during the trial did the government elicit testimony from any of its witnesses, including D.B., as to what "Angel's" last name was.

Thus there is absolutely no proof on the record that the "A.B." referred to in the indictment is the "Angel" to whom D.B. referenced. Nothing on the record reveals that "Angel's" last name begins with the letter "B." Therefore, Mr. Drew respectfully submits that the jury's guilty finding with regard to Count Two should either be rejected, or in the alternative, that this Court should grant him a new trial, pursuant to the interest in justice.

**B. The government's loss of certain photographic evidence violated Mr. Drew's right to a fair trial.**

In addition to the government's failure to prove the identity of one of its principal complaining witnesses in Count Two, Mr. Drew, respectfully submits that the government's negligent storage and subsequent *loss* of photographic evidence in this case warrants a new trial. There were 26 photos, allegedly taken by Mr. Drew and recovered from the CVS pharmacy. Prior to trial, Mr. Drew demanded on numerous occasions as to the whereabouts of the photographs. However, at the time of trial, the government only had six negatives and approximately 10 photographs, and could offer no explanation as to the whereabouts of the remaining photographs.

The content of the lost photographs contained potentially exculpatory evidence. Furthermore, Mr. Drew, along with every criminal defendant, has a constitutional right to a fair trial.  *See* U.S. CONST. amends. XIV, VI.  The government's inexplicable loss of the photographs in this case deprived Mr. Drew of his fundamental right to a fair trial.  Certainly, granting Mr. Drew a new trial for this reason is in the interest of justice.  For this reason, Mr. Drew respectfully requests that the Court grant him a new trial on Counts One and Two.

### III. CONCLUSION

**WHEREFORE**, Mr. Drew respectfully requests this Court to dismiss the guilty verdicts on Counts One and Two, or in the alternative, grant him a new trial.  Mr. Drew respectfully requests a hearing on this Motion.

Respectfully submitted,

**SCHERTLER & ONORATO, L.L.P.**

_____/s/_____
Danny Onorato (D.C. Bar No. 480043)
Michael Starr (D.C. Bar No. 461773)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, D.C.  20004
202-628-4199 *telephone*
202-628-4177 *facsimile*

*Counsel for Andre Drew*

## **CERTIFICATE OF SERVICE**

I hereby certify that copies of was served electronically, on this 29th day of May 2007, to the following:

Julieanne Himelstein
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, NW
Washington, D.C.  20001
(202) 514-8203 (tel.)
(202) 305-8537 (fax)
julieanne.himelstein@usdoj.gov

_____/s/_____
Danny Onorato

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                              ) | CRIMINAL NO. 07-007 (GK) |
| ) | |
| ANDRE DREW                            ) | |
|     Defendant.                      ) | |

## PROPOSED ORDER

**BASED UPON** Defendant Andre Drew's Motion for a New Trial and statements and the authorities cited therein; and having considered any response to that Motion and being otherwise fully advised, this Court:

**ORDERS**, that said Motion be, and the same hereby is, **GRANTED**;

**ORDERED** in chambers at the United States District Courthouse, this ___ day of _____, 2007.

_____
Honorable Gladys Kessler
United States District Court Judge

cc:    Counsel of Record