UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, :
:
v. : Criminal No. 07-007 (GK)
:
ANDRE DREW, :
:
Defendant. :

FILED
JUL 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

The Defendant, Andre Drew, was indicted in January 2007, by a federal grand jury on four counts: Enticing a Minor to Engage in Sexual Conduct for the Purpose of Production, in violation of 18 U.S.C. Section 2251(a) (Count One); two counts of First Degree Child Sexual Abuse, in violation of 22 D.C. Code, Section 3008 (Counts Two and Three); and one count of Second Degree Child Sexual Abuse, in violation of 22 D.C. Code, Section 3009 (Count Four). Following a jury trial, the Defendant was convicted of Counts One and Two. The jury was not able to reach a unanimous verdict on Counts Three and Four. On May 29, 2007, the Defendant filed a Motion Seeking a New Trial. Upon consideration of the Motion, the Opposition, and the entire record, the Court concludes that the Motion must be **denied**.

I.      **Defendant's Motion is Untimely**

Under Rule 33 of the Federal Rules of Criminal Procedure, a motion for new trial, on grounds other than newly discovered evidence, must be filed within seven days after the guilty verdict, unless the Defendant seeks an extension of time (within those seven days) in which to file such a motion. The Defendant was convicted on May 15, 2007. The seventh business day after that date was May 24, 2007. No motion for an extension of time was filed. The motion for a new trial

was filed, according to both the certificate of service and ECF, on May 29, 2007. Consequently, the Motion must be denied for failing to comply with Fed. R. Crim. P. 33(b)(2).[1]

## II.    The Identification of A.B. Is Not an Essential Element of Count Two

The Defendant argues that the Government failed to prove the identity of A.B., who he refers to as "the complaining witness." Therefore, the Defendant argues, the Government failed to establish an essential element of the crime alleged in Count Two.

A careful reading of Count Two demonstrates that the complaining witness is in fact D.B. -- not A.B. D.B. is the child who the Defendant "caused . . . to engage in a sexual act, that is caused D.B. to place his mouth on the penis of A.B. . . . ." As the Government notes in its Opposition, it was not required to prove the identity of the recipient of the sexual act. There may be two victims of the Defendant's criminal conduct -- both D.B. and A.B. -- but the indictment is worded in such a way to clearly show that the complaining witness in Count Two is D.B. Thus, there was no need for the Government to either call A.B. as a witness or present any proof as to his identity during its case in chief.

Moreover, the Defendant cannot claim any prejudice from this failure. The Government disclosed A.B.'s full name and identifying information to Defendant's first counsel, who then provided it to his second counsel. On March 1, 2006, the Government made a written <u>Brady</u> disclosure regarding A.B., and on July 12, 2006, disclosed A.B.'s full name and address. On August 21, 2006, the Government made additional disclosures about A.B. and even corrected the spelling of his first name. Finally, photographs were admitted into evidence which depicted A.B. and D.B. engaged in sexual acts in the Defendant's room at 135 P Street, N.W. Some of those photographs

---

[1]    Significantly, no reply to the Government's Opposition was filed.

showed the very sexual act which was alleged in Count Two of the Indictment. In short, there was no doubt that A.B. was identified at trial and that defense counsel knew his identity long before trial.

**III.   Defendant Has Failed to Show that the Government Lost Exculpatory Evidence**

Defendant alleges that the Government negligently stored and lost photographic evidence which contained potentially exculpatory evidence. This argument is without merit. The Court admitted into evidence 10 photographs of D.B. engaging in sexual acts with A.B. The Government presented the testimony of the CVS photographic technician and her supervisor who worked at the CVS store where the photographs in question were processed and developed. The technician testified that some of the negatives had been destroyed by the processing machine, and she explained how that occurred. Her supervisor testified that those pictures and negatives which were admitted into evidence were the only items that he received from the technician, that he later gave them to his supervisor, and that he was present when those pictures and negatives were given to the police. These two witnesses had absolutely no reason to lie, were totally credible, and were not in any way impeached during cross-examination. Neither one of them suggested in their testimony that any photographs had been destroyed or not turned over to the Government. To the contrary, both witnesses testified that the processing machine had malfunctioned and that that was the explanation for the absence of certain photographs on the strip of negatives.

Finally, there is absolutely no reason to conclude that any missing photographs would have been exculpatory. That would be pure speculation, especially in light of the explicit photographs showing D.B. and A.B. engaged in sexual acts in the Defendant's room at 135 P Street, N.W. that were produced from the strip of negatives.

Therefore, Defendant has failed to show that additional photographs existed, that they were lost, or that they were exculpatory.

For all these reasons, the Motion for New Trial must be **denied**.

July 16, 2007

*/s/ Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**