IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Cr. No. 00-007-001 |
| v. ) | Judge Gladys Kessler |
| ANDRE DREW ) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Andre Drew, through undersigned counsel, respectfully submits this memorandum in aid of sentencing. We respectfully request that the Court, after considering the relevant factors as set forth in 18 U.S.C. § 3553, sentence Mr. Drew to the statutory mandatory minimum of 25 years. The reasons supporting our request are set forth below.

### I. PROCEDURAL BACKGROUND

Andre Drew was convicted of enticing a minor to engage in sexual contact in violation of 18 U.S.C. §2251(a) and first degree child sexual abuse in violation 22 D.C. Code §3008. The first charge alleges that Mr. Drew enticed a minor, A.B., to take sexually explicit photographs. The second charge alleges that Mr. Drew caused two minors A.B. and D.B. to engage in sexual acts. The jury could not reach a verdict on two other counts. Mr. Drew plans to appeal his conviction.

### II. ADVISORY GUIDELINE LEVEL

Mr. Drew respectfully submits that the presentence report writer has incorrectly increased his base offense level under the grouping provisions of 3D1.4 for Multiple Counts for three victims. The base offense level for Count 1 takes into account of Mr. Drew's alleged conduct.

Count one only refers to D.B and count two refers to A.B. and D.B. The conduct alleged in count one is the same conduct alleged in count two. As such, Mr. Drew submits that it is improper to group the conduct.

In addition, Mr. Drew objects to inclusion of any grouping with respect to T.S. 3D1.1(a) makes clear that the grouping rules apply only to situations where a defendant has been "convicted."

In sum, Mr. Drew's correct base offense level should be fixed at 36, with a criminal history of IV. As such, the guidelines call for a sentence of between 262-327 months. The Court must impose a sentence of 300 months or 25 years pursuant to the statute. Count Two requires that the Court sentence Mr. Drew to 7 years of incarceration. It would be appropriate to group the convictions with respect to those two victims *only* if the Court were to run any prison sentence concurrently. If the Court were to group the convictions, there is only one additional victim that must be accounted for as D.B is named in both counts involving the same conduct. As such, his base offense level must be fixed at 37, criminal history IV, with a range of 292-365 months. Thus, a sentence of 25 years, or 300 months, would be acceptable under the advisory guideline calculation.

## III. SENTENCING UNDER *BOOKER*

As the Court is well aware, the Sentencing Guidelines are no longer mandatory. They are merely advisory because of the Supreme Court's holding in *United States v. Booker*, 125 S. Ct. 738, 756 (2005). Under *Booker*, sentencing courts must treat the advisory Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a). Those factors are:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the kinds of sentences available;
3) the need to avoid unwarranted sentence disparities among defendants with similar

   records who have been found guilty of similar conduct; and
4) the need to provide restitution to any victims of the offense.

A. **Application of the Statutory Sentencing Factors to the Facts of Mr. Emor's Case**

In applying the §3553 statutory factors to Mr. Drew's case, a sentence below the guideline range is a just result in this matter given: (1) the lengthy mandatory minimum term of incarceration that Mr. Drew must serve, (2) Mr. Drew's age and (3) the abuse and difficult upbringing that Mr. Drew endured..

   1. **The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Drew Warrant a Sentence to the Mandatory term of Below the Guidelines In This Case**

While we recognize that the allegations in this case are quite serious, we would ask the Court to consider the circumstances involving Mr. Drew's upbringing in fashioning a sentence in this matter. In the presentence report, it is clear that Mr. Drew was himself sexually abused as a young boy. There is no doubt that his upbringing and the sexual abuse that he suffered contributed to his own criminal record and history. While not an excuse or justification for his conduct, it is clear that Mr. Drew was not raised in a caring or nurturing environment which contributed substantially to his criminal history. A sentence of 25 years, given Mr. Drew's age, is tantamount to a life sentence.

**2.    A Sentence of 25 Years Will Reflect the Seriousness of the Offense, Promote Respect for the Law, and Serve as Adequate Deterrence.**

Andre Drew is 57 years old, we respectfully submit that a sentence of 25 years will send a strong message to Mr. Drew and to the community at large that the offense is serious and will promote respect for the law. Moreover, given the mandatory minimum nature of the sentence, there is no doubt that a message of both specific and general deterrence will be served by a term of 25 years.

**3.    The Need to Avoid Sentencing Disparities**

A term of 25 years will not result in any sentence disparities. Indeed, we submit that prosecution in this Court as opposed to the Superior Court has yielded a much higher sentence than many other offenders.

**4.    The Remainder of the § 3553 Factors Warrant a Sentence of 25 Years of Incarceration**

We respectfully submit that the remainder of the § 3553 factors also support a sentence of 25 years of imprisonment. Mr. Drew would be approximately 80 years old when he is eligible for release. Thus, there is little risk that he would pose a danger to anyone in the community at that age. Moreover, a sentence to the mandatory minimum time would give Mr. Drew adequate time to be treated for mental and psychological problems that he is suffering from.

For all of these reasons, we submit that the factors set forth in 18 U.S.C. § 3553 a sentence of the mandatory minimum term of 25 years.

**WHEREFORE,** for all the reasons set forth above, Defendant Andre Drew asks this Court to impose a sentence of 25 years upon him.

Date: September 4, 2007                     Respectfully submitted,

SCHERTLER & ONORATO, L.L.P.


_____/s/_____
Danny C. Onorato (#460043)
Michael Starr
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177